JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - -  X
                                  :
UNITED STATES OF AMERICA          :   INDICTMENT
                                  :
         - v. -                   :   19 CRIM 521
                                  :
PETER BRIGHT,                     :
                                  :
         Defendant.               :
                                  :
- - - - - - - - - - - - - - - -  X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-16-2019

**COUNT ONE**

**(Attempted Enticement of a Minor to
Engage in Illegal Sexual Activity)**

The Grand Jury charges:

1. From on or about April 18, 2019 up to and including on or about May 22, 2019, in the Southern District of New York and elsewhere, PETER BRIGHT, the defendant, willfully and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, BRIGHT used computers and/or telephones to communicate with an undercover FBI agent about arranging to engage in sexual activity with a purported nine-year old boy and a seven-year old girl, and attempted to meet with the boy and girl to engage in sexual activity, in violation of New York Penal Law Sections 130.25(2), 130.30(1), 130.35(3),

130.55, 130.60(2), and 130.65(3) and (4).

(Title 18, United States Code, Sections 2422(b) and 2.)

## FORFEITURE ALLEGATION

2. As a result of committing the offense alleged in Count One of this Indictment, PETER BRIGHT, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Asset Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 2253 and 2428;
Title 21, United States Code, Section 853; and Title 28, United
States Code, Section 2461.)

_____  7/16/19
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

PETER BRIGHT,

                Defendant.

---

INDICTMENT

19 Cr.

(18 U.S.C. §§ 2422 and 2.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]* 7/16/19
Foreperson

---

7/16/19  Filed Indictment
Case assigned to Judge Castel

USMJ Fox