JAITBRIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                           19 CR 521 (PKC)

PETER BRIGHT,

          Defendant.

------------------------------x

                                    New York, N.Y.
                                    October 18, 2019
                                    2:05 p.m.

Before:

                 HON. P. KEVIN CASTEL,

                               District Judge

                      APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
ALEXANDER LI
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
AMY GALLICCHIO
ZAWADI BAHARANYI

JAITBRIC

1              (Case called)

2              MR. LI:  Good afternoon, your Honor, Alexander Li for
3     the government.

4              THE COURT:  And for the defendant?

5              MS. GALLICCHIO:  Good afternoon, your Honor, Federal
6     Defenders of New York by Amy Gallicchio and Zawadi Baharanyi
7     for Mr. Bright, who is present.

8              THE COURT:  Good afternoon to you all.  So today was
9     the day for defense counsel to advise whether there are any
10    motions you wish to make in the case.

11             MS. GALLICCHIO:  Yes, your Honor, we do intend to file
12    a motion to suppress statements, and that's it at this point.

13             THE COURT:  All right.  And what's the basis for
14    moving to suppress?

15             MS. GALLICCHIO:  So your Honor, there will be two
16    bases, one would be Fifth Amendment.  There are two sets of
17    statements.

18             THE COURT:  What happened?

19             MS. GALLICCHIO:  So when Mr. Bright was arrested he
20    was placed in a police car, and in that car there were
21    questions and conversations and there was no Miranda.

22             THE COURT:  All right.  Well, let me find out from the
23    government whether the government is planning on using any of
24    those statements.

25             MR. LI:  Your Honor, at this time we do not plan to

1   use any of the statements that were made in the vehicle prior
2   to defendant being Mirandized.  I will note that the
3   conversation in the car was not, in our view, any kind of
4   interrogation, it was a conversation between the agents and the
5   defendant, and the agents repeatedly did tell the defendant
6   that he would have an opportunity to make a full statement at
7   the station.
8            THE COURT:  But the point is you're not planning on
9   using this at trial.
10           MR. LI:  At this time we do not plan to use any of
11  those statements that were made in the car.
12           THE COURT:  Well, when you say "at this time," do I
13  get a different answer next week?  How does this work here?
14  What do you mean "at this time?"
15           MR. LI:  Well, your Honor, I guess I would say that
16  given --
17           THE COURT:  I'm trying to -- this has a real world
18  consequence.  Am I going to have a supression hearing as an
19  academic exercise because the government is unable to commit
20  one way or the other?  That's the question.
21           MR. LI:  I understand, your Honor.  I think the
22  defense is going to make a supression motion with respect to
23  the statements made in the station house.
24           THE COURT:  We're not up to that.
25           MR. LI:  Your Honor, we do not intend to use the

1    statements made in the vehicle.

2             THE COURT:  So there you go.

3             MS. GALLICCHIO:  That's that.

4             So your Honor, after he's brought to the station, he
5    is Mirandized, but it is our position that he invokes, and I
6    think it will be a question of whether it was an invocation.
7    But he does make a statement that he would like to have -- what
8    he says is in an ideal world I would have a lawyer here before
9    questioning, so we would be making a Sixth Amendment argument.

10            THE COURT:  And is your client putting in an affidavit
11   on this or where does this come from?

12            MS. GALLICCHIO:  Well, it comes from the face of the
13   statement itself, from the video.  I observed the video.

14            THE COURT:  It's on the video?

15            MS. GALLICCHIO:  It's on the video, yes.

16            I don't think I need much time to file.  It's a very
17   straightforward motion.  I could do that relatively quickly.
18   We would like to have a court date relatively soon.  What we
19   had discussed, based on our schedules, just from our schedules,
20   would be a January trial date.  I would suggest the week of
21   January 21st.

22            THE COURT:  You're not even the first person today to
23   suggest that.  Yes, absolutely.  Should have been here 10:30
24   this morning.  But I do have an opening on my trial calendar
25   for Monday, November 18, at 10:00 a.m.

1  MS. GALLICCHIO:  That might be a little soon.  That's
2  a little soon.  It's a little soon, Judge, to prepare.  We also
3  just received his phone from the government a couple weeks ago
4  and we're still reviewing the discovery, so I'm not going to be
5  ready that soon.
6  THE COURT:  It's a month away.
7  MS. GALLICCHIO:  I know.  If this were my only case --
8  THE COURT:  The problem is I'm in Part I in January, I
9  have another trial -- actually the trial starting January 21,
10 and I have another one starting February 3.
11 MS. GALLICCHIO:  I don't suspect it will take more
12 than a week, if that.  I think a week.
13 THE COURT:  And one starting March 30, and I will be
14 out of the district at a conference before that.  I have
15 another one starting April 6.  So that's my problem here.  And
16 if it's my problem, it's your problem.  I have two weeks in
17 Part I in January.  How about December 9 at 10:00 a.m.?
18 MS. GALLICCHIO:  Sure.
19 THE COURT:  Does that work for the government?
20 MR. LI:  Yes, your Honor.
21 THE COURT:  Let me just see, I have a bench trial that
22 week, a three-day bench trial that's been scheduled for quite
23 some time.  Let's see, it may have to be sooner than that.  I
24 can do it December 2nd.
25 MS. GALLICCHIO:  I'm worried the closer we got, your

