UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER BRIGHT,<br><br>           Defendant. | 19 Cr. 521 (PKC) |

**THE GOVERNMENT'S MOTION *IN LIMINE***

GEOFFREY S. BERMAN<br>
United States Attorney for the<br>
Southern District of New York<br>
One Saint Andrew's Plaza<br>
New York, NY 10007

Alexander Li
Timothy Howard
Assistant United States Attorneys
    *Of Counsel*

## PRELIMINARY STATEMENT

Defendant Peter Bright is charged in this case with attempted child enticement, in violation of 18 U.S.C. §§ 2422(b) and 2. Based on the defendant's post-arrest statement, the Government anticipates a central issue at trial will be the defendant's *intent* — specifically, whether the defendant intended to entice a minor to engage in sexual activity, as charged by the Government, or whether he was gathering evidence of child exploitation to provide to law enforcement, as claimed by the defendant during his post-arrest interview. Accordingly, the Government respectfully requests a ruling *in limine* permitting the introduction of the following evidence pursuant to Federal Rule of Evidence 404(b) as proof of the defendant's motive, intent, and absence of mistake or accident:[1]

- Evidence that in or about May 2009 and October 2009, the defendant stated in Twitter posts his admiration for the "jailbait" around him.

- Evidence that in or about 2010, 2011, and 2012, the defendant stated in Internet chat messages the defendant's sexual interest in 13 year-old and 15 year-old girls.

- Evidence that in or about May 2013, the defendant stated in Twitter posts his opinion that rape laws should not be based upon age.

- Evidence that in or about April 2019, the defendant engaged in communications of a sexual nature with what he believed were a 17 year-old girl and her 14 year-old sister.

## BACKGROUND

As alleged in the complaint, ECF Doc. No. 1, between April 18, 2019 and May 22, 2019, Bright engaged in text message and telephone communications with an undercover agent (the "Mother" or the "UC") of the Federal Bureau of Investigation ("FBI"), who was posing as the mother of a nine-year-old boy and a seven-year-old girl (the "Minors"). In the course of these

---

[1] Pursuant to Federal Rule of Evidence 801(d)(2), these statements are not hearsay because they are statements of an opposing party.

communications, Bright and the UC discussed the possibility of Bright meeting the Minors to engage in sexual activity. On May 22, 2019, Bright met the UC in person and was arrested by the FBI as he was walking to the UC's purported residence to meet the Minors.

Following his arrest, Bright was read his *Miranda* rights, waived those rights, and gave a recorded statement to the interviewing agents.[2] In his statement, Bright admitted, among other things, that he was the person who had been communicating with the Mother about engaging in sexual activity with the Minors. Bright denied, however, that he intended to entice the Minors to engage in sexual activity. Bright instead claimed that he was gathering evidence against the Mother and that he planned to report the Mother to law enforcement.

As proof of the defendant's motive and intent to entice the Minors to engage in sexual activity, and absence of mistake or accident, the Government intends to offer the following evidence of the defendant's prior acts (collectively, the "Rule 404(b) Evidence"):

**(1)** **The Rape Law Tweet**. On or about May 8, 2013, Bright posted on his public Twitter account: ". . . I think age-based rape laws (rather than consent-based) are stupid."

**(2)** **The Jailbait Tweets**. On or about May 15, 2009, Bright posted on his public Twitter account: "Admiring the jailbait on the train. rowr." On or about October 18, 2009, Bright posted the following tweets: "There is an astonishing amount of jailbait on this flight. Looks like some school orchestra or similar." ". . . Fortunately they seem to be seated at the back of the plane." "Jailbait everywhere, and yet my row is old women. There's no justice."

**(3)** **The Child Attraction Chats**. On or about the following dates, Bright engaged in the following Google chats:

---

[2] On December 18, 2019, the Court denied the defendant's motion to suppress his post-arrest statement.

a. On or about September 27, 2010:

   | | |
   |---|---|
   | BRIGHT: | there's no such thing as too young |
   | CORRESPONDENT-1: | uhh, there is when the deli checkout guy looks like he's maybe 15 :P |
   | BRIGHT: | I would bone a 15 year old girl in an instant |
   | BRIGHT: | :p |
   | CORRESPONDENT-1: | hahaha! i know you would ;) |
   | CORRESPONDENT-1: | i'm not like that, sadly :( |
   | BRIGHT: | your loss! |

b. On or about July 29, 2011:

   | | |
   |---|---|
   | BRIGHT: | next you'll be banning [NAME REDACTED[3]]! |
   | CORRESPONDENT-2: | you are not allowed to do her either, she is 13 |
   | BRIGHT: | ah yeah good point |
   | BRIGHT: | TOO OLD. |
   | BRIGHT: | lol |

c. On or about February 10, 2012:

   | | |
   |---|---|
   | BRIGHT: | someone who friended me on facebook (I have no idea) posted a picture of his daughter, I'm guessing she's like 13 or something |
   | BRIGHT: | it's all I can do to not post "I'd hit it" |
   | CORRESPONDENT-3: | hahahahaha |
   | BRIGHT: | [URL REDACTED] |
   | CORRESPONDENT-3: | lol |
   | CORRESPONDENT-3: | you are a sick sick man. |
   | BRIGHT: | she looks ripe enough |
   | CORRESPONDENT-3: | lol |
   | BRIGHT: | I mean, I'm not saying it'd be legal |
   | BRIGHT: | except in the vatican (age of consent: 12) |
   | BRIGHT: | but like |
   | BRIGHT: | I'd better wear a condom |
   | BRIGHT: | we don't need more teenage mothers |

**(4)** **The Direct Child Communications**. In his post-arrest statement, Bright stated, in part and in substance, that he had "flirty" chat communications with a 17 year-old girl ("Girl-1") and her 14 year-old sister ("Girl-2"). Bright also stated that he had received and deleted a

---

[3] The redacted name is a well-known singer.

