UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
                                    :

UNITED STATES OF AMERICA,      :
                                      :

            - v. -         :                 19 Cr. 521 (PKC)
                                      :

PETER BRIGHT,                 :
                                      :

                Defendant.      :
                                      :
---------------------------------------------------- x


## THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE


GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

Alexander Li
Timothy Howard
Assistant United States Attorneys
    *Of Counsel*

# TABLE OF CONTENTS

**Request No.**                                                                                                          **Page**

1.  General Requests ............................................................................................... 2

2.  The Indictment and the Statute ........................................................................ 3

3.  Count One:  Elements of the Offense ............................................................. 4

4.  First Element — Facility of Interstate Commerce ........................................... 5

5.  Second Element — Persuasion to Engage in Sexual Activity .......................... 6

6.  Third Element — Illegal Sexual Activity ........................................................ 8

7.  Fourth Element — Age of Victim .................................................................. 10

8.  Venue ............................................................................................................ 11

9.  Variance in Dates .......................................................................................... 12

10. Particular Investigative Techniques Not Required ........................................ 13

11. Undercover Operation ................................................................................... 14

12. Stipulations ................................................................................................... 15

13. Law Enforcement and Government Employee Witnesses .............................. 16

14. Testimony of Experts .................................................................................... 17

15. Preparation of Witnesses ............................................................................... 18

16. Uncalled Witnesses—Equally Available ....................................................... 19

17. Limiting Instruction – Similar Act Evidence ................................................ 20

18. Charts and Summaries (In Evidence) ............................................................ 21

19. Charts and Summaries (Not In Evidence) ..................................................... 22

20. Use of Text Messages, Chats, Emails, Recordings, and Social Media ........... 23

21. Defendant's Testimony ................................................................................. 24

22. Defendant's Right Not to Testify .......................................................................... 25

23. Character Witness ................................................................................................ 26

24. Redaction of Evidentiary Items ........................................................................... 27

25. Conclusion .......................................................................................................... 28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
            - v. -                        :                    19 Cr. 521 (PKC)
                                          :
PETER BRIGHT,                             :
                                          :
                    Defendant.            :
                                          :
------------------------------------------------------ x

**GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**

Pursuant to Federal Rule of Criminal Procedure 30, the Government respectfully requests

that the Court include the following in its charge to the jury.

<u>**REQUEST NO. 1.**</u>

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.      Function of Court and Jury

b.      Sympathy:  Oath as Jurors

c.      Government Treated Like Any Other Party

d.      Burden of Proof and Presumption of Innocence

e.      Reasonable Doubt

f.      Statements of Court and Counsel not Evidence

g.      Jury's Recollection Controls

h.      Indictment not Evidence

i.      Definitions and Examples of Direct and Circumstantial Evidence

j.      Inferences

k.      Credibility of Witnesses

l.      Right to See Exhibits and Have Testimony Read During Deliberations

m.      Punishment Is Not to Be Considered by the Jury

n.      Verdict of Guilt or Innocence Must Be Unanimous

o.      Duties of Foreperson and Return of Verdict Form

## REQUEST NO. 2.

### The Indictment and the Statute

The defendant, PETER BRIGHT, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

The Indictment charges PETER BRIGHT, the defendant, with one count of attempted child enticement. The Indictment charges that, from on or about April 18, 2019 up to and including on or about May 22, 2019, in the Southern District of New York and elsewhere, the defendant willfully and knowingly used a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, namely, that the defendant used computers and/or telephones to communicate with an undercover FBI agent about arranging to engage in sexual activity with a purported nine year-old boy and seven year-old girl, and attempted to meet with the boy and girl to engage in sexual activity, in violation of New York Penal Law Sections 130.25(2), 130.30(1), 130.35(3), 130.55, 130.60(2), and 130.65(3) and (4). Before you begin your deliberations, you will be provided with a copy of the Indictment containing this charge.

