UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -*v.*-

PETER BRIGHT,

               Defendant.

19 Cr. 521 (PKC)

**THE GOVERNMENT'S PROPOSED EXAMINATION
OF PROSPECTIVE JURORS**

                                              GEOFFREY S. BERMAN
                                              United States Attorney for the
                                              Southern District of New York
                                              *Attorney for the United States of America*

Alexander Li
Timothy Howard
Assistant United States Attorneys

-Of Counsel-

# INTRODUCTION

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

# NATURE OF THE CHARGES

1. During the trial, you will hear evidence concerning child enticement. Do any of you believe that sexual intercourse with a minor should be legalized, or that the legal age of consent should be changed?

2. Some of the evidence in this case will involve sexually suggestive or sexually explicit statements and conduct. Is anyone so uncomfortable with the prospect of hearing such evidence that they feel the nature of this evidence would make it difficult to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

3. Do you feel that laws based upon the age of a sexual partner are in any manner unconstitutional or unfair, such that they should not be enforced by the government?

4. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to sex trafficking or child sexual exploitation? If so, when and what did you do?

5. Have any of you been involved—as defendant, victim or any other way—in a case involving sex crimes against minors? Would that experience make it difficult for you to be impartial?

6. Have any of your relatives, close friends, or associates ever been involved—as a defendant, victim, or in any other way—in a case involving sex crimes against minors? Would that experience make it difficult for you to be impartial?

**VIEWS ON CERTAIN WITNESSES, INVESTIGATIVE TECHNIQUES, AND EVIDENCE**

7. The witnesses in this case will include law enforcement witnesses. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

8. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

9. Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

10. Do any of you have any views about the Government's use of undercover agents and undercover accounts to investigate crime?

**KNOWLEDGE OF PARTIES, ATTORNEYS, WITNESSES**

11. As I have stated, the defendant in this case is Peter Bright.

12. Peter Bright is represented at this trial by his attorneys, Amy Gallichio and Zawadi Baharanyi. They will be assisted by [_____].

13. This action is being prosecuted by the United States Attorney's Office for the Southern District of New York. The United States Attorney for this District is Geoffrey S. Berman, who will be represented at this trial by Assistant United States Attorneys Alexander Li and

Timothy Howard. They will be assisted by Special Agent Elizabeth Jensen of the Federal Bureau of Investigation, also known as the "FBI," and Ariella Fetman, a paralegal specialist in the U.S. Attorney's Office.

14.     I will now read a list of individuals who may be mentioned during the trial, or who may be witnesses in this case: [A complete list will be provided to the Court prior to jury selection]

15.     Do any of you know the defendant, Peter Bright, or any of the other individuals I have just identified?

16.     Have any of you, or, to your knowledge, any member of your family or any close friend, had any personal or business dealings, directly or indirectly, with any of these individuals, including the defendant?

17.     Do any of you know, or have any of you or your relatives or close friends had any association or business dealings with, any member of the staff of the defendant's attorney, the United States Attorney's Office for the Southern District of New York, or the FBI?

18.     Do you know or have your heard of any of the people whose names may be mentioned during the course of trial?

19.     Some of the evidence in the case will concern the following locations: [A list will be provided to the Court prior to jury selection]

20.     Are any of you familiar with these locations? If so, how?

21.     Is there anything about your familiarity with or knowledge of these locations that could affect your ability to be fair and impartial in this case?

## **RELATIONSHIP WITH GOVERNMENT**

22.      Does any juror, or his or her relatives or close friends, work in law, law enforcement, the justice system, or the courts? In what capacity? Has any juror had any contact

with anyone in law, law enforcement, the justice system or the courts that might influence your ability to evaluate this case?

23. Does any juror know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York?

24. Does any juror know, or have any association – professional, business, or social, direct or indirect – with the Federal Bureau of Investigation, commonly known as the FBI?

25. Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

26. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service?

27. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI or the NYPD?

## **PRIOR JURY SERVICE**

28. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Without telling us what the verdict was, did the jury reach a verdict?

29. Have you ever at any time served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

## EXPERIENCE AS A WITNESS, DEFENDANT, OR CRIME VICTIM

30. Have any of you, or your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you or anyone close to you been questioned in any matter by a law enforcement agency?

31. Have you or has a relative or close friend ever been a witness or a complainant in any hearing or trial?

32. Are you or any member of your family now under subpoena, or to your knowledge, about to be subpoenaed in any case?

33. Have you, any member of your family, or close friend ever been charged with a crime? [As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.]

34. Has any juror, or any of your relatives or close friends, ever been a victim of a crime? [As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.]

35. Has any juror, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a Congressional committee?

## TRIAL ADMINISTRATION

36. I expect this trial to take approximately one week. Do any of you have any physical or personal problems that would prevent you from serving in this case for this length of time?

## FUNCTION OF THE COURT AND JURY

37. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on

your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any difficulty with that principle, or any problem in accepting and following the instruction of the law that I will give you in this case?

38. Will each of you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty?

39. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?

40. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

41. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

42. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, does any juror have the slightest doubt in his or her own mind, for any reason whatsoever, about his/her ability to conscientiously, fairly, and impartially serve in this case and

to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

## GENERAL QUESTIONS FOR THE PANEL

43. Does any juror have a problem with his or her hearing or vision that would prevent him or her from giving full attention to all of the evidence at this trial?

44. Is any juror taking any medication that would prevent him or her from giving full attention to all of the evidence at this trial?

45. Does any juror have any difficulty in reading or understanding English?

## INDIVIDUAL JUROR'S BACKGROUND

46. The Government respectfully requests that the Court ask each juror to state the following information:

   a. the juror's age;

   b. the juror's family status (including whether the juror has any children or grandchildren and, if so, the ages of the children);

   c. the area in which the juror resides;

   d. where the juror was born;

   e. the juror's educational background, including the highest degree obtained;

   f. whether the juror has served in the military;

   g. the juror's occupation;

   h. the name and general location of the juror's employer, and the period of employment with that employer;

   I. the same information concerning other employment within the last five years;

   j. the same information with respect to the juror's spouse and any working children (only current employer);

    k.    what newspapers and magazines the juror reads and how often;

    l.    the websites that the juror reads regularly and/or posts comments or information on;

    l.    what television programs the juror regularly watches; and

    m.    the juror's hobbies and leisure-time activities.

Dated: New York, New York
January 10, 2020

> Respectfully submitted,
>
> GEOFFREY S. BERMAN
> United States Attorney
> Southern District of New York
>
> By:   /s/ Alexander Li
> Alexander Li
> Timothy Howard
> Assistant United States Attorneys
> Southern District of New York
> (212) 637-2265/-2308