JCI6BRIC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                           19 CR 521(PKC)

PETER BRIGHT,

               Defendant.              Conference

------------------------------x
                                       New York, N.Y.
                                       December 18, 2019
                                       12:05 a.m.
```

Before:

              HON. P. KEVIN CASTEL,

                              District Judge

                    APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
BY: ALEXANDER LI
    TIMOTHY HOWARD
    Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
    Attorneys for Defendant
AMY GALLICCHIO
ZAWADI BAHARANYI

Also Present:  Alondra Reyes, Paralegal

1              (Case called)
2              THE DEPUTY CLERK:  For the government.
3              MR. LI:  Good afternoon, your Honor.  Alexander Li and
4    Timothy Howard for the government.
5              THE COURT:  Good to see you.
6              THE DEPUTY CLERK:  Defense.
7              MS. BAHARANYI:  Good afternoon, your Honor.  Zawadi
8    Baharanyi along with Amy Gallicchio with the Federal Defenders
9    on behalf of Mr. Bright.  Also joining us is Alondra Reyes, a
10   paralegal in our office.
11             THE COURT:  Good afternoon to all of you as well.
12             I have the defendant's motion to suppress and I have
13   reviewed the video and the motion papers.
14             Does the government wish to supplement anything in its
15   submissions?
16             MR. LI:  No, your Honor.
17             THE COURT:  The same question for the defendant.
18             MS. BAHARANYI:  No, your Honor.
19             THE COURT:  All right.  These are my findings of fact
20   and conclusions of law on the motion to suppress:
21             The parties do not dispute the relevant facts in this
22   matter.  Defendant Peter Bright was arrested on May 22nd, 2019,
23   and charged with one count of attempted enticement of a minor
24   to engage in illegal sexual activity.  On the day of the his
25   arrest, Mr. Bright was questioned by two FBI agents, Aaron

Spivack and Leslie Adamczyk, at an FBI office.  The government has provided the Court with a copy of the video recording of this interview, which the Court has reviewed in relevant part.

I will note that since the fall of this year, I have now had several motions to suppress where a video of the interview has been supplied.  This is a tremendous advancement to the cause of justice and the impact of that does not fall more on a defendant or more on the government.  It just enables a Court to get to accurate facts.

Approximately 12 minutes into the recorded interview Agent Spivack read Mr. Bright, who is seated in the room and had what looked like a red Solo cup that he was occasionally sipping from and seemed calm.  Obviously it is an inherently stress-producing situation, but the agents had a very calm, nonthreatening demeanor.  The room was well lit and Mr. Bright seemed to be physically comfortable in the room.

Agent Spivack read the Miranda rights aloud.  He read from the Miranda waiver form aloud informing Bright of his right to remain silent and to have an attorney and other rights set forth on the right waiver form.  Also, the fact that anything can be used against him in court; that he has a right to talk to a lawyer before we ask any questions; to have a lawyer with you during questioning; and if you cannot afford a lawyer, one would be appointed before any questions if you wish; and you have the right to stop the questioning at any

point if you want a lawyer.  That's what the written advice of rights states, and from the video Spivack appeared to read from the advice Of Rights.

Mr. Bright said, *In an ideal world, I would have a lawyer here.  Umm, but I am happy to answer your questions.*

Agent Spivack then reminded Bright, *Look, you have every right to a lawyer.  What we will ask, you know, you don't like anything we're saying, you can tell us, you know, to stop.  Okay; is that fair?*

Bright then read signed the Miranda waiver form.

Now, I want to say before he signed the waiver form, the Agent Adamczyk, who passed it across the table to him, read aloud that *I have read this statement of my rights and I understand what my rights are.  At this time I am willing to answer questions without a lawyer present.*  Mr. Bright reviewed the form and signed it.  That's apparent on the videotape.

In the motion to suppress Bright now contends that his statement "In an ideal world, I would have a lawyer here" was an invocation of a right to counsel and any statement he made thereafter should be suppressed.  Bright further argues that he did not validly waive his Miranda rights when he signed the waiver form.  For reasons that will be explained, the Court disagrees and finds that Bright's statement was not a clear, unambiguous invocation of his right to counsel under Miranda and that he knowingly and voluntarily waived his rights.

Where a defendant challenges the voluntariness of a confession, the government bears the burden of proof. The prosecution must show by a preponderance of the evidence that a confession was voluntary. Miranda requires that where an individual states that he wants an attorney, the interrogation must cease until an attorney is present. The right to counsel guaranteed under the Fifth Amendment must be affirmatively asserted and any such invocation must be clear. Where a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking a right to counsel, Supreme Court precedence do not require this cessation of questioning.

