UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                 :

UNITED STATES OF AMERICA         :
                                 :

           -v.-               :         19 Cr. 521 (PKC)
                                 :

PETER BRIGHT,                :
                                 :

               Defendant.     :
                                 :
-----------------------------------------------------------------x

## **<u>DEFENDANT PETER BRIGHT'S PROPOSED REQUESTS TO CHARGE</u>**

David E. Patton
Federal Defenders of New York, Inc.
Attorney for Defendant
  Peter Bright
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8700

Amy Gallicchio
Zawadi Baharanyi
*Of Counsel*

TO:   Geoffrey S. Berman
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007

          Attn.:  Alexander Li
                 Timothy Howard
                 Assistant United States Attorneys
                 Southern District of New York

# TABLE OF CONTENTS

Request No. 1: General Requests................................................................................2

Request No. 1g: Reasonable Doubt ............................................................................3

Request No. 2: The Indictment and the Statute .........................................................4

Request No. 3:  Elements of the Offense ...................................................................5

Request No. 4:  First Element- Facility of Interstate Commerce...............................6

Request No. 5.  Second Element- Persuasion to Engage in Sexual Activity .............7

Request No. 6: Third Element- Illegal Sexual Activity.............................................9

Request No. 7: Fourth Element- Age of Victim .......................................................10

Request No. 8: Venue ...............................................................................................11

Request No. 9: Variance in Dates ............................................................................12

Request No. 10: Particular Investigative Techniques Not Required ........................13

Request No. 11: Undercover Operation....................................................................14

Request No. 12: Stipulations ....................................................................................15

Request No. 13: Law Enforcement and Government Employee Witnesses..............16

Request No. 14: Testimony of Experts .....................................................................17

Request No. 15: Preparation of Witnesses................................................................18

Request No. 16: Uncalled Witnesses- Equally Available.........................................19

Request No. 17: Limiting Instruction- Similar Act Evidence...................................20

Request No. 18: Charts and Summaries (In Evidence).............................................21

Request No. 19: Charts and Summaries (Not in Evidence).......................................22

Request No. 20: Use of Text Messages, Chats, Emails, Recordings, and Social Media.............23

Request No. 21: Defendant's Testimony ..................................................................24

Request No. 22 Defendant's Right Not to Testify (If Requested by Defense)............25

Request No. 23: Character Witness ..........................................................................26

Request No. 24: Redaction of Evidentiary Items......................................................27

Request No. 25: Conclusion .....................................................................................28

Request No. 26:  Improper Considerations- Nature of the Crime Charged ..............29

Request No. 27: Duty to Deliberate ..........................................................................30

Request No. 28: Theory of Defense...........................................................................31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :
            -v.-                                     :           19 Cr. 521 (PKC)
                                                    :
PETER BRIGHT,                                        :
                                                    :
                        Defendant.                  :
                                                    :
-----------------------------------------------------------------x


## <u>DEFENDANT'S  PROPOSED REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the defendant,

Peter Bright, by and through his counsel Amy Gallicchio and Zawadi Baharanyi, respectfully

proposes the following Requests to Charge and notes his objections to the Government's

proposed instructions.[1]

We respectfully reserve the right to request additional or modified jury

instructions at or near the close of evidence.

---

[1] For the Court's convenience, the instructions and, where applicable, objections are presented in
the order offered by the Government in its Proposed Requests to Charge.

## REQUEST NO. 1

## General Requests

The defendant respectfully requests that the Court charge the jury using the pattern jury instructions provided in Sand, *Modern Federal Jury Instructions* on the following subjects:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Presumption of Innocence and Burden of Proof.

e.   Right to See Exhibits and Have Testimony Read During Deliberations.

f.   The Government as a Party.

# REQUEST NO. 1G

## Reasonable Doubt[2]

I have said that the government must prove Mr. Bright guilty beyond a reasonable doubt. The question then is: what is a reasonable doubt? The words almost define themselves. It is doubt based upon reason and common sense.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. It is proof of such a convincing character that a reasonable person would not hesitate to rely upon in making an important decision. The law does not require proof that overcomes every possible doubt: proof beyond a reasonable doubt I sufficient to convict.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Bright. Even if Mr. Bright has presented evidence in his defense, it is not his burden to prove himself innocent. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

If, based on your consideration of all the evidence and any lack of evidence, you are firmly convinced that Mr. Bright is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and, it is your duty to acquit Mr. Bright.

---

[2] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 4-2; Tenth Circuit Pattern Jury Instructions; Ninth Circuit Pattern Jury Instructions.

