

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 9, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York  10007

>       Re:    **United States** v. **Peter Bright**, 19 Cr. 521

Dear Judge Castel:

On February 7, 2020, the Court held a final pretrial conference at which it addressed the parties' motions *in limine*. The Government writes to advise the Court that the parties have resolved all remaining disagreements except for the following.

First, the Government seeks to introduce, pursuant to Federal Rule of Evidence 404(b), a portion of the defendant's post-arrest statement in which the defendant states, in substance, that he "would be happy to meet up with" a 17 year-old girl, and it was possible the meeting would have been sexual.[1] A transcript of the disputed clip is attached. For the reasons more fully stated in the parties' briefs, (*see* ECF Doc. No. 29 at 7 (defense brief) and Doc. No. 31 at 4 & n.2 (Government brief), the Government believes that this statement is relevant to the defendant's stated intent to report child exploitation to law enforcement. The defense disagrees because this clip does not speak to Mr. Bright's intent to report the 17 year-old to law enforcement. Additionally, the defense believes this statement is irrelevant because any sexual contact with a 17 year-old girl would not be unlawful under New York State law.

Second, the Government intends to offer the complete body of chat messages between the defendant and the undercover agent. One of the defendant's messages attaches a photograph of the defendant's penis. The defense believes the photograph should be precluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the defendant's privacy interest. The defense is willing to stipulate to the fact that Mr. Bright sent a picture of his penis. The Government believes the photograph — which was sent by the defendant in the course of the charged conduct — speaks to the defendant's intent to engage in sexual activity; its graphic nature is precisely what makes it probative. As a courtesy to the defendant, the Government is

---

[1] In other portions of the post-arrest statement, which the Court addressed on February 7, 2020, the defendant advised that the same 17 year-old girl told the defendant she "sometimes goes to Manhattan and turns tricks," but the defendant did not want to get law enforcement involved.

The Honorable P. Kevin Castel
Page 2

prepared to offer but not publish the full photograph,[2] such that it will be available to the jury but not publicly presented, and to blur or redact the image in any public filings.

The parties are prepared to address these issues with the Court before jury selection on February 11, 2020.

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York

                      by: /s/ Alexander Li
                           Alexander Li
                           Timothy Howard
                           Assistant United States Attorneys
                           (212) 637-2265/-2308

---

[2] The Government will publish a text message that includes a small thumbnail of the photograph at issue.