```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,

 4              v.                          19 CR 521 (PKC)

 5    PETER BRIGHT,

 6                  Defendant.
                                           Trial
 7    ------------------------------x

 8                                         New York, N.Y.
                                           February 14, 2020
 9                                         10:05 a.m.

10    Before:

11
                         HON. P. KEVIN CASTEL,
12
                                           District Judge
13                                         -and a Jury-

14                             APPEARANCES

15    GEOFFREY S. BERMAN
           United States Attorney for the
16         Southern District of New York
      BY:  ALEXANDER LI
17         TIMOTHY TURNER HOWARD
           Assistant United States Attorneys
18
      DAVID E. PATTON
19         Federal Defenders of New York, Inc.
           Attorney for Defendant
20    BY:  AMY GALLICCHIO
           ZAWADI S. BAHARANYI
21         Assistant Federal Defenders

22    Also Present:
      Elizabeth Jensen, FBI
23    Ariella Fetman, Government Paralegal
      Alondra Rayes, Defense Paralegal
24    Jason Fisher, Technical Support

25
```

1          (Trial resumed)

2          (In open court; jury not present)

3          THE COURT:  Please be seated.  Good morning.

4          Any objection to the verdict form tendered by the

5     government?

6          MS. GALLICCHIO:  No, your Honor.

7          THE COURT:  Okay.  It's been marked as Court Exhibit

8     4, and the final instructions have been marked as Court Exhibit

9     5.  They're being handed out.  I will bring our jury in.

10          (In open court; jury present)

11          THE COURT:  Good morning, ladies and gentlemen.

12          You'll have to excuse my voice, if it's a little bit

13     scratchy.  I have something going on.  We'll take a stretch

14     break now and again during the instructions.

15          So, members of the jury, you have heard all of the

16     evidence in the case, as well as the file arguments of the

17     parties.  We've reached the point where you're about to

18     undertake your final function as jurors.

19          You have paid careful attention to the evidence, and I

20     am confident that you will act together with fairness and

21     impartiality to reach a just verdict in this case.

22          It has been my duty to preside over the trial and to

23     decide what testimony and evidence was relevant under the law

24     for you to consider.

25          My duty at this point is to instruct you as to the

1  law.  It's your duty to accept these instructions of law and to

2  apply them to the facts as you determine them.  If any attorney

3  has stated a principle of law different from any I state to you

4  now in my instructions, it is my instructions that you must

5  follow.  You must not substitute your own ideas of what the law

6  is or ought to be.

7       You are not to infer from any of my questions or

8  rulings or anything else I have said or done during the trial

9  that I have any view as to the credibility of the witnesses or

10 how you should decide the case.

11      I will give you the typed text of these instructions

12 for your use in the jury room.  It is possible that there is a

13 slight variation between the words, a slight or not slight

14 variation between the words, I have spoken and the typed text

15 that I will give you.  It is the words I have spoken that

16 control over the typed text.

17      As members of the jury, you are the sole and exclusive

18 judges over the facts.  You pass upon the evidence.  You

19 determine the credibility of the witnesses.  You resolve such

20 conflicts as there may be in the testimony.  You draw whatever

21 reasonable inferences you decide to draw from the facts as you

22 have determined them.

23      You determine the weight of the evidence.  You have

24 taken the oath as jurors, and it is your sworn duty to

25 determine the facts and follow the law as I give it to you.

1          It is the duty of the attorneys to object when the

2     other side offers testimony or other evidence that the attorney

3     believes is not is properly admissible.  Therefore, you should

4     draw no inference from the fact that an attorney objected to

5     any evidence.  Nor should you draw any inference from the fact

6     that I sustained or overruled an objection.

7          Your verdict must be based solely upon the evidence

8     developed at trial or the lack of evidence.  The parties in

9     this case are entitled to a trial free from prejudice about a

10    party's race, religion, national origin, sex, or age.  Our

11    judicial system cannot work unless you reach your verdict

12    through a fair and impartial consideration of the evidence.

13         Similarly, under your oath as jurors, you're not to be

14    swayed by sympathy.  Once you let prejudice, fear, bias,

15    feelings about the nature of the crime charged, or sympathy

16    interfere with your thinking, there is a risk that you will not

17    arrive at a just and true verdict.  Your verdict must be based

18    exclusively upon the evidence or the lack of the evidence.

19         The fact that the prosecution has brought in the name

20    of the United States of America entitles the government to no

21    greater and no lesser consideration than accorded to any other

22    party to a litigation.  All parties, whether the government or

23    an individual, stand as equals under the law.

24         The defendant in this case, Peter Bright, has entered

25    a plea of not guilty to the indictment.  The law presumes a

1    defendant to be innocent of all the charges against him.

2         The defendant is to be presumed by you to be innocent

3    through your deliberations until such time, if ever, that you,

4    as a jury, are satisfied that the government has proven

5    defendant's guilt beyond a reasonable doubt.

6         The presumption of innocence alone is sufficient to

7    require an acquittal of a defendant unless and until, after

8    careful and impartial consideration of all the evidence, you as

9    jurors are convinced unanimously of defendant's guilt beyond a

10   reasonable doubt.

11        The question naturally comes up is:  What is a

12   reasonable doubt?  The words almost define themselves.  It's a

13   doubt founded in reason and arising out of the evidence or the

14   lack of evidence.  It is a doubt that a reasonable person has

15   after carefully weighing all the evidence.

16        Proof beyond a reasonable doubt therefore must be

17   proof of such a convincing nature that a reasonable person

18   would not hesitate to rely and act upon it in the most

19   important of his or her own affairs.

20        Proof beyond a reasonable doubt is not proof beyond

21   all possible doubt.  Reasonable doubt is a doubt that appeals

22   to your reason, your judgment, your experience, your common

23   sense.  It is not caprice, whim, or speculation.  It is not an

24   excuse to avoid the performance of an unpleasant duty.  It is

25   not sympathy for the defendant.

1          The government must prove each and every element of

2    the crime charged beyond a reasonable doubt.  The burden never

3    shifts to the defendant.  The law never imposes upon a

4    defendant in a criminal case the burden of calling any

5    witnesses or producing any evidence.

