```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,

 4              v.                                 19 CR 521 (PKC)

 5    PETER BRIGHT,

 6              Defendant.
                                                   Trial
 7    ------------------------------x

 8                                                 New York, N.Y.
                                                   February 18, 2020
 9                                                 11:10 a.m.

10    Before:

11
                       HON. P. KEVIN CASTEL,
12
                                                   District Judge
13                                                 -and a Jury-

14                            APPEARANCES

15    GEOFFREY S. BERMAN
           United States Attorney for the
16         Southern District of New York
      BY:  ALEXANDER LI
17         TIMOTHY TURNER HOWARD
           Assistant United States Attorneys
18
      DAVID E. PATTON
19         Federal Defenders of New York, Inc.
           Attorney for Defendant
20    BY:  AMY GALLICCHIO
           ZAWADI S. BAHARANYI
21         Assistant Federal Defenders

22    Also Present:
      Elizabeth Jensen, FBI
23    Ariella Fetman, Government Paralegal
      Alondra Rayes, Defense Paralegal
24    Jason Fisher, Technical Support

25
```

1               (Trial resumed)

2               (In open court; jury not present)

3               THE COURT:  Good morning.  Please be seated.

4               I have a note from the jury which has been marked as
5    Court Exhibit 9.

6               Has the government reviewed the note?

7               MR. LI:  We have, your Honor.

8               THE COURT:  Have the defendant and his lawyers
9    reviewed the note?

10              MS. GALLICCHIO:  Yes, your Honor.  We have.

11              THE COURT:  Let me tell you what I propose to do and
12   get your input.  I'm going to bring the jury into the courtroom
13   and say something along these lines, subject to hearing what
14   you all have to say, I have received the jury's note at 10:32
15   a.m.:  At the conclusion of my remarks, I will order that the
16   portions of the videos of defendant's interview in the FBI
17   office that have been received into evidence be played in the
18   courtroom.

19              Now, is there a separate transcript for these
20   interviews?

21              MR. LI:  Your Honor, transcripts were made and
22   provided to the jury of these interviews.  They were admitted
23   as aids to the jury, and they did go back to the jury room with
24   them.  We can play them with the video simultaneously.

25              THE COURT:  And when you play the video, there is a

1    transcript that pops up?
2            MR. LI:  Yes, your Honor.  It is the same transcript.
3            THE COURT:  As to the transcript, do you have a
4    transcript number for it?
5            MR. LI:  I believe it's 9T.  9T, your Honor.
6            THE COURT:  So I would say, the transcript of the
7    conversations should be in the jury room as Government Exhibit
8    9T.  But you can play them for the jury in the manner that you
9    played them during the trial which has the little video up
10   there with words over it.
11           MR. LI:  Yes, your Honor.
12           THE COURT:  Then I propose to say:  "If you wish any
13   portion of defendant's testimony, please send the Court a note
14   describing the portion of the testimony you wish.  Please be as
15   specific as possible as to the portion you wish.
16           With regard to the questions for FBI
17   Special Agent Jensen, which reads:  "May you please clarify the
18   'six-minute' conversation between you and Mr. Bright," I
19   propose to say:  "There was no testimony about a six-minute
20   conversation between Agent Jensen and Mr. Bright.  There was
21   testimony on Ms. Jensen's direct testimony concerning six
22   seconds of content.
23           "Further, the Court advises you that the evidentiary
24   portion of the trial has been concluded and that further
25   questions of a witness, whether Ms. Jensen or Mr. Bright, may

1  not be asked."
2              MS. GALLICCHIO:  Judge, can you clarify the
3  six-second, where in the transcript it is.
4              THE COURT:  Page 72.
5              MS. GALLICCHIO:  Thank you.
6              THE COURT:  I do believe that it was misstated in
7  closing.  It was described in the closing, I believe, as six
8  minutes.  In the transcript, the testimony was six seconds.
9              MS. GALLICCHIO:  Okay.  I wasn't sure what she was
10 referring to, what the juror was referring to, that portion.
11 Got it.
12             Did I misquote it?
13             THE COURT:  I'm not getting into that right now.
14             MS. GALLICCHIO:  I'm just curious.
15             THE COURT:  And I haven't looked.  No one has asked me
16 to look, but that's my recollection, that it was referred to in
17 the closing as six minutes.  There is no six-minute
18 conversation.  It's six seconds.
19             MS. GALLICCHIO:  Your Honor, the only other point that
20 I would make with respect to question number 3, copy of
21 defendant's testimony transcript --
22             THE COURT:  Yes.
23             MS. GALLICCHIO:  -- it does appear that they're
24 requesting the entire transcript.
25             THE COURT:  Yes.

