K2J9BRI1                         TRIAL

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                              19 CR 521 (PKC)

PETER BRIGHT,

          Defendant.
                                          Trial
------------------------------x

                                          New York, N.Y.
                                          February 19, 2020
                                          10:39 a.m.
Before:

                  HON. P. KEVIN CASTEL,

                                          District Judge
                                          -and a Jury-

                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  ALEXANDER LI
     TIMOTHY TURNER HOWARD
     Assistant United States Attorneys

DAVID E. PATTON
     Federal Defenders of New York, Inc.
     Attorney for Defendant
BY:  AMY GALLICCHIO
     ZAWADI S. BAHARANYI
     Assistant Federal Defenders

Also Present:
Elizabeth Jensen, FBI
Ariella Fetman, Government Paralegal
Alondra Rayes, Defense Paralegal
Jason Fisher, Technical Support
```

1             (At sidebar)

2             THE COURT:  So we need a defendant and we need a

3    prosecutor.  And I saw Mr. Li out there.

4             MS. GALLICCHIO:  Do you want me to go get him?

5             THE COURT:  If you don't mind, please.

6             I'm assembled at the sidebar with the government,

7    defense counsel, and the defendant.

8             I received a note at 10:11 a.m. which has been marked

9    as Court Exhibit 16.  "Can I please see someone re question for

10   medical reasons.  Thank you, Juror No. 8."

11            The note spoke potentially of an emergency, but I

12   could not discern it from the face of the note, but I know as a

13   person of general experience that if it's a heart attack or a

14   stroke you don't wait, you don't -- it needs to be tended to.

15   So I asked the deputy marshal to inquire what does she want.

16   He first said he thought she wanted to make a phonecall.  Then

17   he said her blood -- she thinks her blood pressure is high but

18   she doesn't need to do anything right now.  And so she's not

19   asking to do anything.

20            I have called the nurse on duty and I'm going to ask

21   the nurse to talk to her, examine her.  She'll have blood

22   pressure equipment.  And, of course, the jury, per my

23   instructions, will cease deliberating during that period of

24   time.  And if the nurse medically clears her, she goes back in

25   the jury room and deliberates.  If she says to the nurse I'm

1    OK, I don't need my blood pressure taken or anything, then the
2    nurse will leave and that will be the end of that.
3             So that's what I'm dealing with and, of course, if the
4    nurse says something like:  Oh, my goodness, you need to be in
5    the hospital right away, we'll deal with that when, as and if
6    that happens.
7             Any objection from the government?
8             MR. LI:  No objection.
9             THE COURT:  From the defendant?
10            MS. GALLICCHIO:  No, your Honor.  None.
11            THE COURT:  Thank you all very much.
12            (Recess pending verdict)
13            (Continued on next page)

1        (Jury not present)
2        THE COURT:  Please be seated.
3        So marked as Court Exhibit 17 is a note from the jury
4    which reads:
5        "Please make 11 copies of the printed typed note from
6    judge.  Please provide more envelopes.  Robert Sullivan."
7        He dates it.  I guess, that's 12:19 he dated correctly
8    at 12:55 p.m.  He sent out the Court's note of 2:48 p.m. on
9    whatever day it was that dealt with the issue of "attempt".
10       So, I am going to give them back the one they gave me
11   with -- how many do we have 12 -- 12 copies.  We're giving them
12   one extra and a bunch of envelopes.
13       Any objection from the government?
14       MR. LI:  No objection, your Honor.
15       THE COURT:  From the defendant?
16       MS. GALLICCHIO:  No, your Honor.
17       THE COURT: All right.  We are adjourned.  Thank you.
18       (Deliberations)
19       THE COURT:  All right.  Please be seated.
20       I have a note from the jury which has been marked as
21   Court Exhibit 18.  It says:
22       "Unable to reach a consensus after reexamining
23   evidence individually and as a group."
24       Signed by Juror No. 1 at 2:10 p.m.
25       Any objection to my declaring a mistrial?

1     MR. LI:  No objection, your Honor.

2     MS. GALLICCHIO:  No objection.

3     THE COURT:  All right.  We'll bring our jurors in.

4     (Jury present)

5     THE COURT:  Please be seated.

6     Ladies and gentlemen, I received a note from your
7  foreperson which reads:

8     "Unable to reach a consensus after reexamining
9  evidence individually and as a group."

10    So, accordingly, I am declaring a mistrial in this
11 case and there will be -- we will start anew with jury
12 selection and the presentation of evidence before a new jury.

13    You've worked very hard.  You've tried your best.  You
14 did everything you could.  You didn't do this to please me or
15 to please the parties.  You did this because this is a
16 responsibility of citizenship.  This is the highest means for a
17 citizen to participate in government.  The inability of a jury
18 to reach a verdict is part of the system, part of the American
19 system which we provide for.

20    Look, you got this case around 11 o'clock on Friday.
21 You worked all day.  You came back on Tuesday after a holiday
