# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

Southern District of New York
*Jennifer L. Brown*
*Attorney-in-Charge*

March 8, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    **United States v. Peter Bright**,
       19 Cr. 521 (PKC)

Dear Judge Castel:

The defense writes to request that the Court reconsider its ruling on the scope of Dr. James Cantor's expert testimony. At the final pretrial conference held on February 10, 2020, the Court ruled that Dr. Cantor could define and explain the characteristics of ageplay but that he did not have a basis to testify about pedophilia, child sexual abuse, or whether there is a relationship between ageplay and pedophilia. We ask that the Court permit Dr. Cantor to testify, based on his research and experience, that there is no relationship between engaging in kink, specifically age play, and committing an illegal sex act against a child or desiring sex with a child.[1]

Dr. Cantor's extensive research and clinical experience provides a basis for him to testify about ageplay and the relationship between pedophilia, child sexual abuse and ageplay. Dr. Cantor began studying sex and alternative sexual interests during his PhD program at McGill University.  For fifteen years, Dr. Cantor

---

[1] Expert notice dated January 28, 2020, is attached as **Exhibit A**. Dr. James Cantor's CV is attached as **Exhibit B**.

interviewed and studied the behavior of individuals who commit sex crimes against children as a psychologist and researcher with the Centre for Addiction and Mental Health (CAMH) in Toronto, Canada. The individuals he treated at CAMH with pedophilia or who had engaged in child sexual abuse did not express an interest in engaging in the kink of ageplay. Currently, as the founder and lead therapist with the Toronto Sexuality Centre, Dr. Cantor counsels individuals who engage in kink generally and ageplay specifically.  His clients who participate in ageplay have not indicated a desire to have sex with children. Over the course of his wide-ranging clinical and research experience, Dr. Cantor has yet to observe any relationship between an individual's interest in ageplay, and pedophilia or child sexual abuse. We therefore respectfully request that Dr. Cantor be permitted to testify to this lack of a relationship to counter the unfounded inference jurors would be inclined to draw that an interest in ageplaying is indicative of an interest in having sex with children.

While Dr. Cantor has not published a study or conducted statistical analysis on the relationship between ageplay and pedophilia, his clinical experience more than qualifies him to testify on the subject, especially given this Circuit's more liberal approach to expert testimony grounded in social science. The Second Circuit in United States v. Joseph, 542 F.3d 13 (2003) makes clear that for experts in social science, Courts should liberally construe expert qualification requirements:

> Social science "research, theories and opinions cannot have the exactness of hard science methodologies," Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1297 (8th Cir.1997), and "expert testimony need not be based on statistical analysis in order to be probative," United States v. Long, 328 F.3d 655, 668 (D.C.Cir.2003). "[P]eer review, publication, potential error rate, etc.... are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir.2000). In such cases, the place to "quibble with [an expert's] academic training" is "on cross-examination" and goes to his "testimony's weight ... *22 not its admissibility." McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1043 (2d

Cir.1995).

<u>Joseph</u>, 542 F.3d at 21; <u>see</u> <u>also</u> <u>Washington v. Kellwood Co</u>., 105 F.Supp.3d 293, 305 ("[C]ourts in the Second Circuit liberally construe expert-qualification requirements in consideration of the 'thrust' of the Federal Rules and their general relaxation of traditional barriers to opinion testimony.")(quoting <u>United States v. Ulbricht</u>, 2015 WL 413318, *7 (S.D.N.Y. Feb. 1, 2015)).

For these reasons, and those previously articulated in Mr. Bright's response to the Government's Supplemental Motion <u>in Limine</u>, we ask that the Court permit Dr. Cantor to testify that there is no relationship between engaging in kink, specifically age play, and committing an illegal sex act against a child or desiring sex with a child

Respectfully submitted,

_____/s/_____
Zawadi Baharanyi
Amy Gallicchio
Assistant Federal Defender
(212) 417-8735

CC: AUSAs Alexander Li and Michael Maimin (ECF).