

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 9, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York  10007

     Re:    <u>**United States** v. **Peter Bright**</u>, 19 Cr. 521

Dear Judge Castel:

     The Government writes in response to the defense's March 8, 2020 letter, ECF Doc. No. 62 ("Ltr."), requesting the Court reconsider its ruling *in limine* limiting the scope of Dr. James Cantor's expert testimony.  The motion to reconsider identifies no factual matters or controlling law that the Court overlooked, and it therefore should be denied.

     Although the Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider, courts in this District, including this Court, have allowed such motions and applied Local Civil Rule 6.3 for the appropriate standard in a criminal matter.  *United States v. Nelson*, No. 10 Cr. 414 (PKC), 2011 WL 2207584, at *5 (S.D.N.Y. June 3, 2011).  Local Rule 6.3 requires a party requesting reconsideration to identify "the matters or controlling decisions which counsel believes the court has overlooked."  "Therefore, a motion for reconsideration should be granted only where the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.  The Rule is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  *Nelson*, 2011 WL 2207584, at *5 (internal quotation marks and citations omitted).

     The defense identifies no factual matters or controlling decisions that the Court overlooked. The defense argues Dr. Cantor should be permitted to testify that there is no relationship between "age play" and pedophilia based upon Dr. Cantor's "clinical experience" and the Second Circuit's "approach to expert testimony grounded in social science" in *United States v. Joseph*, 542 F.3d 13 (2d Cir. 2003).  Ltr. at 2.  Dr. Cantor's clinical experience and the Second Circuit's opinion in *Joseph* were extensively briefed in the parties' motions *in limine*, *see* ECF Doc. No. 31 at 6–9, No. 36 at 6–11, No. 37 at 5–7, and carefully considered by the Court at oral argument on February 7, 2020.  The defense identifies nothing that was overlooked by the Court.

     The fundamental problem with the proposed expert testimony remains:  The defense does not disclose the "bases and reasons" for Dr. Cantor's opinions, as required by Federal Rule of Criminal

The Honorable P. Kevin Castel
Page 2

Procedure 16(b)(1)(C).  Without this information, the Court cannot "perform its function as a gatekeeper of expert testimony under *Daubert*," *United States v. Ulbricht*, 858 F.3d 71, 116 (2d Cir. 2017), and the Government cannot "test the merit of the expert's testimony through focused cross-examination," *id.* at 114 (internal quotation marks omitted).  The defense letter states that Dr. Cantor would base his opinion on his clinical experience with individuals who have engaged in "age play," but does not even specify how many such patients Dr. Cantor has treated, let alone how he determined those patients had no sexual attraction to children.

Contrary to the defense's argument, the proposed expert testimony bears no resemblance to the description of "role-playing in the context of sexually explicit conversations on the Internet" considered in *Joseph*, 542 F.3d at 21.  Indeed, the Court has already permitted Dr. Cantor to testify descriptively about "age play" in this case.  The further opinion now sought by the defense is a statistical claim — a claim that based on Dr. Cantor's observation, there is no correlation between those interested in "age play" and those sexually attracted to children.  That statistical claim is based upon a comparison of one population to another, and it is provable — and disprovable — through hard scientific analysis, repetition, and peer review.

Finally, even if the proposed expert opinion were otherwise admissible under Rule 702 and *Daubert*, it should be rejected under Rule 403.  Dr. Cantor's proposed testimony about the absence of a relationship between "age play" and pedophilia would confuse the issues and mislead the jury into believing if Bright participated in age play, then he cannot be sexually attracted to children.  This result would also violate the stricture of Rule 704(b) that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney for the
      Southern District of New York

by: /s/ Alexander Li
    Alexander Li
    Michael D. Maimin
    Assistant United States Attorneys
    (212) 637-2265