

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 9, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York  10007

      Re:     <u>**United States** v. **Peter Bright**</u>, 19 Cr. 521 (PKC)

Dear Judge Castel:

      The Government writes to respectfully request a ruling precluding the defense from offering evidence that law enforcement searched for child pornography and/or did not discover child pornography on the defendant's devices or accounts.  The defendant is charged with attempted child enticement, not child pornography offenses.  Evidence of the absence of child pornography should therefore be excluded as irrelevant under Federal Rule of Evidence 401 and substantially more confusing than probative under Rule 403.

      At the defendant's first trial, the defense elicited on cross-examination of Special Agent Jensen that the FBI had not found child pornography on the defendant's phone.  (Tr. 153:10–154:25).  In summation, the defense argued that this absence of child pornography is "evidence of [the defendant's] innocence."  (Tr. 442:21–443:1).  It is not.  In *United States v. Prine*, the Eleventh Circuit held that "evidence that [the defendant] did not possess child pornography" is irrelevant to whether he had the intent to entice a minor.  569 F. App'x 859, 859–860 (11th Cir. 2014) (per curiam).  The court explained:

> To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and must be "of consequence in determining the action."  Fed. R. Evid. 401.  The lack of child pornography in Prine's home is not probative of whether he intended to have a sexual encounter with a minor.  *See* 18 U.S.C. § 2244(b) [sic]; *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) ("evidence of good conduct is not admissible to negate criminal intent").

*Prine*, 569 F. App'x at 860 (internal citation omitted).

      This same is true in this case.  Although the presence of child pornography would be relevant evidence of the defendant's sexual attraction to children, *United States v. Brand*, 467 F.3d

The Honorable P. Kevin Castel
Page 2

179, 196–99 (2d. Cir. 2004), the lack of child pornography does not supply the opposite inference. *See, e.g.*, *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("absence of incriminating statements" on recorded tapes could not be used to establish the defendant's innocence).  Even assuming *arguendo* that the absence of child pornography had some minimal probative value, it would be substantially outweighed by the risk of confusing the issues, given the defendant is not charged with child pornography in this case.

            Respectfully submitted,

            GEOFFREY S. BERMAN
            United States Attorney for the
            Southern District of New York


by: /s/ Alexander Li
            Alexander Li
            Michael D. Maimin
            Assistant United States Attorneys
            (212) 637-2265