**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 9, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:      <u>**United States v. Peter Bright**</u>,
                      19 Cr. 521 (PKC)

Dear Judge Castel:

      On behalf of Peter Bright, we write to respectfully request that in the retrial of this matter, the Court provide the parties with the names of the jurors during jury selection. At the first trial, which commenced on February 11, 2020, the Court conducted voir dire using only the juror number and not the name of each prospective juror.

      There is no basis for keeping jurors partially anonymous in this case. The only permissible basis for empaneling an anonymous jury is when there is a "strong reason to believe that the jury needs protection." <u>United States v. Kadir</u>, 718 F.3d 115, 120 (2d Cir. 2013). "Anonymous juries are empaneled in order to protect jurors from harm, to address concerns of jurors regarding their safety, and to prevent potential jury tampering." <u>United States v. Khan</u>, 591 F.Supp.2d 166, 169 (E.D.N.Y.2008) (quoting <u>United States v. Gammarano</u>, No. 06–CR–72 (CPS), 2007 WL 2077735, at *4 (E.D.N.Y. July 18, 2007)). No harm, safety concerns, or concerns of jury tampering exist in this case. Neither the charges in this case nor anything in Mr. Bright's personal history present a risk of danger or threat to potential jurors. Furthermore, Mr. Bright, demonstrably, has no history of tampering with juries or attempts to interfere with the judicial process.

      Empanelling even a partially anonymous jury is prejudicial to Mr. Bright in that it "raises the specter that the defendant is a dangerous person from whom the

jurors must be protected, thereby implicating the defendant's constitutional right to a presumption of innocence." <u>United States v. Mansoori</u>, 304 F.3d 635, 650 (7th Cir. 2002), as amended on denial of reh'g (Oct. 16, 2002) (citing <u>United States v. Thomas</u>, 757 F.2d 1359, 1363-65 (2d Cir. 2002)).

     Therefore, we respectfully request that the Court provide the parties with the names of the prospective jurors during jury selection.


Dated:    March 9, 2020
            New York, New York

                              Respectfully Submitted,

                              <u>/s/ Amy Gallicchio</u>
                              Amy Gallicchio
                              Zawadi Baharanyi