**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 9, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:      <u>**United States v. Peter Bright**</u>,
                   19 Cr. 521 (PKC)

Dear Judge Castel:

      The government seeks to preclude Mr. Bright from introducing any evidence that law enforcement searched for but did not find child pornography on his devices. This evidence is relevant given the established link recognized by this Circuit between child pornography and child sexual abuse. Moreover, its probative value is not substantially outweighed by the risk of juror confusion–in fact this evidence is no more prejudicial or confusing than the 404(b) evidence that the government plans to admit to prove Mr. Bright's intent.

      Evidence is relevant in a particular case if it "tends to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed.R.Evid.401. In <u>United States v. Brand</u>, 467 F.3d 179 (2d Cir.) the Second Circuit recognized a "direct connection" between child pornography and pedophilia: "In our view, possession of child pornography by itself shares a connection or similarity with pedophilia." <u>Brand</u>, 467 F.3d at 198. Drawing from Congress, the Court explained the nature of this connection: "[C]hild pornography is often used by pedophiles and child sexual abusers to stimulate and whet their own sexual appetites, and as a model for sexual acting out with children." <u>Id.</u> at 198 (quoting the Child Pornography Prevention Act of 1996, PUB.L. NO. 104–208, § 121, 110 Stat. 3009, *3009–26 (1996)). Similarly, other circuits have recognized a nexus between child pornography and pedophilia. See <u>United States v. Byrd</u>, 31 F.3d 1329, 1339 (5th Cir. 1994) ("[C]ommon sense would indicate that a

person who is sexually interested in children is likely to also be inclined, i.e., predisposed, to order and receive child pornography."); United States v. Colbert, 605 F.3d 573, 578 (8th Cir.) (finding an "intuitive relationship between acts such as child molestation or enticement and possession of child pornography").  Just as possession of child pornography suggests a sexual attraction to children relevant to an intent to act on this attraction, its absence in a case like this would tend to show the opposite– that the person accused of attempting to have sex with a child is not sexually attracted to children and had no intent to entice a child into sexual activity.

Testimony by the government's key witness at Mr. Bright's first trial further demonstrates the significant link between child pornography and child sexual abuse. Elizabeth Jensen, a FBI Agent in their child exploitation unit, testified on cross examination that in her experience she looks for child pornography every time she arrests someone. Tr. 153: 17-19. In fact, through her testimony, the Court learned that child pornography is relevant in law enforcement investigations because its existence can be considered an "overt act" to help prove an intent to engage in sexual activity with children. See Tr. 53: 22–25, Tr. 150: 25–151: 4, Tr. 154: 2-3. Agent Jensen's testimony provides further proof that the existence–and by extension, the absence– of child pornography is a relevant fact in child enticement cases.

Finally, the government argues that the probative value of the absence of child pornography is substantially outweighed by the risk of juror confusion. This argument falls flat in the context of this case where much of the government's evidence is 404(b) evidence of other, uncharged acts. The "rape law" tweets, google chats, and recorded statements about a 14 and 17 year old were admitted–and repeatedly referenced and argued–to prove Mr. Bright's intent to engage in sex with a minor in this case. If this evidence was not unduly prejudicial or confusing, a limited number of questions and references to an absence of child pornography certainly does not pose a substantial risk that jurors will be confused about the core issue in this case–whether in May 2019, Mr. Bright intended to entice minors into sexual activity.

Dated:   March 9, 2020
         New York, New York

                                        Respectfully Submitted,

                                        /s/ Zawadi Baharanyi
                                        Zawadi Baharanyi
                                        Amy Gallicchio