**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 12, 2020

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Peter Bright*,
              19 Cr. 521 (PKC)

Dear Judge Castel:

      The Government respectfully submits the following proposed modifications to pages 25 and 26 of the Court's draft jury charges as they relate to attempt. (Proposed deletions are stricken out; proposed additions are in boldface red italics). The Government has placed its reasons for the proposed changes in the footnotes to those proposed changes.

      Mere intention to commit a specific crime does not amount to an attempt. In order to establish this second element, the government must prove beyond a reasonable doubt:

      <u>First</u>, that the defendant intended to persuade, induce, entice or coerce a minor to engage in a sexual act; and

      <u>Second</u>, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

      In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense or devising, obtaining, or arranging the means for its commission, is, without more, not an attempt, although some preparations may amount to an attempt. ~~The acts of a person who intends to commit a crime constitute an attempt when the acts themselves clearly~~

The Honorable P. Kevin Castel
March 12, 2020
Page 2 of 3

~~indicate a willful intent to commit the crime and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.~~[1] *A substantial step must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive crime. It is an act that is strongly corroborative of the firmness of the defendant's intent to commit the actual crime. Whether specific conduct constitutes a substantial step depends on the particular facts of the case viewed in light of the crime charged.*[2] There is no requirement that the attempt be successful or that the defendant actually have carried out the crime he was trying to commit.

~~I will give you an example to illustrate the concept of attempting to entice a person to engage in an act. Suppose that a person states that he or she wants to entice Flo, my Deputy Clerk, to eat a piece of chocolate candy even though the person knows that Flo is on a strict diet. Thereafter, the person walks three extra blocks from his or her usual route to buy chocolate candy, and then stops at a flower shop to buy a red rose because he or she knows that Flo likes roses. The person next travels with the candy and the rose to the Courthouse, and takes the elevator to the 11th Floor, looking for Flo. However, upon reaching the 11th Floor, the person is stopped and told to return to the lobby because the person neglected to check his or her cell phone at security. On that combination of facts, you might conclude that the person had attempted to entice Flo to eat a piece of chocolate candy. But you might instead conclude that the person simply wanted to deliver candy and a rose to Flo.~~[3]

---

[1] This sentence states two elements of attempt: intent and a substantial step. However, the Court provided those two elements in the prior two paragraphs. Repeating it in a different way here can confuse the jury without adding to the explanation. The purpose of this paragraph is simply to explain the concept of the second of those elements: a substantial step. The Government's proposed addition does that.

[2] These sentences accurately, yet succinctly, define a substantial step. They are drawn, word for word, from the Second Circuit's definition of a substantial step in *United States v. Desposito*, 704 F.3d 221, 231 (2d Cir. 2013) (internal quotations and citations omitted). This Court used *Desposito* to craft similar supplemental instructions for the jury at the defendant's first trial. (Trial Tr. 509).

[3] This illustration is prejudicial to the Government and may be confusing to the jury. The final two sentences suggest that the proof of attempt on the facts of the illustration is equivocal, and that a jury should conclude that there is reasonable doubt whether the person intended to entice Flo (even though he said he did) and whether

> ~~The act or acts amounting to the attempt must be more than mere preparation and must be strongly show corroborative of the firmness of the defendant's intent to commit the crime.~~[4]

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

by: _____
Alexander Li
Michael D. Maimin
Assistant United States Attorneys
(212) 637-2265 / (914) 993-1952

cc:  Amy Gallicchio, Esq. (via electronic mail and ECF)
     Zawadi Baharanyi, Esq. (via electronic mail and ECF)

---

he took a substantial step (even though he brought chocolate to the brink of the Courtroom). No illustration is necessary for the jury to comprehend that the questions of whether the defendant had the requisite intent, and whether the defendant's actions amounted to a substantial step, are squarely in the province of the jury. This is all the more so in light of the Second Circuit's admonition that "[w]hether specific conduct constitutes a substantial step depends on the particular facts of each case viewed in each case viewed in light of the crime charged." *Desposito*, 704 F.3d at 231 (quoting *United States v. Ivic*, 700 F.2d 51, 66 (2d Cir. 1983) (internal quotation marks omitted).

If the Court determines that a narrative is necessary to illustrate the concept of attempt — and the Government respectfully submits it is not — the Government proposes something simpler that tracks the case, such as:

> In this case, the Government has argued that Mr. Bright attempted to commit the charged crime. It is therefore up to you to decide if the Government has proven beyond a reasonable doubt: *first*, that Mr. Bright intended to persuade, induce, entice, or coerce a minor to engage in a sexual act; and *second*, that Mr. Bright willfully took some action or actions in an effort to bring about or accomplish the crime *and* one or more of those actions constituted a substantial step.

[4] This concept has been moved into the modified paragraph above.