**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 12, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        **Re:**       **United States v. Peter Bright**,
                     19 Cr. 521 (PKC)

Dear Judge Castel:

      The defense respectfully proposes the following modifications to the Court's Draft jury instruction I.C: *Second Element- Persuasion to Engage in Sexual Activity*:

1. Add the following sentence to page 24, paragraph 2, after the second sentence: "To be clear, merely asking someone to engage in sexual activity, without more, is insufficient. There must be some effort on the part of the defendant to convince or influence the minor into sexual activity whether directly or through communication with a third party.
2. Remove the hypothetical on page 26.

      The first proposed modification helps clarify what it means to "persuade, induce, entice, or coerce" a minor into sexual activity. In United States v. Rahskovski, 301 F.3d 1133 (9th Cir. 2002), the Ninth Circuit held that identical language in 18 U.S.C. 2422(a) required evidence that the defendant "convinced or influenced" the victim in that case to travel to engage in prostitution. Id. at 1136-37. This clarification is helpful to show that to sustain a conviction, more than simply asking someone to engage in sexual activity is required. Moreover, the words "convince" and "influence" are more familiar to the average juror than "persuade, induce, entice or coerce."

      For the second modification, we ask to remove the proposed hypothetical on

page 26 because it undermines Mr. Bright's presumption of innocence and risks confusing the jury. The government alleges that Mr. Bright expressed an intent to engage in sexual activity with minors and brought condoms and his STD test results to the meeting with the undercover agent. Under their theory, he was stopped short of his final destination by FBI agents. In the hypothetical, a person expresses their intent to entice the Deputy Clerk to eat candy and then shows up to the Deputy Clerk's place of work with two items- candy and flowers. The person is prevented from delivering the candy and flowers by security. The proposed hypothetical assumes the guilt of the hypothetical person involved in a scenario that overlaps with the government's theory of conviction.

The Second Circuit in United States v. Dove, 916 F.2d 41, 46 (2d Cir. 1990) expressed its disapproval of hypotheticals that "assume[] guilt where defendant asserts his innocence." The Court rejected a hypothetical used to illustrate circumstantial evidence that involved one individual in the hypothetical (Jack) being suspected of shooting another individual (Mary). Id. at 44.[1] The Court found that because the hypothetical assumed Jack's guilt, it was "more prejudicial than helpful and would tend to skew the jury away from the truth rather than toward it." Later, in United States v. Gaines, 457 F.3d 238 (2d Cir. 2006), the Court later explained that guilt-assuming hypotheticals like the ones used in Dove threatened to "undermin[e] the presumption of innocence." Id. at 246.

Like in Dove, the proposed hypothetical assumes the guilt of the hypothetical person involved by stating that the person "wanted to entice Flo, my Deputy Clerk, to eat a piece of chocolate candy even though the person knows that Flo is on a strict diet" and showed up at Flo's workplace with chocolate and flowers. This example risks diluting Mr. Bright's presumption of innocence because it assumes guilt of a hypothetical person in a position analogous to Mr. Bright. And while the hypothetical offers a possible defense–that the hypothetical person "simply wanted to deliver candy and a rose to Flo"–this defense does not cure the prejudice of the guilt-assuming portion of the hypothetical and only undermines Mr. Bright's actual defense–that he never expressed an interest in enticing actual children into sexual activity and that he showed up to the meeting with the undercover with the intent to record and later report her.

---

[1] The hypothetical addressed in Dove:

> "Now, to illustrate the difference between direct and circumstantial evidence, let us assume that the fact in issue in a case is whether Jack shot and killed Mary. If a witness testified that he personally saw Jack shoot Mary, then we would say we have direct evidence of that fact. On the other hand, if a witness testifies that an hour before Mary was shot he sold Jack the pistol which has been identified as the murder weapon, and it was found in Jack's possession shortly after the murder, we would say we have circumstantial evidence of the fact that Jack did shoot Mary. That, as I say, is a very simple illustration and has no direct bearing on this case at all, but is illustrative of what I mean by circumstantial evidence." Dove 916 F.2d at 44.

      We also object to the proposed hypothetical because it uses a person known to the jurors who is part of Court staff in a scenario that minimizes the serious nature of the charges–i.e. enticing a person to eat chocolate candy.

      The Court's proposed jury instruction, without the hypothetical, is consistent with the instruction on Attempt in Sand, *Modern Federal Jury Instructions*. It is also consistent with Model and Pattern Jury Instructions in the 8th, 11th, and 9th Circuits. Finally, at Mr. Bright's first trial, a supplemental instruction on attempt, incorporated in the current proposed instruction *without* the hypothetical, was provided to the jury after they requested additional clarification on the charge. Significantly, after receiving this instruction, the jury did not request additional clarification which suggests that the instruction was sufficiently clear.

Dated:    March 12, 2020
             New York, New York

                                            Respectfully Submitted,

                                            /s/ Zawadi Baharanyi
                                            Zawadi Baharanyi
                                            Amy Gallicchio