

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 12, 2020

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:  ***United States v. Peter Bright***,
>       19 Cr. 521 (PKC)

Dear Judge Castel:

The Government respectfully writes to respond to defendant Peter Bright's proposed modification to page 24 of the Court's draft jury instructions dated March 10, 2020 (the "Instructions"). (Docket Entry 69 (the "Letter") at 1).[1] In particular, Bright proposes adding a sentence to the Court's explanation of the second element of the charged crime, so that it would read as follows (Bright's proposed addition in boldfaced red italics):

> The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly persuaded, induced, enticed, or coerced someone to engage in sexual activity, or that he attempted to do so. The government does not have to prove that the defendant communicated directly with the person. Communication with a third party whose role was to persuade, induce, entice, or coerce the person is sufficient to establish this element.
>
> To act knowingly is to act voluntarily and purposely and not by mistake or accident. The terms persuade, induce, entice, or coerce are words of common usage and you should apply their common or everyday meaning to the evidence in this case. ***To be clear, merely asking someone to***

---

[1] Bright also proposes removing the proposed hypothetical on page 26 of the Court's draft jury instructions. (Letter at 1–3). The Government agrees. (Docket Entry 68 at 2–3 & n.3).

The Honorable P. Kevin Castel
March 12, 2020
Page 2 of 4

> ***engage in sexual activity, without more, is insufficient. There must be some effort on the part of the defendant to convince or influence the minor into sexual activity whether directly or through communication with a third party.*** Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Rarely is direct proof of state of mind available, and direct proof is not required. However, you do have before you evidence of certain acts alleged to have taken place and certain physical evidence that can help you infer what was going on in someone's mind.
>
> Any one of these items—persuade, induce, entice, or coerce—suffices for the purpose of the statute provided that all the other elements of the crime are also proven. The law does not require that any "sexual activity" actually occur if a person knowingly persuades, induces, entices, or coerces a person to engage in any sexual activity. For example, one could knowingly entice a person to eat a piece of chocolate candy even though the person never eats the candy.

(Instructions at 24–25; Letter at 1).

The Government respectfully objects to Bright's proposed addition. The Court's proposed instruction: (1) tracks the language of the statute, *see* 18 U.S.C. § 2422(b) ("knowingly persuades, induces, entices, or coerces any individual …"); (2) mirrors the model jury instructions, *see Sand*, Modern Federal Criminal Jury Instruction 64-13 ("The words persuade (*or* induce *or* entice *or* coerce) should be given their ordinary meanings."); and (3) comports with common sense. The proposed addition would only serve to confuse the jury without adding anything to the mix.

The Second Circuit has explained, in the context of a vagueness and overbreadth challenge to 18 U.S.C. § 2422(b), that "[t]he words 'attempt,' 'persuade,' 'induce,' 'entice,' or 'coerce,' though not defined in the statute, are words of common usage that have plain and ordinary meanings." *United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007). While the Second Circuit admitted that "there may be some uncertainty as to the precise demarcation between 'persuading,' which is criminalized, and 'asking,' which is not," it ultimately concluded that "the statute's terms are sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct." *Id.*[2] In construing similar language in 18 U.S.C. § 2251(a),

---

[2] As the First Circuit succinctly explained, Section 2422(b) "criminalizes an intentional attempt to achieve a *mental* state—a minor's assent—regardless of the accused's intentions vis-à-vis the actual consummation of sexual activities with the minor." *United States v. Dwinells*, 508 F.3d 63, 71 (1st Cir. 2007).

The Honorable P. Kevin Castel
March 12, 2020
Page 3 of 4

the Second Circuit noted that "persuade," "induce," and "entice" are all "words of causation; the statute punishes the cause when it brings about the effect." *United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010); *see also, e.g.*, *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004) (defining "induce" in Section 2422(b) to mean "[t]o stimulate the occurrence of; cause." (quoting The American Heritage Dictionary of the English Language 671 (William Morris ed., Houghton Mifflin Co. 1981)). Indeed, "convincing" someone—to use the word Bright seeks to be inserted—is part and parcel of "persuade"; as the Second Circuit set forth:

> "Persuade," "induce," and "entice" are in effect synonyms. *See* The Random House Dictionary of the English Language 1076 (unabridged ed. 1971). The idea conveyed is of one person "lead[ing] or mov[ing]" another "by persuasion or influence, as to some action, state of mind, etc." or "to bring about, produce, or cause." *Id.* at 726 (defining "induce"); *see also id.* at 476 (defining "entice" as "to draw on by exciting hope or desire; allure"); *id.* at 1076 (defining "persuade" to mean "to prevail on (a person) to do something, as by advising, urging, etc." or "to induce to believe; convince").

*Broxmeyer*, 616 F.3d at 125. The concern here is fourfold. *First*, the proposed amendment would confuse jurors to tell them—accurately—that "[t]he terms persuade, induce, entice, or coerce are words of common usage and you should apply their common or everyday meaning to the evidence in this case,"[3] Instructions at 24, and the proceed to define and clarify the terms that the Court just explained should be applied based on their "common or everyday meaning." *Second*, the proposed amendment would further confuse jurors to discuss the concept of "persuade, induce, entice, or coerce," then throw in the concept of "convince or influence," only to return to the original concept of "persuade, induce, entice, or coerce" for the rest of the instructions. *Third*, the proposed amendment does not add to the jurors' understanding of the concept of "persuade, induce, entice, or coerce," which does not include mere "asking" in its four corners, and which is "sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct." *Gagliardi*, 506 F.3d at 147. *Fourth*, the proposed amendment reduces the power of the idea of "enticement" by emphasiz-

---

[3] The Court is correct. *See Gagliardi*, 506 F.3d at 147 ("The words 'attempt,' 'persuade,' 'induce,' 'entice,' or 'coerce,' though not defined in the statute, are words of common usage that have plain and ordinary meanings.").

The Honorable P. Kevin Castel
March 12, 2020
Page 4 of 4

ing "convincing," which implies overcoming some level of resistance. *See*, *e.g.*, Merriam-Webster Online (defining "convince" as: (1) "to bring (as by argument) to belief, consent, or a course of action"; and (2) "to overcome by argument").[4]

Simply put, the Second Circuit has recognized that "[t]he words 'attempt,' 'persuade,' 'induce,' 'entice,' or 'coerce,' though not defined in the statute, are words of common usage that have plain and ordinary meanings," and that "the statute's terms are sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct." *Gagliardi*, 506 F.3d at 147. This Court has agreed, proposing to tell the jury that the "terms persuade, induce, entice, or coerce are words of common usage and you should apply their common or everyday meaning to the evidence in this case," Instructions at 24, to which instruction Bright has not objected. There is no reason to try to define for the jury words that the Second Circuit and this Court have recognized the jury can understand on its own.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

by:  _____
Alexander Li
Michael D. Maimin
Assistant United States Attorneys
(212) 637-2265 / (914) 993-1952

cc:   Amy Gallicchio, Esq. (via electronic mail and ECF)
      Zawadi Baharanyi, Esq. (via electronic mail and ECF)

---

[4] https://www.merriam-webster.com/dictionary/convince.  Merriam-Webster Online notes that the second definition is "obsolete."