1   Honor, I have a lot of conflicting matters and some time away
2   that I can't change for a medical reason.  So is there anything
3   in February that the Court could do?
4           THE COURT:  I went through my trial schedule until
5   April.  I already told you I have a trial starting
6   February 3rd.
7           MS. GALLICCHIO:  I understand that, your Honor, but is
8   that a lengthy trial?  Could we do it after that?
9           THE COURT:  So what was the answer on December 2nd?
10  Because I didn't really -- I don't think you really answered my
11  question but you're posing one to me.
12          MS. GALLICCHIO:  Sorry, your Honor I'm not trying to
13  be difficult, it's --
14          THE COURT:  I understand, but I did ask you a question
15  and I'm getting a question back from you instead of an answer.
16          MS. GALLICCHIO:  That's not enough time, your Honor.
17          THE COURT:  Not enough time.  Tell me what the period
18  of time you need to prepare for trial.
19          MS. GALLICCHIO:  So your Honor --
20          THE COURT:  First of all, when were you retained on
21  this case?
22          MS. GALLICCHIO:  I was appointed on this matter, your
23  Honor.  It's a question of reviewing the discovery with my
24  client, who is in custody.  So there is a great deal of
25  discovery that we review with him together in custody.  He's at

JAITBRIC

1   the MCC.  Because of the nature of in the case, he does not
2   want to retain this discovery at the jail, so we have to go and
3   review it with him.
4              As the Court is well aware, getting into the MCC is
5   not always an easy task.  And we did receive, your Honor, from
6   the government, his cell phone on September 27th, which is a
7   large volume of data.  So I have already begun, I had one
8   meeting with him where I brought the discovery there, reviewed
9   the cell phone.  There's a lot of data on there that we believe
10  is exculpatory that we would like to use in this trial.  So it
11  will take us some time to sort through that, and I just don't
12  know in a month whether we can do that.
13             THE COURT:  How long does the government think this
14  trial is?
15             MR. LI:  We think it will be less than a week, your
16  Honor.
17             THE COURT:  February 10 at 10:00 a.m.  Any objection
18  from the defendant?
19             MS. GALLICCHIO:  No, your Honor.
20             THE COURT:  Thank you.
21             MS. GALLICCHIO:  Thank you.
22             THE COURT:  And the supression hearing, when can I
23  hold that convenient to your schedule?
24             MS. GALLICCHIO:  Your Honor, I'm sorry, I'm really not
25  trying to be difficult.  Whenever the Court would like to

1    schedule it.  I could file my motion in a couple of weeks, if
2    that's agreeable with the Court, and then -- or if you want to
3    give me a different schedule.
4             THE COURT:  I was going to schedule it for
5    November 18, which was the first date which I had mentioned to
6    you earlier.
7             MS. GALLICCHIO:  That's fine.
8             THE COURT:  Okay.  So when would you like to get your
9    motion in?
10            MS. GALLICCHIO:  Your Honor, I can file my motions
11   by -- in two weeks, November 1st.
12            THE COURT:  All right.  And the government can respond
13   in two weeks?
14            MR. LI:  Yes, your Honor.
15            THE COURT:  All right.  And when you say "your
16   motions," the motion relates to this videotape?
17            MS. GALLICCHIO:  Yes, my one motion.
18            THE COURT:  That's fine.  So then we'll have the --
19   we'll start the hearing on November 18 at 2:00 p.m.
20            Does the government anticipate more than one witness?
21            MR. LI:  Your Honor, we do anticipate more than one
22   witness.
23            THE COURT:  All right.  We still should be able to get
24   it done in an afternoon, I would think.
25            MR. LI:  We think I think the whole trial would be

JAITBRIC

1   maybe four days, your Honor.

2              THE COURT: No I'm talking about the supression
3   hearing.

4              MR. LI: The supression hearing, your Honor, yes.

5              THE COURT: That's fine. All right. Excellent. What
6   else?

7              MS. GALLICCHIO: That's all.

8              THE COURT: Well, let's set a schedule on pretrial
9   matters. How about request to charge, voir dire, 404(b)
10  evidence and any other in limine motions by the government
11  January 10. And January 24 any responses from the defendant,
12  any voir dire, any objections to the government's instructions
13  or instructions of their own, and any in limine motions the
14  defendant wishes to make, and that would be January 24. And
15  I'll hold the final pretrial conference February 5th at
16  2:00 p.m. and with the trial starting on February 10.

17             When does the government anticipate making its 3500
18  material available?

19             MR. LI: We can make it available two weeks before the
20  trial date, your Honor.

21             THE COURT: Okay. That's excellent.

22             What else?

23             MR. LI: Your Honor, the government moves to exclude
24  time until I guess the final pretrial conference, which is
25  February 5th. We believe it's in the interest of justice for

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    the parties to.

2           THE COURT:  Do you want make your application through

3    the commencement of trial on February 10?

4           MR. LI:  Yes, we move to exclude time to February 10

5    in the interest of justice, for the parties to continue their

6    review of discovery, for the defense to prepare its pretrial

7    motions, and for the parties to continue their discussions

8    about a pretrial resolution of the matter.

9           MS. GALLICCHIO:  No objection.

10          THE COURT:  All right.  I find that the ends of

11   justice will be served by granting a continuance to

12   February 10, and that the need for a continuance outweighs the

13   best interests of the public and the defendant in a speedy

14   trial.  The reasons for my finding are that the time is needed

15   to enable defense counsel to prepare motions, file them, the

16   Court to hold a hearing, the parties to prepare for trial, to

17   make the submissions, which I have outlined on the record, and

18   accordingly, the time between today and February 10, 2020 is

19   excluded under the Speedy Trial Act.

20          Anything further from the government?

21          MR. LI:  No, your Honor.

22          THE COURT:  Anything further from the defendant?

23          MS. GALLICCHIO:  No, your Honor.

24          THE COURT:  All right.  Thank you all very much.

25          (Adjourned)