"nude-ish" photograph from Girl-1, a photograph from Girl-2 of Girl-2 wearing panties and a t-shirt, and possibly also a nude photograph from Girl-2. Present on Bright's phone and Google account was a Google group chat, dated on or about April 23, 2019, in which Girl-1 introduced Bright to Girl-2. From on or about April 23, 2019 to on or about April 27, 2019, Bright and Girl-2 exchanged a series of emails in which, among other things, Bright asked Girl-2 for pictures of herself and repeatedly requested that Girl-1 meet Bright in person so that Bright could help Girl-1 with her homework.

**ARGUMENT**

Federal Rule of Rule 404(b) provides that evidence of a crime, wrong, or other act, while inadmissible to prove propensity, may be admitted for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Second Circuit has long followed "an inclusionary approach to evaluating Rule 404(b) evidence . . . ." *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003). Accordingly, "other acts" evidence is admissible under Rule 404(b) so long as "(1) it is introduced for a proper purpose, (2) it is relevant to the charged offense, (3) its prejudicial effect does not substantially outweigh its probative value, and (4) it is admitted with a limiting instruction if requested." *United States v. Rutkoske*, 506 F.3d 170, 176–77 (2d Cir. 2007).

The Rule 404(b) Evidence subject to this motion readily meets all four requirements. *First*, the Government will offer the Rule 404(b) Evidence as evidence of Bright's motive, intent, and absence of mistake or accident — an issue squarely placed into dispute by Bright's post-arrest statement that he communicated with the Mother not to engage in sexual activity with the Minors, but rather to gather evidence against the Mother that he would later provide to law enforcement. *Second*, the Rule 404(b) Evidence is relevant because it speaks to Bright's sexual attraction to children and opinion that age-based rape laws are "stupid," and therefore makes it

4

more probable that his intent in this case was to engage in sexual activity with the Minors and less probable that his intent was to enforce the child exploitation laws. *Third*, the probative value of the Rule 404(b) Evidence is not substantially outweighed by any prejudicial effect;[4] the Rule 404(b) Evidence does not "involve conduct any more sensational or disturbing than the crime[] with which [Bright is] charged" here. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). *Fourth*, the Court can guard against any potential prejudice to the defendant with a limiting instruction to remind the jury that he is not on trial for any offense other than the crime charged, and that the evidence should only be considered for the purpose of evaluating the defendant's intent.

This case is similar to *United States v. Brand*, 467 F.3d 179 (2d Cir. 2006). In that case, the Second Circuit affirmed the district court's ruling that "evidence that Brand possessed child pornography was admissible under Rule 404(b) to show whether Brand's intent in attempting to entice [a child] . . . involved an intent to engage in sexual activity with a minor or, alternatively, for a more benign reason." *Id.* at 199. The Court reasoned that Brand's possession of child pornography showed his "abnormal sexual attraction" to children; "the same urge that Brand satisfied by obtaining child erotica also inclined Brand to commit sexual crimes against children." *Id.* at 198. Similarly, in this case, Bright's statements of admiration for the "jailbait" around him, professions of desire to have sex with a 13 year-old or a 15 year-old, opinion that rape law should be "consent-based" rather than "age-based," and "flirty" conversations with what he believed to be a 17 year-old girl and her 14 year-old sister, including the receipt of

---

[4] As the Second Circuit has observed, "*all* evidence incriminating a defendant is, in one sense of the term, 'prejudicial' to him: that is, it does harm to him" and in "that sense, the more pertinent evidence is, the more prejudicial it is," but "[w]hat 'prejudice' as used in Rule 403 means is that the admission is, as the rule itself literally requires, 'unfair' rather than 'harmful.'" *United States v. Jimenez*, 789 F.2d 167, 171 (2d Cir. 1986).

5

"nude-ish" or suggestive photographs from them, express Bright's "abnormal sexual attraction" to children. Just as child pornography was admissible to prove intent in *Brand*, so too is the Rule 404(b) Evidence admissible for the same purpose here. *See also United States v. Douglas*, 415 F. App'x 271, 273 (2d Cir. 2011) (evidence of defendant's prior chat communications properly admitted under Rule 404(b) to prove the defendant's intent to have sexual contact with a minor).

## CONCLUSION

The defendant's post-arrest statement places in dispute whether he intended to entice a minor to engage in sexual activity, as charged by the Government, or whether he intended to gather evidence of child exploitation for reporting to law enforcement, as claimed by the defendant. The defendant's prior acts constituting the Rule 404(b) Evidence express his sexual attraction to children and opinion that age-based rape laws are senseless. Accordingly, the Court should issue a ruling *in limine* that the Rule 404(b) Evidence is admissible to prove the defendant's motive, intent, and absence of mistake or accident.


Dated: New York, New York
       January 10, 2020

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York


                         By:    /s/ Alexander Li
                                Alexander Li
                                Timothy Howard
                                Assistant United States Attorneys
                                Tel.: 212-637-2265/-2308