## REQUEST NO. 3.

### Count One:  Elements of the Offense

The relevant statute for this charge is Title 18, United States Code, Section 2422(b).  Title 18, United States Code, Section 2422(b) provides, in relevant part, that it is a crime for a person to "us[e] . . . any facility or means of interstate or foreign commerce . . . [to] knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or [to] attempt[] to do so."

To sustain its burden of proof, the Government must prove each of the following four elements beyond a reasonable doubt:

First, that the defendant knowingly used a facility or means of interstate commerce as alleged in the Indictment, that is, a computer or a telephone;

Second, that the defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in any sexual activity, or attempted to do so;

Third, that the sexual activity would violate New York State law; and

Fourth, that the individual was less than 18 years old at the time of the acts alleged in the Indictment, or that the defendant believed the individual was less than 18 years old.[1]

---

[1] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-11, and the charges of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019).

## REQUEST NO. 4.

### First Element — Facility of Interstate Commerce

The first element that the Government must prove beyond a reasonable doubt is that the defendant used a facility of interstate or foreign commerce as alleged in the Indictment.

The indictment alleges that the defendant used a facility of interstate or foreign commerce. Transmission of communications by means of a telephone or the internet constitutes the use of a facility of interstate commerce regardless of whether the communication actually crossed a state line. However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of a telephone or the internet.[2]

---

[2] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-11, and the charges of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019).

<u>**REQUEST NO. 5.**</u>

**Second Element — Persuasion to Engage in Sexual Activity**

The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded, induced, enticed, or coerced someone to engage in sexual activity, or that he attempted to do so. The government does not have to prove that the defendant communicated directly with the person. Communication with a third party whose role was to persuade, induce, entice, or coerce the person is sufficient to establish this element.

To act knowingly is to act voluntarily and purposely and not by mistake or accident. The terms persuade, induce, entice, or coerce are words of common usage and you should apply their common or everyday meaning to the evidence in this case.

As you can see, this element concerns a person's state of mind. Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Rarely is direct proof of state of mind available, and direct proof is not required. However, you do have before you evidence of certain acts alleged to have taken place and certain physical evidence that can help you infer what was going on in someone's mind. Circumstantial evidence, if you believe it, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.[3]

The Indictment in this case charges the defendant with attempting to persuade, induce, entice, or coerce a minor to engage in a sexual act. As a result, the Government must prove beyond a reasonable doubt, first, that the defendant intended to persuade, induce, entice, or coerce a minor

---

[3] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-17; the charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019).

to engage in a sexual act and, second, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense or devising, obtaining, or arranging the means for its commission, is, without more, not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime constitute an attempt when the acts themselves clearly indicate a willful intent to commit the crime and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime. There is no requirement that the attempt be successful or that the defendant actually have carried out the crime he was trying to commit.[4]

---

[4] Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 10-01, 10-03, 64-13, and the charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019), Hon. Sidney H. Stein in *United States v. Gagliardi*, 05 Cr. 1265 (SHS) (S.D.N.Y. May 15, 2006), Hon. Edgardo Ramos in *United States v. El Gammal*, 15 Cr. 588 (ER) (S.D.N.Y. 2017), Hon. Lewis A. Kaplan in *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2006), Hon. John F. Keenan in *United States v. Kassir*, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009), and *United States v. Haouari*, 00 Cr. 15 (JFK) (S.D.N.Y. 2001).

## REQUEST NO. 6.

### Third Element — Illegal Sexual Activity

The third element that the Government must prove beyond a reasonable doubt is that this sexual activity, if completed, would violate New York State law.

The Indictment alleges that the defendant attempted to persuade a person to engage in sexual activity in violation of New York Penal Law Sections 130.25(2), Rape in the Third Degree; 130.30(1), Rape in the Second Degree; 130.35(3), Rape in the First Degree; 130.55, Sexual Abuse in the Third Degree; 130.60(2), Sexual Abuse in the Second Degree; and 130.65(3) and (4), Sexual Abuse in the First Degree.[5]

A person commits Rape in the Third Degree when he or she engages in sexual intercourse with another person, the other person is less than 17 years old, and the actor is 21 years old or older.

A person commits Rape in the Second Degree when he or she engages in sexual intercourse with another person, the other person is less than 15 years old, and the actor is 18 years old or older.