That is the *Davis* case, 512 U.S. 454, 459.

In *Davis* the Court held that the statement "May be I should talk to a lawyer" was insufficient to invoke the right to counsel. Similarly the Second Circuit has held in the *Diaz* case, 76 F.3d 61, that a defendant who stated, "I think I need a lawyer" followed by the question, "Do you think I need a lawyer?" was not an invocation of his Miranda rights. Here, Bright's statement that he would have counsel in an ideal world followed immediately by the statement that he would answer the agents' question was not a clear or unambiguous invocation of his right to counsel. A reasonable officer could have interpreted this statement as asking for counsel only

hypothetically and I think that is even too strong.  It is more musing on the subject followed by the statement *but I am happy to answer your questions*.

The reading of the rights and the signing of the Miranda waiver form eliminated any ambiguity.  This case is entirely unlike a would-be *Urkel* where the circumstances erases any possible ambiguity in the statement "I think I should get a lawyer."  The defendant had been in custody for over 24 hours and he had been confronted with other interrogation techniques before the recorded statement.  Here, by contrast, Bright was brought to an FBI office within a half hour of being arrested and he was arrested at approximately 2:55 p.m. and the timestamp on the recorded interview indicates that it began at 3:19 the same day.

In *Wood* the other circumstance was Wood was handed a phone and the officers left the room thereby foreclosing the possibility that they thought his statement was ambiguous.

Important in my decision here is Mr. Bright's demeanor.  He appeared calm and coherent at the FBI office.  It is true that he did not have prior experience in the criminal justice system, but that is not a controlling factor.  For these reasons the Court finds that Bright did not invoke his right to counsel clearly and unambiguously.

The Court next examines the waiver of right, which must be knowing, intelligent and voluntary.  I conclude that it

1    was.  Signing an advice of rights form is enough to strongly
2    support knowing and voluntary waiver.  Waiver is knowing where
3    it is made with a full awareness of both the nature of the
4    right being abandoned and the consequences of the decision to
5    abandon it.  Waiver is voluntary where it is the product of
6    free and deliberate choice rather than intimidation, coercion,
7    or deception.

8             The rights that were read orally and presented to
9    Mr. Bright in written form were quite clear.  There is no
10   indication that Bright failed to understand his rights or that
11   his will was overborne when he signed the Miranda waiver form.
12   Mr. Bright is a dual citizen of the United Kingdom and the U.S.
13   He speaks and understands English fluently.  He appears to be a
14   person of reasonable intelligence, and based on the Court's
15   review of the relevant portions of the recorded interview at no
16   time did the agents endeavor to coerce Bright into speaking
17   with them.  Indeed, Bright engaged in a course of conduct
18   indicating waiver and acted in a matter inconsistent with the
19   exercise of rights when he chose to begin speaking with the FBI
20   agents.

21            For these reasons I conclude that the defendant did
22   not clearly and unambiguously invoke his right to counsel under
23   Miranda.  I further conclude that he knowingly and voluntarily
24   and intelligently waived his rights and that the government has
25   sustained its burden of proof on these points.  The Court

JCI6BRIC

1      therefore denies defendant's motion to suppress.
2                Let me hear from the government about next steps in
3      this case.  Where do we stand?
4                MR. LI:  Your Honor, at the last conference the Court
5      set a trial date of February 10th.  The Court also set interim
6      deadlines for the request to charge, voir dire, 404(b).  Your
7      Honor, at this point I don't believe there is anything further
8      required of the Court.
9                THE COURT:  Let me hear from defense counsel.
10               Do you agree with that?
11               MS. BAHARANYI:  We do agree, your Honor.
12               THE COURT:  Has time been excluded through the start
13     of trial?
14               MR. LI:  Yes, your Honor.
15               THE COURT:  Anything further from the government?
16               MR. LI:  No, your Honor.
17               THE COURT:  Anything further from the defendant?
18               MS. BAHARANYI:  No, your Honor.
19               THE COURT:  I want to thank counsel on both sides of
20     this case for their excellent presentations on the law.  It
21     makes my job a lot easier when a good job is done and very good
22     job was done here by both sides.  I also wish all, including
23     the defendant, a happy and peaceful holiday season.
24               We're adjourned.  Thank you.
25                                  -o-