# REQUEST NO. 2

## The Indictment and the Statute

We do not object to the Government's proposed instruction on the Indictment and the Statute.

## REQUEST NO. 3

## Elements of the Offense[3]

In order to prove Mr. Bright guilty of using a facility of interstate commerce to persuade, induce, entice or coerce an individual to engage in illegal sexual activity, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant used a facility of interstate commerce as alleged in the indictment, that is, a computer or a telephone;

Second, that the defendant knowingly persuaded, induced, enticed or coerced an individual to engage in any sexual activity, or attempted to do so;

Third, that this sexual activity would violate New York State law; and

Fourth, that the individual was less than 18 years old at the time of the acts alleged in the indictment, or that the defendant believed the individual was less than 18 years old.

---

[3] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-11.

<u>**REQUEST NO. 4**</u>

<u>**First Element- Facility of Interstate Commerce**</u>

We do not object to the Government's proposed instruction on the First Element- Facility of Interstate Commerce.

**Second Element- Persuasion to Engage in Sexual Activity[4]**

       The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded, induced, enticed or coerced someone to engage in sexual activity, or that he attempted to do so. The government does not have to prove that the defendant communicated directly with the person. Communication with a third party whose role was to persuade, induce, entice, or coerce the person is sufficient to establish this element.

       To act knowingly is to act voluntarily and purposely and not by mistake or accident. The terms persuade, induce, entice, or coerce are words of common usage and you should apply their common or everyday meaning to the evidence in this case.

       The Indictment charges Mr. Bright with attempted enticement of a minor to engage in illegal sexual activity. In order to prove the charge of attempting to commit the crime enticement of a minor to engage in illegal sexual activity, the government must prove the following two elements beyond a reasonable doubt:

       First, that the defendant intended to commit the crime attempted enticement of a minor to engage in illegal sexual activity as I have previously defined that crime; and

       Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime. Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt

---

[4] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-13, 10-01.

that the defendant intended to commit the crime charged, **and** that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or if devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate a willful intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

## REQUEST NO. 6

## Third Element- Illegal Sexual Activity

We do not object to the Government's proposed instruction on Illegal Sexual Activity.

## **REQUEST NO. 7**

### **Fourth Element- Age of Victim**

We do not object to the Government's proposed instruction on Age of Victim.

**REQUEST NO. 8**

**Venue**[5]

In addition to all the elements I have just described, you must consider the issue of venue. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties, and bodies of water and bridges over bodies of water within the boundaries of Manhattan, the Bronx, Brooklyn, Queens, and Staten Island.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York.

I should note that on this issue – and this alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. That phrase means the Government must prove that it is more likely than not that any act in furtherance of the crime occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant of this charge.

---

[5] Adapted from the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and the charge of the Honorable Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., *Modern Federal Jury Instructions*, Instr. 3-11.

## **REQUEST NO. 9**

## **Variance in Dates**

We do not object to the Government's proposed instruction on Variance in Dates.

## REQUEST NO. 10

## Particular Investigative Techniques Not Required[6]

[If Applicable]

You may have heard reference to the fact that certain investigative techniques [were or] were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you are not to speculate as to why certain techniques were used or why others were not used. Your concern is to determine whether or not, based on the evidence or lack of evidence, a defendant's guilty has been proven beyond a reasonable doubt.

---

[6] Adapted from the charge of Hon. William H. Pauley III in *United States v. Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012).

## REQUEST NO. 11

## Undercover Operation[7]

<mark>We object to this instruction but if the Court is inclined to instruct on Undercover Operations, we would propose the following:</mark>

You have heard evidence during the course of this trial that this case arose from a so-called undercover operation by law enforcement. In other words, an undercover law enforcement officer posed as the mother of a nine year old boy and seven year old girl. I am instructing you that the government is permitted to rely on such investigative techniques.

---

[7] Adapted from the charge of Hon. Alison J. Nathan in *United States v. Cook, et al.*, 13 Cr. 777 (AJN).

## **REQUEST NO. 12**

### **Stipulations**

We do not object to the Government's proposed instruction on Stipulations.

# REQUEST NO. 13

## Law Enforcement and Government Employee Witnesses[8]

You have heard testimony from law enforcement officers and employees of the federal government, including the Federal Bureau of Investigation. The fact that a witness may be employed by the FBI or a government agency does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[8] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16

## **REQUEST NO. 14**

### **Testimony of Experts**

We do not object to the Government's proposed instruction on the Testimony of Experts.