6          Even if Mr. Bright has presented evidence in his

7    defense, as he has, it is not his burden to prove himself

8    innocent.  The fact that one party called more witnesses and

9    introduced more evidence does not mean that you should find in

10   favor of that party.  It is the quality of the evidence that

11   matters.

12         If, after a fair and impartial consideration of all

13   the evidence, you can honestly say that you are not satisfied

14   of the guilt of a defendant, that is, if you have such a doubt

15   as would cause you as a prudent person to hesitate before

16   acting in matters of importance to yourself, then you have a

17   reasonable doubt.  In that circumstance, it's your duty to

18   return a not-guilty verdict for the defendant.

19         On the other hand, if, after a fair, impartial, and

20   careful consideration of all of the evidence, you can honestly

21   say that you are satisfied of the guilt of a defendant and that

22   you do not have a doubt that would prevent you from acting in

23   important matters in the personal affairs of your own life,

24   then you have no reasonable doubt.  Under that circumstance,

25   you should return a verdict of guilty for the defendant.

 1          The evidence in this case is the sworn testimony of

 2   the witnesses, the exhibits received into evidence, and the

 3   stipulations made by the parties.

 4          By contrast, the questions of a lawyer are not

 5   evidence.  It is the witness' answers that are evidence, not

 6   the questions.  It's the answer, together with the question,

 7   that makes it evidence.

 8          Testimony that has been stricken or excluded by me is

 9   not evidence and may not be considered by you in rendering your

10   verdict.  If I have instructed you that evidence is received

11   for only a limited purpose, which I did with certain evidence,

12   then it may be considered only for that purpose.

13          Arguments by lawyers are not evidence because the

14   lawyers are not witnesses.  What the lawyers have said to you

15   in their opening statements and in their summations is intended

16   to help you understand the evidence.  If, however, your

17   recollection of facts differs from the lawyers' statements,

18   it's your recollection that controls.

19          To constitute evidence, exhibits must first be

20   admitted or received in evidence.  Exhibits marked for

21   identification but not admitted are not evidence.  Nor are

22   materials brought forth only to refresh a witness'

23   recollection.  It is for you alone to decide the weight, if

24   any, to be given to the testimony you have heard and the

25   exhibits you have seen.

1          Generally, there are two types of evidence that you

2    may consider in reaching your verdict.  One type is direct

3    evidence.  Direct evidence is when a witness testifies about

4    something he or she knows by virtue of his or her own senses,

5    something he or she has seen, felt, touched, or heard.

6          Circumstantial evidence is evidence from which you may

7    infer the existence of certain facts.  Let me give you an

8    example to help you understand what is meant by "circumstantial

9    evidence."

10          So this morning, we have a bright sun out.  It is

11    cold, and you can see the sun through the window.  But I want

12    you to imagine that there were dark, heavy draperies in this

13    courtroom that covered all light coming into the courtroom.

14    You couldn't see whether it was day or night or what the

15    weather was.

16          And now I want you to consider that the back doors of

17    the courtroom opened and somebody came in carrying an umbrella

18    that appeared to be wet and, a few moments later, another

19    person came in with a raincoat on and was brushing off the

20    shoulders of the raincoat.

21          Now, remember.  You can't see outside.  So you don't

22    know whether it's sunny or dark or what the weather is.  But

23    from the combination of facts that I have described for you, it

24    would be reasonable for you to infer that it had been raining.

25          That's what circumstantial evidence is.  It's

1   inferring on the basis of reason and experience and common

2   sense from one established fact the existence or nonexistence

3   of some other fact.

4          Circumstantial evidence is of no less value than

5   direct evidence.  The law makes no distinction between direct

6   evidence and circumstantial evidence that is relevant in this

7   case.  It simply requires that your verdict must be based on

8   all the evidence presented.

9          You have had the opportunity to observe all the

10  witnesses.  It is now your job to decide how believable each

11  witness was in his or her testimony.  You are the sole judges

12  of the credibility of each witness and of the importance of his

13  or her testimony.

14         You should carefully scrutinize all of the testimony

15  of each witness, the circumstances under which each witness

16  testified, the impression the witness made when testifying, and

17  any other matter in evidence that may help you decide the truth

18  and the importance of each witness' testimony.

19         In other words, in assessing credibility, you may size

20  up a witness in light of his or her demeanor, the explanations

21  given, and all of the other evidence in the case.  In making

22  your credibility determinations, use your common sense, your

23  good judgment, and your everyday experiences in life.

24         If you believe that a witness knowingly testified

25  falsely concerning any important matter, whether at trial or in

1    a prior proceeding, you may distrust the witness' testimony

2    concerning other matters.  You may reject all of the testimony,

3    or you may accept such parts of the testimony that you believe

4    are true and give it such weight as you think it deserves.

5            In deciding whether to believe a witness, you may take

6    account of any evidence of hostility or affection that the

7    witness may have towards the defendant or the government.

8            You may consider any evidence that a witness may

9    benefit in some way from the outcome of the case and any

10    loyalty, incentive, or motive that might cause a witness to

11    shade the truth.

12            You should carefully scrutinize all of the testimony

13    of each witness, the circumstances under which each witness

14    testified, and any other matter in evidence that may help you

15    decide the truth and importance of each witness' testimony.

16            In deciding whether or not a witness was truthful, ask

17    yourself:  How did the witness appear?  Was the witness candid,

18    frank, and forthright, or did the witness seem evasive or

19    suspect in some way?

20            How did the way the witness testified on direct

21    examination compare with how the witness testified on

22    cross-examination?  Was the witness consistent or

23    contradictory?  Did the witness appear to know what he or she

24    was talking about?  Did the witness have the opportunity to

25    observe the facts he or she testified about?

1          It is your duty to consider whether the witness has

2     permitted any bias or interest to color his or her testimony.

3     In short, if you find that a witness is biased, you should view

4     his or her testimony with caution, weigh it with care, and

5     subject it to close and searching scrutiny.

6          Of course, the mere fact that a witness is interested

7     in the outcome of the case does not mean that he or she has not

8     told the truth.  It is for you to decide, from your

9     observations and applying your common sense and other

10    experience and all of the other considerations mentioned,

11    whether the possible interest of any witness has intentionally

12    or otherwise colored or distorted his or her testimony.