1                MS. GALLICCHIO:  So our position would be that the
2    entire transcript should go back to them.
3                THE COURT:  As a question of trial management, I think
4    that is not an appropriate way to proceed during jury
5    deliberations any more than for jurors to say, as we begin our
6    deliberations, send back the transcripts.
7                For one thing, it requires redactions and is time
8    consuming so that we do not have an error or mistake.  I am not
9    telling them that we will not.  I'm saying:  "If you wish any
10   portion of defendant's testimony, please send the Court a note
11   describing the portion of the testimony you wish.  Please be as
12   specific as you can as to the portion you wish."
13               If the jury comes back and says, we don't want a
14   portion, then I will deal with at that time; we want the whole
15   thing, then I will deal with it.
16               Anything from the government?
17               MR. LI:  No, your Honor.
18               THE COURT:  All right.  Anything else from the
19   defendant?
20               MS. GALLICCHIO:  No.  I don't think so, your Honor.
21               THE COURT:  Okay.  Thank you.
22               So bring our jurors in, please.
23
24
25

1           (In open court; jury present)

2           THE COURT:  Please be seated.

3           Good morning, ladies and gentlemen.  I hope you had a
4    good weekend.  I don't know where you were yesterday, but where
5    I was, the weather turned out to be pretty nice.  The sun was
6    shining.  There was not a strong breeze.  It was kind of
7    comfortable outside.  I hope you had an opportunity to rest and
8    relax.

9           And of course I know you, like all of us, still have
10   laundry, parents, children, family, friends, chores, repairs,
11   food shopping, and the like.  We all do.

12          So I received your note at 10:32 a.m.  And at the
13   conclusion of my remarks, I will order that the portions of the
14   videos of defendant's interview in the FBI office that have
15   been received into evidence be played here in the courtroom.

16          The transcript of the conversations or transcripts
17   are, I am advised, at Government Exhibit 9T which should be in
18   the jury room.  If you'll recall, when they were played in open
19   court, there was a video portion and there were words over the
20   video portion.  Transcripts and those words over the video
21   portion are just an aid to assist you in listening.  It's the
22   words that appear that control.

23          Now, if you wish any portion of defendant's testimony,
24   please send the Court a note describing the portion of the
25   testimony you wish.  Please be as specific as possible.

1              Now, with regard to the questions for FBI

2     Special Agent Jensen, it reads:  "May you please clarify the

3     'six-minute' conversation between you and Mr. Bright."

4              The transcript of this trial reflects that there was

5     no six-minute conversation in the testimony.  The testimony

6     was, with regard to the cell phone recording, that there was

7     "six seconds" of contents.

8              Now, the Court advises you that the evidentiary

9     portion of the trial has been concluded and that further

10    questions of a witness, whether Special Agent Jensen or

11    Mr. Bright, may not be asked.

12             At this point, I will direct the playing of the video

13    interviews that you requested.

14             JUROR:  I left my notepad.

15             THE COURT:  Do you want to go back and get it?

16             JUROR:  Please.

17             THE COURT:  Absolutely.  Take your time.  Anyone else

18    who wants to do the same thing, please.  Take your time.  Don't

19    run.  Take it nice and easy.

20             (Pause)

21             THE COURT:  Okay.  Whenever you're ready, you may play

22    the tapes.

23             You'll let me know right away if it doesn't come up on

24    your screen.