22 weekend, worked, you know when I gave you certain instructions
23 you stayed till six o'clock at night.  You came back today.
24 You never complained.  You were an ideal jury in that regard.
25 And I want you to leave here proud of yourselves.  Why?

 1  Because you did your honest best.  That's why you followed the
 2  instructions.  You followed the evidence and the law and you
 3  wound up where you are and that is important.  So, I stand in
 4  great respect, indeed, you of your service.
 5          A couple of things I will ask of you, something of a
 6  personal nature.  And that is that if we should ever meet again
 7  on the street, in a subway car, where ever it may be, that I
 8  hope you'll remind me of where we first met.
 9          And secondly, with the barbecue season shortly upon
10  us, first Easter and Passover and then barbecue season, it's
11  going to come to pass that you will see family members, friends
12  and neighbors and it may happen that somebody will tell you how
13  they plan to evade jury service.  I don't want you to be mean
14  to anybody but I want you to let them know what a profound
15  experience this has been for you, one that you will remember
16  for the rest of your lives I suspect and that evading jury
17  service is like somebody confessing to you that they cheated on
18  their taxes or shoplifted an expensive item from the store.
19  It's not something you find one bit funny and I hope you'll
20  remember me when that happens.
21          Now, as I told you at the beginning, when your jury
22  service is over, and it is, you are free to discuss the case
23  with whomever you choose.  I am not going tell you what you
24  should do or what you shouldn't do.  Some jurors find that
25  they're perfectly happy to talk about what they saw in the

1  courtroom, what they observed and even what they thought about
2  it.  Some jurors choose not to discuss what fellow jurors said
3  to each other inside the jury room.  That's not an order to you
4  that you can't do that.  You may do that.  But some jurors
5  decide that that's something they're going to keep to
6  themselves and it's not anybody else's business but you'll make
7  your own decision as to what you want to do.
8          So, with great admiration for your service, the
9  attorneys, the defendant, the case agent will now all stand
10 with me as you exit this courtroom one last time.
11         (Jury dismissed)
12         THE COURT:  Please be seated.
13         Are there any special limitations or requests on my
14 setting a new trial date from the standpoint of the government?
15         MR. LI:  No, your Honor.
16         THE COURT:  From the standpoint of the defendant?
17         MS. GALLICCHIO:  No, your Honor.  We just have to just
18 coordinate with our witness who comes in from Canada but --
19         THE COURT:  Right.  Well, I have other things I need
20 to check including other criminal cases on my calendar but
21 would, for example, March 30th work for the parties?
22         MS. GALLICCHIO:  I'll be out of the country, your
23 Honor.
24         THE COURT:  All right.  Then I'll have you back and
25 we'll talk about a trial date when I see how certain other

1  trials fall on my schedule.
2          Let me ask you this.  Would it be convenient to try
3  the case starting Monday, April 20th?
4          From the government?
5          MR. LI:  That's fine, your Honor.
6          THE COURT:  From the defendant?
7          MS. GALLICCHIO:  I think Ms. Baharanyi may have a
8  conflict.
9          MS. BAHARANYI:  Your Honor, I have a suppression
10 hearing starting that Thursday.  I'm just not sure of the
11 timing.
12         THE COURT:  Well, if this is a replay you'll be able
13 to get to your suppression hearing.  Who is the suppression
14 hearing before?
15         MS. BAHARANYI:  It'll be before Judge Furman -- excuse
16 me -- Judge Koeltl.
17         THE COURT:  All right.  Well, maybe it will come to
18 pass that if there is anything going on that your presence will
19 not be required for that portion of the trial.  Although, I
20 would anticipate that there would be no trial on by Thursday if
21 history is a guide.
22         All right.  So it's set for Monday April 20 at ten
23 a.m.
24         MS. BAHARANYI:  I'm sorry, your Honor.  I apologize.
25 Our expert is, that's actually one of the dates he's blocked

1  out.

2  THE COURT:  Well, he can come in on the 21st.

3  MS. BAHARANYI:  He is out from the 20th through the
4  24th.

5  THE COURT:  All right.  Well, we don't have a la cart
6  scheduling here.  Maybe you can talk to your expert and see
7  whether he can arrange his schedule or you can get a videotape
8  examination of him.  All right?

9  MS. BAHARANYI:  Your Honor, I will say this.  He does
10  have lots of availability --

11  THE COURT:  I am sure he does and I'm sure you do too,
12  but I have a schedule of trials and this works with, I offer
13  you a date and you tell me what the good reason is.

14  Where is the expert that week and how long is he gone
15  for?

16  MS. BAHARANYI:  He gave us the dates of April 20th
17  through the 24th that he is not available.  I'll pull up his
18  e-mail, your Honor.

19  (Pause)

20  MS. BAHARANYI:  He said April 20th through the 24th is
21  a blackout date which might be related to his practice.

22  THE COURT:  All right.  I'll start it on April 27th at
23  ten a.m.

24  Can't do it then either, right?