A person commits Rape in the First Degree when he or she engages in sexual intercourse with a person who is less than 11 years old.

A person commits Sexual Abuse in the Third Degree when he or she subjects another person to sexual contact without the other person's consent.

A person commits Sexual Abuse in the Second Degree when he or she subjects another person to sexual contact, and the other person is less than 14 years old.

---

[5] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-13.1 and the charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019), and N.Y. Penal Law Sections 130, 130.05, 130.65(4), and 130.60.

A person commits Sexual Abuse in the First Degree when he or she subjects another person to sexual contact, and the other person is less than 11 years old. A person also commits Sexual Abuse in the First Degree when he or she subjects another person to sexual contact, the other person is less than 13 years old, and the actor is 21 years old or older.

Under New York State law, sexual contact means any touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed.

Under New York State law, sexual intercourse has its ordinary meaning and occurs upon any penetration, however slight.

Under New York State law, for a sexual act to be criminal, it must be committed without the consent of the victim. Under New York law, lack of consent can result from an incapacity to consent. A person is deemed incapable of consent under New York law when he or she is less than 17 years old.

## REQUEST NO. 7.

### Fourth Element — Age of Victim

The final element that the Government must prove beyond a reasonable doubt is that the person was actually under the age of 18 or that the defendant believed the person was under the age of 18. It is not a defense to the charge that the person with whom the defendant was communicating was not in fact under 18 years old, as long as the defendant believed him or her to be under 18 years old.[6]

---

[6] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-14 and the charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019).

**REQUEST NO. 8.**

**Venue**

In addition to all of the elements I have described, you must consider the issue of venue, namely, whether any act in furtherance of the crime charged occurred within the Southern District of New York.

The Government has alleged that the defendant traveled to Manhattan, New York to meet the purported nine year-old boy and seven year-old girl. I instruct you that Manhattan is in the Southern District of New York.

I should note that the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. That phrase means the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York.

If you find that the Government has failed to prove the venue requirement by a preponderance of the evidence, then you must acquit the defendant.[7]

---

[7] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-11, the charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019), Hon. Colleen McMahon in *United States v. Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010), and Hon. Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud).

**REQUEST NO. 9.**

**Variance in Dates**

The Indictment alleges that the defendant engaged in attempted child enticement from on or about April 18, 2019 to on or about May 22, 2019.  It is not essential that the Government prove that the defendant attempted to entice a child on these particular dates.  The law only requires a substantial similarity between the date alleged in the Indictment and the date or dates established by the evidence.[8]

---

[8] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-12, and the charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019), and Hon. Colleen McMahon in *United States v. Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010).

**REQUEST NO. 10.**

**Particular Investigative Techniques Not Required**

[If Applicable]

You have heard reference, [*If applicable:* in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why certain techniques were used or why others were not used. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.[9]

---

[9] Adapted from the charges of Hon. William H. Pauley III in *United States v. Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012), Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992), and Hon. John F. Keenan in *United States v. Medina*, 91 Cr. 894 (S.D.N.Y. 1992).

## REQUEST NO. 11.

### Undercover Operation

You have heard evidence during the course of this trial that this case arose from a so-called undercover operation by law enforcement. In other words, an undercover law enforcement officer posed as the mother of a nine year-old boy and seven year-old girl. There is nothing improper about such undercover operations. Indeed, certain types of evidence would be extremely difficult to detect without the use of an undercover agent. Whether or not you approve of the use of an undercover agent is not to enter into your deliberations in any way.[10]

---

[10] Adapted from the charges of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019), Hon. Alison J. Nathan in *United States v. Cook*, 13 Cr. 777 (AJN), and Hon. Katherine B. Forrest in *United States v. Borrero*, 13 Cr. 058 (KBF); *see also United States v. Clemente*, 22 F.3d 477, 480-81 (2d Cir. 1994); *United States v. Tribble*, 320 F. App'x 85, 87 (2d Cir. 2009).