## REQUEST NO. 15

## Preparation of Witnesses[9]

We oppose this instruction unless the evidence regarding an attorney's meeting with a witness has been the subject of trial testimony. If the Court is inclined to instruct on the Preparation of Witnesses, we would request the following instruction:

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before they appeared in court. There is nothing unusual or improper about a witness meeting with lawyers before testifying. The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

---

[9] Adapted from the charge of Hon. Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999); Sixth Circuit Pattern Criminal Jury Instructions 8.04.

## REQUEST NO. 16

### Uncalled Witnesses- Equally Available

We do not object to the Government's proposed instruction on Uncalled Witnesses.

## REQUEST NO. 17

## Limiting Instruction- Similar Act Evidence

We do not object to the Government's proposed Limiting Instruction for Similar Act Evidence.

## REQUEST NO. 18

## Charts and Summaries (In Evidence)

We do not object to the Government's proposed instruction Charts and Summaries (In Evidence).

## REQUEST NO. 19

## Charts and Summaries (Not in Evidence)[10]

(If Applicable)

There were summary charts and exhibits that were shown to you but not admitted into evidence. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

---

[10] Sand, *Modern Federal Jury Instructions*, Instr. 5-13.

## REQUEST NO. 20

## Use of Text Messages, Chats, Emails, Recordings, and Social Media

We object to this instruction in the absence of any argument or suggestion by the defense that the messages admitted into evidence were improperly obtained.

## REQUEST NO. 21

## Defendant's Testimony[11]

### (If Defendant Testifies)

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and Mr. Bright is presumed innocent.

In this case, Mr. Bright did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the government to prove the charges beyond a reasonable doubt. Mr. Bright did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate his testimony just as you would the testimony of any witness. You should not disregard or disbelieve his testimony simply because he is charged as the defendant.

I also remind you that Mr. Bright's decision to testify does not in any way shift the burden of proof to him. Do not ask yourself whether his testimony convinces you of his innocence. Rather, you must consider all the evidence or lack of evidence, and ask yourselves whether or not the prosecution has proven the charge beyond a reasonable doubt.

---

[11] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-4; *see also* Charge in *United States v. John E. Cabrera*, 18 Cr. 92 (KPF); Charge in *United States v. Jose De La Cruz-Ramirez*, 97 Cr. 711 (RPP).

# REQUEST NO. 22

## Defendant's Right Not to Testify[12]

### (If Defendant Does Not Testify)

Mr. Bright did not testify in this case. Under our Constitution he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove him guilty beyond a reasonable doubt.

As I stated earlier, this burden remains with the prosecution throughout the entire trial and never shifts to Mr. Bright. He is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others . . . [may] confuse and embarrass [a defendant] to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not attach any significance to Mr. Bright's decision not to testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against Mr. Bright in any way in your deliberations.

---

[12] Adapted from Charge in *United States v. Flanagan*, 95 Cr. 105 (JSM) (quoting *Wilson v. United States*, 149 U.S. 60, 66 (1893)) and Sand, *Modern Federal Jury Instructions*, 5-21; *see also Carter v. Kentucky*, 450 U.S. 288, 300 n.15 (1981); *Griffin v. California*, 380 U.S. 609, 613 (1965).

## **REQUEST NO. 23**

## **Character Witness**[13]

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate]. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

---

[13] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15.

## **REQUEST NO. 24**

## **Redaction of Evidentiary Items**

## **(If Applicable)**

We do not object to the Government's proposed instruction on Redaction of Evidentiary Items.

## **REQUEST NO. 25**

### **Conclusion**

We do not object to the Government's proposed instruction on the Conclusion, excluding the last paragraph.

# REQUEST NO. 26

## Improper Considerations- Nature of the Crime Charged[14]

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment. It would be improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

---

[14] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 2-11.

## REQUEST NO. 27

## Duty to Deliberate[15]

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

---

[15] Adapted from Sixth Circuit Pattern Criminal Jury Instructions 8.04.

**REQUEST NO. 28**

**Theory of Defense**[16]

Mr. Bright requests the opportunity to submit a theory of defense charge to the Court at the close of the evidence.

Dated: New York, New York

January 24, 2020

Respectfully submitted,

_____/s/_____

Amy Gallicchio, Esq.
Zawadi Baharanyi, Esq.
Assistant Federal Defender
Attorneys for Peter Bright
(212) 417-8728

---

[16] *See, e.g.*, *United States v. Doe*, 916 F.2d 41, 47 (2d Cir. 1990).