13         You're not required to disbelieve an interested

14    witness.  You may accept as much of his or her testimony as you

15    deem reliable and reject as you much as you deem unworthy of

16    acceptance.

17         You have heard the testimony of law enforcement

18    officers and a government employee.  The fact that a witness

19    may be employed by the federal, state, or local government as a

20    law enforcement officer or a government employee does not mean

21    that his or her testimony is deserving of more or less

22    consideration or greater or lesser weight than that of an

23    ordinary witness.

24         It is fair for you to consider whether the testimony

25    of a law enforcement witness has been colored by a personal or

1    professional bias or interest in the outcome of the case.

2          It is your decision, after reviewing all of the

3    evidence, whether to accept the testimony of the law

4    enforcement witnesses and government employee witness and to

5    give that testimony whatever weight, if any, you find it

6    deserves.

7          The testimony of a witness may be discredited by

8    showing that the witness testified inconsistently concerning a

9    material matter or by evidence that at some other time, the

10   witness said or did something or failed to say or do something

11   which is inconsistent with the testimony the witness gave at

12   this trial.

13         Evidence of a prior inconsistent statement may not be

14   considered by you as affirmative evidence of the fact asserted

15   in the statement or the defendant's guilt.

16         Evidence of the prior inconsistent statement was

17   placed before you for the more limited purpose of helping you

18   decide whether to believe the trial testimony of the witness

19   who may have contradicted himself or herself.

20         If you find that the witness made an earlier statement

21   that conflicts with his or her trial testimony, you may

22   consider that fact in deciding how much of his or her trial

23   testimony, if any, to believe.

24         If you believe that a witness has been discredited in

25   this manner, it is exclusively your right to give the testimony

1    of that witness whatever weight you think it deserves.

2           In making this determination, you may consider whether

3    the witness purposely made a false statement or whether it was

4    an innocent mistake, whether the inconsistency concerns an

5    important fact or whether it had to do with a small detail,

6    whether the witness had an explanation for the inconsistency,

7    and whether the explanation appealed to your common sense.

8           You have heard evidence of certain statements made by

9    the defendant to the FBI.  Ultimately, you are to give the

10   statements such weight, if any, as you feel they deserve, in

11   light of all the circumstances.

12          You have heard recordings of the defendant's

13   post-arrest statement to the FBI.  In these recordings, only

14   Mr. Bright's statements are evidence.  The statements and

15   questions of the FBI agents are not evidence in and of

16   themselves.

17          Among the exhibits in evidence, some documents are

18   redacted.  You'll remember I told you that "redacted" means

19   that part of the document was covered.  You are to concern

20   yourself only with the part of the item that has been admitted

21   into evidence.  You should not consider any possible reason why

22   the other part of it was covered.

23          In this case, you've heard evidence in the form of

24   stipulations of fact.  A stipulation of fact is an agreement

25   between the parties that a certain fact is true.  You must

1    regard such agreed-upon fact as true.  The weight or importance

2    of the fact, however, is a matter for you, the jury, to decide.

3              You have heard testimony about evidence seized or

4    obtained in connection with searches conducted by law

5    enforcement officers or otherwise obtained by law enforcement.

6    Evidence obtained by law enforcement in this case was properly

7    admitted and may be properly considered by you.  Such searches

8    in this case were appropriate law enforcement actions.

9              Whether you approve or you disapprove of how this

10   evidence was obtained should not enter into your deliberations

11   because I now instruct you that the government's use of this

12   evidence is entirely lawful.

13             You must therefore, regardless of your personal

14   opinions, give this evidence full consideration, along with all

15   other evidence in this case, in determining whether the

16   government has proved the defendant's guilt beyond a reasonable

17   doubt.

18             There is no legal requirement that law enforcement

19   agents investigate crimes in a particular way or that the

20   government prove its case through any particular means.

21             While you're to carefully consider the law enforcement

22   evidence introduced by the government, you are not to speculate

23   as to why they used the techniques they did or why they did not

24   use other techniques.

25             The government is not on trial.  Law enforcement

1   techniques are not your concern.  Your concern is to determine

2   whether, on the evidence or the lack of evidence, the

3   defendant's guilt has been proven beyond a reasonable doubt.

4           You've heard evidence during the course of this trial

5   that this case arose from a so-called "undercover operation" by

6   law enforcement.  The government is permitted to rely on such

7   investigative techniques.  Any opinions that you may have about

8   the use of undercover agents should not enter into your

9   deliberations in any way.

10          You've heard evidence during the trial that witnesses

11  have discussed the facts of the case and their testimony with

12  lawyers before the witness appeared in court.  You may consider

13  that fact when you're evaluating a witness' credibility.

14          There is nothing either unusual or improper about a

15  witness meeting with lawyers before testifying so that the

16  witness can be aware of the subjects he or she will be

17  questioned about, focus on those subjects, and have the

18  opportunity to review relevant exhibits before being questioned

19  about them.

20          Such consultation helps conserve your time and the

21  Court's time.  In fact, it would be unusual for a lawyer to

22  call a witness without such consultation.

23          You have heard testimony from what is called an

24  expert witness, Dr. Cantor.  An expert witness is a witness

25  who, by education or experience, has acquired learning or

1    expertise in a specialized area of knowledge.  Such witnesses

2    may give testimony as to relevant matters to which they profess

3    to be an expert and give their reasons for the expression of

4    their testimony.

5         Expert testimony is presented to you on the theory

6    that someone who is experienced in a specialized field can

7    assist you in understanding the evidence or in reaching an

8    independent decision on the facts.

9         Your role in judging credibility applies to experts,

10   as well as to other witnesses.  You should consider the

11   expert's testimony which was received in evidence and give it

12   as much or as little weight as you think it deserves.

13        If you believe that the testimony of an expert was not

14   based on sufficient educational experience or on sufficient

15   data or if you conclude that the trustworthiness or credibility

16   of an expert is questionable or if the testimony is outweighed,

17   in your judgment, by other evidence in the case, then you might

18   disregard such portion as, in your judgment, is not in accord

19   with the evidence.

20        On the other hand, if you find the testimony is based

21   on sufficient data, education, and experience and the other

22   evidence does not give you reason to doubt the testimony, you

23   would be justified in placing reliance on the testimony.