25             (Video played)

1  THE COURT:  Is there a way to turn the volume up?
2  (Video played)
3  MR. LI:  I think that's it, your Honor.
4  THE COURT:  All right.  Thank you very much, ladies
5  and gentlemen.  You may return to the jury room.
6  (Jury deliberations resumed at 11:41 a.m.)
7  THE COURT:  We are adjourned.  Thank you.
8  (Recess pending verdict)
9  (In open court; jury not present)
10  THE COURT:  Please be seated.
11  We have a note from the jury that was received at
12  12:31.  It reads as follows -- and I'm going to redact this --
13  "We are at an impasse."  And then it does expressly what the
14  Court directed the jury not to do.  It indicates how they are
15  split, what the vote is.  And then it says:  "Everyone is not
16  budging," and it's signed Robert Sullivan, juror number 1,
17  foreman.
18  What I propose to do is to take this note, put it in a
19  sealed envelope, mark it as a court exhibit, and then prepare a
20  redacted note which eliminates the material that the jury
21  should not have disclosed.
22  Then I propose to call the jury into the courtroom and
23  repeat to them what I said to them in the jury instructions,
24  typed text, pages 31 on to 32, and see what they do next,
25  cautioning them, again, not to reveal how the jurors are split.

1            Reaction from the government.
2            MR. LI:  No objection, your Honor.
3            THE COURT:  Reaction from the defendant.
4            MS. GALLICCHIO:  No objection, your Honor.
5            THE COURT:  I have sealed the envelope, and I'm
6     directing that it be marked as Court Exhibit 11.
7            Bring our jury in, please.

1               (In open court; jury present)

2               THE COURT:  Please be seated.

3               Ladies and gentlemen, I have your note indicating that there is an impasse.  I have the following to say, and I ask you to listen to my words:

6               It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors.  And you should not hesitate to change an opinion when convinced it is erroneous.

12              Your verdict must be unanimous, but you're not bound to surrender your conscientiously held beliefs concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors.

17              Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt the conclusion that in your good conscience, appears to be in accordance with the evidence and the Court's instructions on the law.

22              Please remember.  You are not partisans.  You are judges, judges of the facts, not representatives of a cause or constituency.

25              Now, you will recall that I indicated that if you find

1  yourselves divided, do not inform the Court how the jurors are
2  split, what the vote is.  And I ask you to comply with that
3  direction.
4         You may return to the jury room to continue your
5  deliberations.  Thank you, ladies and gentlemen.
6         (Jury deliberations resumed at 12:55 p.m.)
7         THE COURT:  Please be seated.
8         What I propose to do is talk to you about an Allen
9  charge, if it should come to pass that one is needed, obviously
10 a modified Allen charge.
11        (Pause)
12        THE COURT:  I'm going to have marked as the next Court
13 exhibit a proposed modified Allen charge in the event that is
14 necessary.  Obviously I'm doing this on a contingent basis, but
15 you can take a look at it.  We are adjourned.
16        (Recess pending verdict)
17        (In open court; jury not present)
18        THE COURT:  Please be seated.
19        I have a note from the jury that says:  "Unable to
20 reach a consensus."  It came in at 3:35.
21        What's the government's suggestion?
22        MR. LI:  Your Honor, we have no objection to the
23 modified Allen charge proposed by the Court.
24        THE COURT:  Ms. Gallicchio?
25        MS. GALLICCHIO:  Your Honor, at this time, we would be

1  requesting that the Court declare a mistrial.  The jury

2  declared at 12:31 that they were at an impasse.  The Court gave

3  them further instructions.  They've been deliberating for three

4  hours and are still at that impasse.

5      So at this point, we would be objecting to an Allen

6  charge and requesting a mistrial.

7      THE COURT:  All right.  The fact of the matter is I

8  really didn't give them further instructions.  I repeated the

9  instructions I gave them which they already had.  I'm inclined

10 to give them the Allen charge and see what we have as a result.

11     Any objections to the language of the Allen charge

12 which is marked as Court Exhibit 12?

13     MS. GALLICCHIO:  Your Honor, we have a suggestion,

14 additional language, we would ask the Court to consider, in

15 addition to either with respect to page 2, the paragraph

16 starting, "In the course of your deliberations," we would ask

17 the Court to consider either substituting the language we would

18 hand up to the Court or adding this language at the end of the

19 charge.  And I have a copy for the government and the Court.

20     THE COURT:  All right.  Let me hear from the

21 government.