25  MS. BAHARANYI:  The issue is -- that's right.  So the

1    29th, the 30th, the 31st, I'm out, and I have a sentencing on
2    the 27th.
3             THE COURT:  OK.  So, what are you proposing?  This is,
4    quite frankly, ridiculous.  I assume any busy lawyer has a busy
5    calendar.  I haven't met one that doesn't have dates on their
6    calendar.
7             MS. GALLICCHIO:  Your Honor, I don't understand why
8    the Court is getting so angry with us.
9             THE COURT:  I'm not angry.  I am just concerned that
10   there's gamesmanship here.
11            MS. GALLICCHIO:  How is this gamesmanship, your Honor?
12            THE COURT:  I proposed three dates and all of them you
13   tell me you are not available on.
14            MS. GALLICCHIO:  We were available the 20th.  Our
15   witness is not available.
16            THE COURT:  Well, why don't you do this.  Why don't
17   you give me through the balance of the year the dates you're
18   not available and your witness is not available.
19            MS. BAHARANYI:  OK.
20            MS. GALLICCHIO:  Very well.
21            MS. BAHARANYI:  We can write it, your Honor, and we'll
22   provide it to the Court.
23            MS. GALLICCHIO:  How would you like to us provide it
24   to the Court in whiting or?
25            THE COURT:  However you would like to provide it.

1       (Pause)
2       MS. GALLICCHIO:  Your Honor, what we'll do, if we
3  could be excused for a moment, we will call Dr. Cantor and see
4  if there is any way he can accommodate us for week of the 20th.
5       THE COURT:  That will be great.  Thank you.
6       (Pause)
7       MS. BAHARANYI:  Your Honor, if you may?
8       THE COURT:  Yes.
9       MS. BAHARANYI:  Could we send the Court a letter by
10 tomorrow morning and that way it gives us a chance to talk with
11 the government as well about dates and that might simplify this
12 process?  We don't want to waste the Court's time.
13      THE COURT:  All right.  Are you available on
14 March 23rd?
15      MS. GALLICCHIO:  Yes, your Honor.  I leave the 27th
16 for -- I leave the country.  It's a vacation.
17      THE COURT:  All right.  Well, will that leave enough
18 time?
19      MS. GALLICCHIO:  Apparently, that week is bad for Dr.
20 Cantor, as well.
21      MS. BAHARANYI:  If we could talk with him and have a
22 more thorough conversation with him about the dates and send a
23 letter first thing in the morning.
24      THE COURT:  All right.  I just want the record to
25 reflect and I know that counsel has expressed surprise or

1    disappointment over the judge's reaction.  I've offered now the
2    week of March 23, March 30, April 20, April 27.  I should put
3    on the record that I have scheduled on March 30, United States
4    against Jane, 19 CR 59.  I have scheduled on April 6, 19 CR
5    395.  I have on dates when I'm not on trial full calendars of
6    conferences and I have been willing to accommodate counsel with
7    regard to schedule.  So, I would say any disappointment or
8    displeasure on my part is not unreasonable because I am trying
9    to give your client an early trial which I assume he wants.
10             MS. GALLICCHIO:  Of course, as are we, your Honor.  I
11   just don't want the Court to -- The Court has accused us of
12   gamesmanship and that's not what we're engaging in.  There are
13   a lot of people's schedules that we're trying to coordinate.
14   We have a witness that, unfortunately, he has a practice and a
15   busy schedule.
16             THE COURT:  Fine.  Well, I practiced for 26 years and
17   generally speaking, I have to say most judges didn't give me an
18   opportunity to be heard on trial dates.  Most judges issued an
19   order with the trial date in it.  And then it was my problem to
20   work backwards how to make it happen including the de bene esse
21   deposition of a witness who would not otherwise be available.
22   So, maybe that's a change in style of practice.  Maybe that's a
23   quirk unique to me but that's what I've experienced.  So, I
24   just think the record should reflect that I've done everything
25   I can to give you an early trial date and so I'll hear back

1  from you on your lack of a availability.  I want to hear if
2  there are dates you are not available and then I will set a
3  trial date.
4          MS. BAHARANYI:  Thank you, your Honor.
5          MR. LI:  Your Honor, before we break, the government
6  moves to exclude time until March 23, 2020, which is the
7  earliest date the Court had suggested.  This is for the parties
8  to confer and determine their respective availability, as well
9  as the availability of the Court and for pretrial.
10         MS. GALLICCHIO:  No objection.
11         THE COURT:  I find the ends of justice will be served
12 by granting a continuance until April 23rd and that the need
13 for continuance outweighs the best interests of the public and
14 defendant in a speedy trial.  The reasons for my finding is
15 that the time is needed to enable the defense counsel to come
16 up with a list of dates in which they are not available.  And
17 accordingly, the time between today and April -- March 23 is
18 excluded under the Speedy Trial Act.
19         If I said "April 23" I meant "March 23".
20         All right.  Anything further from the government?
21         MR. LI:  No, your Honor.
22         THE COURT:  From the defendant?
23         MS. GALLICCHIO:  No, your Honor.
24         THE COURT:  Thank you all very much.
25         (Adjourned)