# REQUEST NO. 12.

## Stipulations

### [If Applicable]

You have heard evidence in the form of stipulation[s] of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.[11]

---

[11] Adapted from the charge of Hon. Stephen C. Robinson in *United States v. Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

## REQUEST NO. 13.

### Law Enforcement and Government Employee Witnesses

[If Applicable]

You have heard testimony from law enforcement officers and employees of the federal government, including the Federal Bureau of Investigation. The fact that a witness may be employed by the FBI or a government agency does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement officer or employee witness and to give to that testimony the weight you find it deserves.[12]

---

[12] Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16 and the charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019).

**REQUEST NO. 14.**

**Testimony of Experts**

[If Applicable]

You have heard testimony from one or more of what we call an expert witness. An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge. Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be expert and give his or her reasons for those opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinion that was received in evidence in this case and give it as much or as little weight as you think it deserves. If you should decide that the opinion of the expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of the expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of the expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on his or her testimony.[13]

---

[13] Adapted from the charge of Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992) and from the charge of Hon. Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (S.D.N.Y. 1991).

## REQUEST NO. 15.

### Preparation of Witnesses

### [If Applicable]

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[14]

---

[14] Adapted from the charge of Hon. Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999).

**<u>REQUEST NO. 16.</u>**

**Uncalled Witnesses—Equally Available**

[If Applicable]

There are individuals whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[15]

---

[15] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7 and Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

# REQUEST NO. 17.

## Limiting Instruction – Similar Act Evidence

[If Applicable]

The Government has offered evidence tending to show that on different occasions, the defendant engaged in conduct similar to the charge in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose, as I instructed you at the time that evidence was admitted, and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act or acts he must also have committed the act charged in the Indictment.[16]

---

[16] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25, and the charge of Hon. John Keenan in *United States v. Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991).

## REQUEST NO. 18.

### Charts and Summaries (In Evidence)

[If Applicable]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.[17]

---

[17] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-12. *See also* Fed. R. Evid. 1006.

**<u>REQUEST NO. 19.</u>**

**Charts and Summaries (Not In Evidence)**

[If Applicable]

There have been summary charts and exhibits that were shown to you but not admitted into evidence. For these charts and exhibits, they serve merely as summaries and analyses of testimony or documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.[18]

---

[18] Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, *Modern Federal Jury Instructions*, Instr. 5-13.

## REQUEST NO. 20.

**Use of Text Messages, Chats, Emails, Recordings, and Social Media**

Text messages, online chats, emails, audio recordings, and social media communications have been admitted into evidence [*modify as applicable*].  I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated in obtaining that evidence, and that the Government's use of this evidence in this trial is entirely lawful.

Therefore, regardless of any personal opinions regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved each defendant's guilt beyond a reasonable doubt. What weight you give these materials, if any, is completely within your discretion.[19]

---

[19] Adapted from charge of Hon. Sidney H. Stein in *United States v. Muhammad Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. Sept. 9, 2019).

## REQUEST NO. 21.

### Defendant's Testimony

[If Applicable]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.[20]

---

[20] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 4-7. *See United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 22.

### Defendant's Right Not to Testify

[If Applicable and Requested By Defense]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.[21]

---

[21] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

## REQUEST NO. 23.

### Character Witness

[If Applicable]

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate]. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine.

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.[22]

---

[22] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15. *See United States v. Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991).

## REQUEST NO. 24.

**Redaction of Evidentiary Items**

[If Applicable]

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not speculate as to any reason why the other part of it has been redacted.[23]

---

[23] Adapted from the charge of Hon. Shira A. Scheindlin in *United States v. DiTomasso*, 14 Cr. 160 (S.D.N.Y. 2014).

# REQUEST NO. 25.

## Conclusion

Members of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them. If you want any of the testimony read back or any of the recordings played again, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that from the Court. If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation. Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age.  The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.  It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in. If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

\* \* \*

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
         January 10, 2020

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney
                                        Southern District of New York

                           By:    /s/ Alexander Li
                                        Alexander Li
                                        Timothy Howard
                                        Assistant United States Attorneys
                                        (212) 637-2265/-2308