24        The government has offered evidence that on different

25   occasions, the defendant may have engaged in conduct similar to

1    the charge in the indictment.  Let me remind you that the

2    defendant is not on trial for committing acts that are not

3    alleged in the indictment.

4         Accordingly, you may not consider the evidence of the

5    defendant's prior conduct as a substitute for proof that the

6    defendant committed the crime charged.  Nor may you consider

7    this evidence as proof that the defendant has a criminal

8    personality or bad character.

9         The evidence of the other similar acts was admitted

10   for a much more limited purpose, and that was for you to decide

11   whether it has any bearing on the defendant's intent at the

12   time of the charged crime.  And you may consider it only for

13   that limited purpose.

14        If you determine that the defendant committed the acts

15   charged in the indictment and the similar acts as well, then

16   you may -- but you need not -- draw an inference that in doing

17   the acts charged in the indictment, the defendant acted

18   knowingly and intentionally and not because of some mistake,

19   accident, or other innocent reasons.

20        Evidence of similar acts may not be considered by you

21   for any other purpose.  Specifically, you may not use this

22   evidence to conclude that because the defendant committed the

23   other act or acts, he must also have committed the acts charged

24   in the indictment.

25        The defendant in a criminal case never has a duty to

1    testify or to come forward with any evidence.  That is because,

2    as I've instructed you, the burden of proof beyond a reasonable

3    doubt remains with the government at all times and the

4    defendant is presumed innocent and he is never required to

5    prove that he is innocent.

6            In this case, the defendant did testify, and he was

7    subject to cross-examination, like any other witness.  You

8    should examine and evaluate his testimony just as you would the

9    testimony of any witness.

10           I instruct you that anything you may have seen or

11   heard about the case outside the courtroom is not evidence and

12   must be disregarded.  Indeed, as I have instructed you

13   throughout this case, you may not read, view, or listen to any

14   media or press report or internet or social media posting about

15   this case or about the people or issues referred to during the

16   trial.

17           Your verdict must be based solely on the evidence or

18   lack of evidence that came out in this courtroom and the

19   Court's instructions on the law.

20           Ladies and gentlemen, you're welcome to stand up and

21   stretch.

22           (Pause)

23           THE COURT:  With these instructions in mind, I'll turn

24   to the substantive law to be applied in this case.

25           The defendant, Peter Bright, has been formally charged

1    in what is called an indictment.  An indictment is simply an

2    accusation.  It is no more than the means by which a criminal

3    case is started.

4         It is not evidence.  It is not proof of defendant's

5    guilt.  It creates no presumption and permits no inference that

6    a defendant is guilty.  You are to give no weight to the fact

7    that an indictment has been returned against the defendant.

8         I will give you a copy of the indictment which you

9    will have with you in the jury room.

10        Let me summarize the charge though.  The indictment

11   charges that from on or about April 18, 2019, up to and

12   including on or about May 22, 2019, in the Southern District of

13   New York and elsewhere -- the Southern District includes

14   Manhattan and the Bronx and Westchester, Dutchess, Orange,

15   Rockland, Putnam, and Sullivan Counties -- the defendant

16   willfully and knowingly used a facility and means of interstate

17   and foreign commerce to persuade, induce, entice, and coerce an

18   individual who has not attained the age of 18 years to engage

19   in sexual activity for which a person can be charged with a

20   criminal offense and attempted to do the same, namely, that the

21   defendant used computers and/or telephones to communicate with

22   an undercover FBI agent about arranging to engage in sexual

23   activity with a purported nine-year-old boy and seven-year-old

24   girl and attempted to meet with the boy and girl to engage in

25   sexual activity in violation of New York Penal Law.

1              So that's the charge.  That's the allegation.

2     Mr. Bright has pleaded not guilty and is presumed innocent of

3     the charge.  In order for you to convict the defendant of the

4     charge, it is necessary for to you find that the government has

5     proven each and every element of the charge beyond a reasonable

6     doubt.

7              Now, to sustain its burden of proof with respect to

8     the charge of attempting to persuade, induce, entice, or coerce

9     a minor under 18 years of age to engage in illegal sexual

10    activity, the government must prove beyond a reasonable doubt

11    the following four elements.

12             Now, I'm going to give you what the four are, and then

13    I'm going to walk you through each of the four.

14             The first is that the defendant knowingly used a

15    facility or means of interstate commerce; second, that the

16    defendant knowingly persuaded, induced, enticed, or coerced an

17    individual to engage in sexual activity or attempted to do so.

18             Third, that the sexual activity would violate New York

19    state law; and fourth, that the individual was less than 18

20    years old at the time of the acts alleged in the indictment or

21    that the defendant believed the defendant was less than 18

22    years old.

23             The first element that the government must prove

24    beyond a reasonable doubt is the defendant used a facility of

25    interstate or foreign commerce as alleged in the indictment.

1          Transmission of communication by means of a telephone

2     or the internet constitutes the use of a facility of interstate

3     commerce, regardless of whether the communication actually

4     crossed a state line.

5          However, you must find beyond a reasonable doubt that

6     the specific communication in question was actually transmitted

7     by means of a telephone or the internet.

8          The second element the government must prove beyond a

9     reasonable doubt is that the defendant knowingly persuaded,

10    induced, enticed, or coerced someone to engage in sexual

11    activity or that he attempted to do so.  We'll talk about who

12    the "someone" must be in a moment.  But for the moment, there

13    must be that element.

14         The government does not have to prove that the

15    defendant communicated directly with the person.  Communication

16    with a third party whose role was to persuade, induce, entice,

17    or coerce the person is sufficient to establish this element.

18         To act knowingly is to act voluntarily and purposely

19    and not by accident or mistake.  The terms "persuade,"

20    "induce," "entice," or "coerce" are words of common usage, and

21    you some apply their common or everyday meaning to the evidence

22    in this case.

23         Now, science, as we talked about during jury

24    selection, has not devised yet a manner of looking into a

25    person's mind and knowing what that person is thinking.  Rarely

1    is direct proof of state of mind available, and direct proof is

2    not required.

3          However, you do have before you evidence of certain

4    acts alleged to have taken place and certain physical evidence

5    that may or may not help you infer what was going on in

6    someone's mind.