22     MR. LI:  Your Honor, we think the charge the Court has

23 proposed captures the law.  It is balanced.  It's a balanced

24 charge, and we think everything that is in the defense's

25 proposal is already captured by the existing proposal by the

1 Court.

2 THE COURT: All right. Ms. Gallicchio, anything
3 further?

4 MS. GALLICCHIO: No, your Honor. I think it's worth
5 reminding them with respect to the burden of proof which is
6 what our language does add, in addition to what the Court
7 already proposes.

8 THE COURT: I think in my view, everything that's in
9 the defendant's charge that I can see has been covered.
10 Anything material that needs to be communicated has been
11 covered. So I'm going to give the jury the modified Allen
12 charge as distributed as Court Exhibit 12.

13 By the way, the redacted version of the prior note is
14 now Court Exhibit 13.

15 By our jurors in.

1           (In open court; jury present)

2           THE COURT:  Please be seated.

3           Ladies and gentlemen, no juror should surrender his or her honest conviction as to the weight or the effect of the evidence, even for the purpose of returning a verdict.

6           It is normal for jurors to have differences.  This is quite common.  Frequently jurors, after extended discussions, may find that a point of view, which originally represented a fair and considered judgment, might well yield upon the basis of argument and upon the facts and the evidence of the.

11          However -- and I emphasize this -- no juror must vote for any verdict unless, after full discussion and consideration of the issues and an exchange of views, it does represent his or her considered judgment.

15          This trial has been conducted at considerable expense and human effort to both the government and the defendant.  If your deliberations do not end in a verdict, in all likelihood, this case would have to be tried again before another jury, a jury that would have to be selected in the same manner you were.

21          There is no reason to believe that this case would be better presented or would reveal any more or different evidence than you have heard.  Nor is there any reason to believe that 12 different people would be more impartial or pay more attention to the evidence or make a greater effort to resolve

1 the issues.

2     Each juror who finds himself or herself holding a
3 minority view should consider his or her view in light of the
4 opinion of the jurors in the majority. Conversely, each juror
5 finding himself or herself in the majority should consider his
6 or her views in light of the opinion of the jurors in the
7 minority.

8     Further consideration by each juror may indicate that
9 a change in original attitude is fully justified on the law and
10 all the facts. In the course of your deliberations, you should
11 not hesitate to re-examine your own views with candor and
12 frankness and change your own opinion if you're convinced it's
13 wrong.

14     Each of you should give attention to the views of
15 others, respect them, and listen to each other's arguments and
16 keep your own views under continuing review. But, again, no
17 juror should surrender his or her honestly held views, even for
18 the purpose of returning a unanimous verdict.

19     You may now return to the jury room to continue your
20 deliberations. Thank you.

21     (Continued on next page)

1                (In open court; jury not present)

2                THE COURT:  Please be seated.

3                I don't think you should go very far.

4                We are in recess.

5                (Jury resumed deliberations at 3:55 p.m.)

6                (In open court; jury not present)

7                THE COURT:  Be seated.

8                So I have a note from the jury that came in at a

9    minute before 6:00:  "We're still deliberating.  We'd like to

10   continue tomorrow."  I propose to have them in and wish them a

11   good evening.

12               Any objection?

13               MR. LI:  No, your Honor.

14               MS. GALLICCHIO:  No, your Honor.

15               THE COURT:  All right.  Bring the jurors in, please.

16               (In open court; jury present)

17               THE COURT:  Good evening, hard-working-members of the

18   jury.

19               I won't say very much.  I'll simply say, clear your

20   mind.  Go home.  Relax.  Tomorrow morning at 10:00 will arrive

21   soon enough.  Try to keep smiling.  I'll see you tomorrow.  The

22   same procedure, when all 12 of you are there, flip the light

23   on, and you can begin talking.  Thank you very much.

24               (In open court; jury not present)

25               THE COURT:  Have a very pleasant evening.  See you

1  tomorrow.  I'll give you a heads-up.  I'm going to have a
2  courtroom full of lawyers here.  When I get notes, I'll make it
3  clear their materials and show them how real lawyers work.
4              (Adjourned to February 19, 2020, at 10:00 a.m.)