7          Mere intention to commit a specific act does not

8    amount to an attempt.  In order to establish the second

9    element, the government must prove beyond a reasonable doubt:

10         First, that the defendant intended to persuade,

11   induce, entice, or coerce a minor to engage in a sexual act;

12   and second, that the defendant willfully took some action that

13   was a substantial step in an effort to bring about or

14   accomplish the crime.

15         In determining whether the actions amounted to a

16   substantial step towards the commission of the crime, you must

17   distinguish between mere preparation, on the one hand, and the

18   actual doing of the criminal deed, on the other.

19         Mere preparation, which may consist of planning the

20   offense or devising, obtaining, or arranging the means for its

21   commission, is, without more, not an attempt, although some

22   preparations may amount to an attempt.

23         The acts of a person who intends to commit a crime

24   constitute an attempt when the acts themselves clearly indicate

25   a willful intent to commit the crime and the acts are a

1    substantial step in a course of conduct planned to culminate in

2    the commission of the crime.

3            There is no requirement that the attempt be successful

4    or that the defendant actually have carried out the crime he

5    was trying to commit.

6            The third element that the government must prove

7    beyond a reasonable doubt is that the sexual activity, if

8    completed, would violate New York state law.

9            The indictment alleges that the defendant attempted to

10   persuade a person to engage in sexual activity in violation of

11   New York Penal Law, rape in the third degree, rape in the

12   second degree, rape in the first degree, sexual abuse in the

13   third degree, sexual abuse in the second degree, and sexual

14   abuse in the first degree.

15           A person commits rape in the third degree when he or

16   she engages in sexual intercourse with another person, the

17   other person is less than 17 years old, and the actor is 21

18   years old or older.

19           A person commits rape in the second degree when he or

20   she engages in sexual intercourse with another person, the

21   other person is less than 15 years old, and the actor is 18

22   years old or older.

23           A person commits rape in the first degree when he or

24   she engages in sexual intercourse with a person who is less

25   than 11 years old.

1    A person commits sexual abuse in the third degree when

2    he or she subjects another person to sexual contact without the

3    other person's consent.

4    A person commits sexual abuse in the second degree

5    when he or she subjects another person to sexual contact and

6    the other person is less than 14 years old.

7    A person commits sexual abuse in the first degree when

8    he or she subjects another person to sexual contact and the

9    other person is less than 11 years old.

10    A person also commits sexual abuse in the first degree

11    when he or she subjects another person to sexual contact, the

12    other person is less than 13 years old, and the actor is 21

13    years old or older.

14    Under New York state law, "sexual contact" means any

15    touching of the sexual or other intimate parts of a person for

16    the purpose of gratifying the sexual desire of the other party.

17    It includes the touching of the actor by the victim,

18    as well as the touching of the victim by the actor, whether

19    directly or through clothing, as well as the emission of

20    ejaculate by the actor upon any part of the victim, clothed or

21    unclothed.

22    Under New York state law, sexual intercourse has its

23    ordinary meaning and occurs upon any penetration, however

24    slight.

25    Under New York state law, for a sexual act to be

1  criminal, it must be committed without the consent of the

2  victim.  Under New York law, the lack of consent can result

3  from an incapacity to consent.  A person is deemed incapable of

4  consent, under New York law, when he or she is under 17 years

5  of age.

6        The final element that the government must prove

7  beyond a reasonable doubt is that the person was actually under

8  the age of 18 or that the defendant believed the person was

9  under the age of 18.

10       It is not a defense to the charge that the person was

11 not in fact under 18 years old, as long as the defendant

12 believed him or her to be under 18 years of age.

13       In addition to all of the elements I've described, you

14 must consider the issue of venue.  Venue is whether any fact in

15 furtherance of the crime charged occurred in the Southern

16 District of New York, which, as I mentioned, includes

17 Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess,

18 Orange, and Sullivan Counties and bodies of water and bridges

19 over bodies of water within the boundaries of Manhattan, the

20 Bronx, Brooklyn, Queens, and Staten Island.

21       The government does not need to prove that the crime

22 was committed in the Southern District of New York or that the

23 defendant was present here.  It's sufficient that any act in

24 furtherance of the crime charged occurred here.

25       Unlike the other elements of the charge, the

1    government need only prove venue by a preponderance of the

2    evidence, not beyond a reasonable doubt.

3           A preponderance of the evidence means that it is more

4    likely than not that any act in furtherance of the crime

5    occurred in the Southern District of New York.

6           If you find that the government failed to prove the

7    venue requirement by a preponderance of the evidence, then you

8    must find the defendant not guilty.

9           You will note that the indictment alleges that certain

10   acts occurred on or about various dates.  It is not essential

11   that the government prove that the defendant attempted to

12   entice a child on these particular dates.  The law requires

13   only a substantial similarity between the dates alleged in the

14   indictment and the dates established by the evidence.

15          The defense contends that Mr. Bright never intended to

16   entice an actual seven-year-old and nine-year-old to engage in

17   illegal sexual activity.  The defense contends that Mr. Bright

18   believed that he and the undercover agent were engaged in

19   age-based role play or age play until the agent sent Mr. Bright

20   photographs of what appeared to be children.

21          The defense contends that Mr. Bright met with the

22   undercover agent with the intent to gather evidence to report

23   her to law enforcement, not with the intent to engage in

24   illegal sexual activity with the purported children.

25          Ladies and gentlemen, stand up and stretch if you'd

1   like.

2          (Pause)

3          THE COURT:  The possible punishment of a defendant, in

4   the event of conviction, is not a proper consideration for the

5   jury and should not in any way enter into or influence your

6   deliberations.

7          The duty of imposing a sentence is on the Court and

8   the Court alone, the judge.  Your function is to weigh the

9   evidence and to determine whether the defendant has been proven

10  guilty based upon the evidence and the law or has not been

11  proven guilty.

12         Therefore, I instruct you not to consider possible

13  punishment in any way in your deliberations in this case.

14         I will allow the exhibits actually received into

15  evidence to go with you into the jury room.  If you want to

16  hear any audio recordings, let me know which one you want to

17  hear, and I'll bring you back into the courtroom, and it will

18  be played in the courtroom.

19         If you want any of the testimony read back, please

20  send out a note specifying what you want to hear, and we will

21  bring you back to the courtroom to read it back to you.  Please

22  be as specific as possible in making such a request.

23         If you want any further explanation of the law as I've

24  explained it to you, you may also request that.  Your request

25  for testimony, in fact, any communication with the Court,

1    should be made to me in writing, signed by your foreperson, and

2    given to the deputy marshal outside the courtroom.

3          In any event, do not tell me or anyone else how the

4    vote stands on any issue, in other words, what the vote

5    breakdown is, unless and until you reach a unanimous verdict.

6          I'm also sending a copy of the indictment, as I said,

7    and that's merely an accusation, not evidence of anything.

8          Some of you have taken notes periodically throughout

9    the trial.  Notes that any of you may have made may not be

10    given any greater weight or influence in determination of the

11    case than the recollections or impressions of other jurors,

12    whether from notes or from memory, with respect to the evidence

13    presented or what conclusions, if any, should be drawn from the

14    evidence.

15          Any difference between a juror's recollection and

16    another juror's notes should be settled by asking to have the

17    court reporter read back the transcript, for it is the court

18    record, rather than any juror's notes, upon which the jury must

19    base its determination of the facts and its verdict.

20          In a few moments, you'll retire to decide the case.

21    It is your duty as jurors to consult with one another and to

22    deliberate with a view to reaching an agreement.  Each of you

23    must decide the case for himself or herself, but you should do

24    so only after consideration of the case with your fellow

25    jurors.

1          You should not hesitate to change an opinion when

2     convinced that it is erroneous.  Your verdict must be

3     unanimous, but you're not bound to surrender your

4     conscientiously held beliefs concerning the effect or weight of

5     the evidence for the mere purpose of returning a verdict solely

6     because of the opinion of other jurors.

7          Discuss and weigh your respective opinions

8     dispassionately, without regard to sympathy, without regard to

9     prejudice or favor for either party, and adopt the conclusion

10    that in your good conscience appears to be in accordance with

11    the evidence and the Court's instructions on the law.

12         Please remember.  You are not partisans.  You are

13    judges of the fact, not representatives of a constituency or

14    cause.

15         If at any point you find yourself divided, do not

16    inform the Court of how the jurors are split.  Once you have

17    reached a verdict, do not announce what the verdict is until I

18    ask you to do so in this courtroom.

19         Once you get into the jury room, you must select a

20    foreperson who will be responsible for signing all

21    communications to the Court on behalf of the jury and for

22    handing them to the deputy marshal during your deliberations.

23    This should not be understood to mean that an individual cannot

24    send the Court a note, should the foreperson refuse to do so.

25         There is a verdict form for you to use to record your

1    decision.  After you've reached a verdict, the foreperson

2    should fill out one verdict form.  I think I'm going to give

3    you multiple copies, but one copy gets filled out and signed by

4    the foreperson with the date put on it.

5         Give a note to the deputy marshal that you have

6    reached a verdict.  In that note, do not say what the verdict

7    is.  The Court will then call you back into the courtroom for

8    the verdict to be read aloud.

9         I will stress that each of you must be in agreement

10   with the verdict as announced in court.  Once your verdict is

11   announced by your foreperson in open court and officially

12   recorded, it cannot ordinarily be revoked.

13        Your function now is to weigh the evidence in this

14   case and to determine whether the government has or has not

15   proven beyond a reasonable doubt the guilt of Defendant Peter

16   Bright with respect to the count in the indictment.

17        You must base your verdict solely on the evidence or

18   the lack of evidence and these instructions on the law.  I'm

19   sure that if you listen to the views of your fellow jurors and

20   if you apply your own common sense, you will reach a verdict in

21   accordance with the evidence and the law.

22        Finally, let me state that your oath sums up your

23   duty.  And that is:  Without fear or favor to anyone, you will

24   well and truly try the issues, based solely upon the evidence

25   or lack of evidence and the Court's instructions as to the law.

 1              Ladies and gentlemen, that concludes my instructions.

 2    You may stand up and stretch.  Don't talk about the case yet.

 3    I'm going to see the lawyers at sidebar, and then I'll give you

 4    a further instruction.

 5              (Continued on next page)

1            (At sidebar)

2            THE COURT:  Anything from the government?

3            MR. LI:  No, your Honor.

4            THE COURT:  Anything from the defendant?

5            MS. GALLICCHIO:  No, your Honor.

6            THE COURT:  All right.  This is what I propose to do:

7    I'm going to tell the alternate jurors that they're still on

8    jury duty; that they're not to discuss the case among

9    themselves or with anyone or read anything about the case,

10   because they're subject to recall, but to go about their daily

11   lives otherwise.  And that when a verdict is returned, we will

12   let them know.

13           All right?

14           MR. LI:  Yes.

15           MS. GALLICCHIO:  That's fine.

16           THE COURT:  You may return to your seats.

17

18

19

20

21

22

23

24

25

1          (In open court; jury present)

2          THE COURT:  Juror number 13, where are you?  Juror

3     number 14, 15, juror number 16, juror number 17, juror number

4     18, you're still on jury duty in this case.  You are subject to

5     being recalled in this case if there were some reason that one

6     of the other jurors could not continue.

7          So you're to go about your daily lives but continue to

8     follow the instructions that I have given to you as jurors, and

9     they include that you may not discuss the case among yourselves

10    or with any person or communicate about the case or do any

11    research about the case.

12          When the jury reaches a verdict or is otherwise

13    discharged in this case, we will telephone you so that you know

14    you are released of that restriction.  But you have my

15    admiration and respect and the gratitude of the entire judicial

16    system for your attention to this case and your service in this

17    case as a juror.

18          So we will all stand as you proceed to the jury room,

19    and I would ask you to collect your belongings and then depart

20    the jury room because the regular jurors will be entering, and

21    they will then begin their deliberations.

22          We now stand for you.

23          (In open court; alternate jurors not present)

24          THE COURT:  Please be seated.

25          Will the deputy marshal please come forward to have

1    the oath administered.

2            (Court security officer sworn)

3            THE COURT:  Ladies and gentlemen, you may now discuss

4    the case among yourselves.  I'm just going to ask the marshal

5    to check that our alternates have departed, and then you may go

6    in.

7            We have the exhibits, and we have the typed text of

8    the charge which we're going to give you and the verdict

9    sheets.  We have several copies of the indictment and of the

10   charge and, as I said, of the verdict sheet.  We also have the

11   exhibits received into evidence.

12           Have they been agreed upon?

13           MR. LI:  Yes, your Honor.

14           MS. GALLICCHIO:  Yes, your Honor.

15           THE COURT:  So, madam deputy, if you'll hand that to

16   one of the jurors.

17           (Pause)

18           THE COURT:  You may retire to the jury room.

19           (At 11:05 a.m., the jury retired to deliberate)

20           THE COURT:  We are in recess.  Thank you.

21           (Recess pending verdict)

22

23

24

25

1                         AFTERNOON SESSION

2                              3:30 p.m.

3            (In open court; jury not present)

4            THE COURT:  All right.  Please be seated.

5            The jury's note of 2:48 p.m. has been marked as Court

6    Exhibit 6.

7            Has the government received a copy of the note?

8            MR. LI:  Yes, your Honor.

9            THE COURT:  Have you reviewed it?

10           MR. LI:  We have, your Honor.

11           THE COURT:  The same question for the defense.

12           MS. GALLICCHIO:  Yes and yes.

13           THE COURT:  All right.  I want to read you something,

14   and I want to hear from both sides on it, and then we'll see

15   where we go:

16           "The Court has received the jury's note of 2:48 p.m.

17   and instructs you as follows:  The law makes it a crime to use

18   a facility or means of interstate commerce to knowingly

19   persuade, induce, entice, or coerce any individual who meets

20   the age limitations and requirements on which you have received

21   instructions to engage in any sexual activity for which any

22   person can be charged with a criminal offense or 'attempts to

23   do so.'

24           "Persuade, induce, entice, or coerce have the same

25   meaning that they have in everyday usage.  Every one of these

1  four terms suffices for the purposes of the statute, provided

2  that all other elements are proven.

3          "The law does not require that any 'sexual activity'

4  actually occur if a person knowingly persuades, induces,

5  entices, or coerces a person to engage in any sexual activity.

6  For example, one could knowingly entice a person to eat a piece

7  of candy, even though the person never eats the candy.

8          "Attempt is a different concept.  To prove that one

9  knowingly attempted to persuade, induce, entice, or coerce

10  requires proof that the person took a substantial step towards

11  committing the crime.

12          "A substantial step must be something more than mere

13  preparation yet may be less than the last act necessary before

14  the actual commission of the substantive crime.  It is an act

15  that strongly shows the firmness of the defendant's intent to

16  commit the actual crime.

17          "This note must be read in the context of all of the

18  instructions the Court has previously given you, including

19  those on the elements of the crime and burden of proof."

20          Let me hear from the government.

21          MR. LI:  The government agrees with the Court's

22  proposed instruction.

23          THE COURT:  Let me hear from the defense.

24          MS. GALLICCHIO:  Your Honor, may I have just a moment?

25          THE COURT:  Sure.  Take a moment.

1      Actually, I'm going to ask my deputy to make a copy

2 for each side.  You can look at it.

3      (Pause)

4      THE COURT:  I should note for the record that among

5 the precedence that I've looked at in framing this are

6 *United States v. Desposito*, 704 Fed.3d 221.

7      MS. BAHARANYI:  Your Honor, we have one small request

8 to modify.

9      THE COURT:  Sure.

10     MS. BAHARANYI:  In the paragraph beginning with:

11 "Attempt is a different concept," we'd say:  "To prove that one

12 knowingly attempted to persuade, induce, entice, or coerce

13 requires proof that the person had the intent to do so and took

14 a substantial step towards committing the crime."  I think it's

15 just adding in that intent element.

16     THE COURT:  Here is the question I'm going to ask you:

17 Had the intent to do what?

18     MS. BAHARANYI:  Had the intent to persuade, induce,

19 entice, or coerce because they need that intent.  He needs to

20 intend to persuade, induce, entice, or coerce and take a

21 substantial step towards that.  I think it might address the

22 jurors' hangup in their question.

23     The second part of the question is:  "How does this

24 correlate with an attempt to perform, persuade, induce, entice,

25 or coerce?"  If we incorporate that language, it might clarify

1    it for them better.

2         THE COURT:  How does "knowingly" factor in with the

3    intent requirement?

4         Isn't that the required intent?  And I've defined

5    "knowingly."

6         MS. BAHARANYI:  Your Honor, I'm trying to be sort of

7    as responsive as possible.

8         THE COURT:  By the way, these are not easy questions,

9    including the question the jury has asked.  And that's not our

10   fault, anyone in this courtroom.  The reality is that the

11   underlying crime can be committed without sexual activity

12   actually taking place.

13        Now get your mind to consider what's an attempt to do

14   that.  It's not an easy concept.  I get it.  But the statute is

15   quite clear.  It's not like the government is trying to ingraft

16   "attempt" into the statute.  Congress put it right in the

17   statute.

18        (Pause)

19        THE COURT:  I may have an idea that picks up your

20   thought, but I just want to play with it.  And you can continue

21   to think about it for a moment, and we'll see where we all wind

22   up.

23        (Pause)

24        THE COURT:  Let me try this out.  So the proposal is:

25   "Attempt is a different concept," and I would strike on that

1    first line the words "one knowingly" and insert "a person."

2           So "To prove that a person attempted to persuade,

3    entice, or coerce requires proof that with the requisite state

4    of mind on which the Court has instructed you, the person took

5    a substantial step towards committing the crime."

6           And then it would continue as it reads:  "With the

7    requisite state of mind that the Court has instructed you, the

8    person has committed a substantial step towards committing a

9    crime."

10          MS. BAHARANYI:  Your Honor, I think we're on the same

11   page.  I was just saying maybe we would clarify that the state

12   of mind is intent.

13          THE COURT:  That's where we parted ways before because

14   the statute uses the word "knowingly."  I've instructed them on

15   the intent.  In fact, if you look at the charge, the four

16   elements, while I'm only going to read the first two because

17   they're the only ones that have a state-of-mind component,

18   first, that the defendant knowingly used a facility or means of

19   interstate commerce; second, that the defendant knowingly

20   persuaded, induced, enticed, or coerced an individual to engage

21   in any sexual activity or attempted to do so.  Then we talk

22   about violation of New York law and the 18-year-old and the

23   third and the fourth.

24          I just put in the word "knowingly."  What I'm doing

25   now is just taking out the simple word "knowingly" and poring

1  in a reference to everything I've told them about state of

2  mind.

3       Your point was that "knowingly" didn't capture enough.

4  And I say to you, "intent" doesn't capture enough.  It's the

5  full instruction they should focus on.

6       MS. BAHARANYI:  Your Honor, the bottom of page 24 of

7  the instruction where it says:  "First, that the defendant

8  intended to persuade, induce, entice, or coerce a minor to

9  engage in a sexual act," and the second part obviously is the

10  substantial step.  I think that's the part we were trying to

11  incorporate there, just to clarify.

12       THE COURT:  I got it.  And I'm doing it by

13  incorporating all what you've been instructed about the state

14  of mind.  You have to have all of that, all of the instructions

15  and all the qualifications that I've already told them about

16  state of mind, without trying to encapsulate it in one single

17  word, plus what I'm saying here now which may be somewhat

18  different.

19       MS. BAHARANYI:  Very well, your Honor.

20       THE COURT:  Is it acceptable to the defendant?

21       MS. BAHARANYI:  Yes.  Thank you.

22       THE COURT:  Is it acceptable to the government?

23       MR. LI:  Yes, your Honor.

24       THE COURT:  All right.  I also notice that I think I

25  had some bad grammar there on the second line of the paragraph

```
1    beginning with:  "Persuade."  I think it should be these four
2    terms "suffice," not "suffices."
3          Let me change that, and let's see what we've got.
4    Actually, I'm going to change that insert with the requisite
5    state of mind, etc.  I'll put it after the word "person"
6    because it seems to make more sense there.
7          (Pause)
8          THE COURT:  All right.  I am signing it and dating it.
9    And I'm going to have the marshal bring it into the jury room,
10   a copy of it, an identical copy, because that's going to stay
11   with the jury.  That's why I will do an identical conformed
12   copy that will go into the jury room.
13         Anything further?
14         MS. GALLICCHIO:  No, your Honor.
15         MR. LI:  No, your Honor.
16         THE COURT:  All right.  Thank you all very much.
17         (Jury deliberations resumed at 3:55 p.m.)
18         (In open court; jury not present)
19         THE COURT:  All right.  I'm going to bring our jurors
20   in, and I'm going to tell them that they're free to go home.
21   I'll give them instructions, as I do at the end of the day.
22   And of course they'll be coming back on Tuesday.
23         I'll tell them that if they want to stay longer, just
24   send out a note saying that, and we'll stay for a reasonable
25   period of time, period.
```

1              (In open court; jury present)

2              THE COURT:  Please be seated, ladies and gentlemen.

3    Good afternoon.

4              Will the foreperson please identify themselves.

5    Great.

6              So with future notes, please sign them and put your

7    juror number underneath them.  Sign them, date them, and put

8    your juror number underneath.

9              You're juror number 1.  Just sign and put the date.

10   So you sign and date all the notes.  Okay?

11             THE FOREPERSON:  Sure.

12             THE COURT:  So here is where we are.  I'm going to

13   give you the choice -- and you're not going to decide here.

14   You're going to decide inside -- whether you'd like to go home

15   right now, which is fine with me, or if you want to stay a

16   reasonable period of time longer.

17             If you want to stay a reasonable period of time

18   longer, just send me out a note saying, we'd like to stay a

19   little bit longer.  And that's fine, an hour and a half,

20   something like that, up to that, something like that.

21             If you decide to leave, you'll just leave right now.

22   In all events, I'm going to give you this instruction.  You

23   probably know what I'm going to tell you.

24             I'm going to tell you that it's a long weekend, and

25   you have to put the case out of your mind.  You can't talk

1   about it.  It's dangerous to talk about it.  You're the person

2   who sat in the trial, not your cousin, your uncle, your

3   brother-in-law, your next-door neighbor.

4          You know the facts.  You know the law, and no one else

5   does.  And it's not anyone else's business at this stage, this

6   sensitive stage.  So do not discuss the case among yourselves

7   or with anyone.  Do not communicate about the case.  Do not do

8   any research about the case or the issues that arose in the

9   case.  Do have a good Valentine's day and President's Day.

10          President's Day honors both President Washington and

11  President Lincoln, who were both born in the month of February.

12  Remember the celebration.  In that event, you would be back

13  here for a start on Tuesday morning at 10:00 a.m.

14          Again, the rule is you don't start talking about the

15  case unless all 12 of you are present and you flip on the

16  light.  But for now, I'm going to send you back to the jury

17  room.

18          If you send us out a note that you'd like to stay a

19  little bit longer, that's perfectly fine.  If you decide to

20  leave, that's also perfectly fine.  You're now a jury.  So you

21  operate in tandem.

22          I'm not sure I can answer your question, but you can

23  try.

24          JUROR:  Sir, Monday when we come in --

25          THE COURT:  No.  Tuesday.

1          JUROR:  I'm sorry.  Tuesday.  When we come in, can we

2     immediately -- once all 12 are here, we can start discussion of

3     the case.  We don't have to come back to this room?

4          THE COURT:  No.  You don't have to come back to this

5     room, but all 12 of you have to be present, and that's why you

6     flip on the light, so I know.  If the light didn't go and it

7     got to be a little bit later and that light didn't go on, I

8     need to know what is going on.

9          All right, ladies and gentlemen.  Thank you.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1             (In open court; jury not present)

2             THE COURT:  I'm going to excuse our court reporter.  I

3    would say we should stay around for a little while to know if

4    there's a note, and we'll know from our marshal if they're

5    going to stay for a little while.

6             (Pause)

7             THE COURT:  We got a note from our jury, and it says:

8    "Leave.  Juror No. 1, 2-14-2020, 5:11 p.m.

9             We'll mark that as Exhibit 8.

10            Have a very pleasant weekend.  We'll see you on

11   Tuesday morning.

12            (Adjourned to February 18, 2020, at 10:00 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25