UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                            19-cr-521 (PKC)

                                                                            OPINION
                                                                          AND ORDER

         -against-

PETER BRIGHT,

                       Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.:

On March 16, 2020, a jury returned a unanimous verdict against defendant Peter Bright, convicting him of one count of attempted enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b).  (See Trial Tr. at 658.)  At the close of the government's case, defense counsel moved for a judgment of acquittal pursuant to Rule 29(a), Fed. R. Crim. P., asserting that the government failed to meet its burden of proving every element of the charged offense.  (Trial Tr. at 299.)  The Court denied the motion.  (Id. at 300.)  Before the Court is Bright's renewed Rule 29 motion for a judgment of acquittal.  (Doc 87.)  For the reasons set forth below, Bright's motion will be denied.

BACKGROUND

Peter Bright was charged with one count of attempted enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).  (Indictment (Doc 9).)  Bright was first tried before a jury beginning on February 11, 2020.  (See Feb. 11, 2020 Tr. (Doc 55).)  The jury could not reach a unanimous verdict, and the Court declared a mistrial.  (See

Minute Entry of Feb. 19, 2020). Bright was re-tried before a jury beginning on March 10, 2020. (See Docs 75, 77, 79, 81, 83 (collectively, "Trial Tr.").) On March 16, 2020, the jury returned a guilty verdict. (Trial Tr. at 658.)

The government's evidence at trial consisted, inter alia, of testimony of four witnesses, including Special Agent Elizabeth Jensen of the FBI, who had posed as "Liz," a "mother" of two young "children"—a purported 9-year-old named Brayden and a purported 7-year-old named Kayla—on KinkD, a kink and fetish-oriented dating application for adults, where Bright initially contacted her (Jensen Dir., Trial Tr. at 29-35; 37-47); hundreds of messages exchanged between Bright and Special Agent Jensen on WhatsApp, a messaging application, in which Bright explicitly detailed what he wanted to "teach" the purported children about sexual activity, and how he would engage in sex acts with them (see Gov't Ex. 3A; Jensen Dir., Trial Tr. at 48-52, 79-80);[1] a recorded phone conversation between Bright and Special Agent Jensen (see Gov't Ex. 5, 5-T); a recording of Bright's meeting with Special Agent Jensen immediately preceding his arrest (see Gov't Ex. 6, 6-T); and a recording of Bright's post-arrest interview with FBI agents (see Gov't Ex. 9, 9-T). Some of the messages exchanged between Bright and Special Agent Jensen were images; these included a picture of Bright's penis, sent by Bright (Gov't Ex. 3A at 78-79; Gov't Ex. 3J), a photograph of Bright's sexually transmitted disease test results, sent by Bright (Gov't Ex. 3I), and pictures of the purported children, sent by Special Agent Jensen (see, e.g., Gov't Ex. 3A at 75-76; Gov't Exs. 3D, 3K, 3L, 3N).

The government also offered and the Court admitted evidence of Bright's prior statements in chat messages and Twitter posts that the government asserted had bearing on Bright's intent at the time of the charged conduct. (See Trial Tr. at 279.) These statements

---

[1] As Bright testified at trial, he understood the words "'teaching,' and 'lessons,' and 'education'" used in his communications with "Liz" to be "euphemisms for sex." (Bright Dir., Trial Tr. at 417.)

included Bright's musings about "bon[ing] a 15 year old girl" (Gov't Ex. 42), "jailbait on [a] flight" (Gov't Ex. 47), and that "age-based rape laws (rather than consent-based) are stupid." (Gov't Ex. 46.)  Bright had also previously exchanged messages with a 17-year-old girl and a 14-year-old girl, who he believed were sisters.  (Trial Tr. at 374.)  In his post-arrest interview, Bright stated that the 14-year-old sent him a picture of herself dressed in "panties and a t-shirt." (Gov't Ex. 9, 9-T.)

Bright testified on his own behalf at trial.  (Bright Dir., Trial Tr. at 333-34.)  The defense also called Dr. James Cantor, a clinical psychologist and sex researcher.  (Cantor Dir., Trial Tr. at 301-307.)  Over the objection of the government, the Court allowed Dr. Cantor to testify about the practice of "age play," a type of sexual role playing whereby consenting adult "participants are pretending that they're a different age than what they are; typically, it's younger . . . ."  (Cantor Dir., Trial Tr. at 310.)  Bright testified that he is an "age player;" that based on her KinkD profile, he believed that "Liz" (Special Agent Jensen) was looking to engage in age play; and that the "children" she mentioned were actually adults who would regress to the age of minors in the context of age play scenarios.  (Bright Dir., Trial Tr. at 379-83; Bright Cross, Trial Tr. at 486-87.)

Bright further testified that when "Liz" sent him pictures of what appeared to be real children, he became worried that she was "a scammer or a child molester" and decided to "play along and get some evidence" to report to law enforcement.  (Bright Dir., Trial Tr. at 448-49; Bright Cross, Trial Tr. at 509-510.)  Bright arranged to meet "Liz" on May 22, 2019 at Duane Park in Manhattan, and made a recording of this meeting.  (Jensen Dir., Trial Tr. at 74-75; Bright Dir., Trial Tr. at 458-59, 473-79; Gov't Ex. 6, 6-T.)  Bright was arrested by FBI agents as

he and "Liz" walked toward what was purported to be the apartment where "Liz" and the "children" lived.  (Jensen Dir., Trial Tr. at 77-79; Gov't Ex. 6, 6-T.)

DISCUSSION

Rule 29(a), Fed. R. Crim. P. provides, in relevant part: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  A defendant may renew such a motion after the jury returns a guilty verdict.  Rule 29(c), Fed. R. Crim. P.  "A Rule 29 motion should be granted only if the district court concludes there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt."  United States v. Irving, 452 F.3d 110, 117 (2d Cir. 2006) (internal quotation marks and citation omitted).  On a Rule 29 motion, a defendant "carries a heavy burden, and must show that when viewing the evidence in its totality, in a light most favorable to the government, and drawing all inferences in favor of the prosecution, no rational trier of fact could have found him guilty."  Id.; United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009) ("[A] reviewing court must . . . uphold the conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'") (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)).  The Court will not "replace the jury's credibility determinations with [its] own," United States v. James, 239 F.3d 120, 124 (2d Cir. 2000) (internal quotation marks and citation omitted), and "defer[s] to the jury's evaluation of the credibility of the witnesses, its choices between permissible inferences, and its assessment of the weight of the evidence."  United States v. Jones, 482 F.3d 60, 68 (2d Cir. 2006).

The charged crime of attempted enticement of a minor to engage in illegal sexual activity, 18 U.S.C. § 2422(b), requires proof "that an individual (i) used a facility of interstate

commerce; (ii) to knowingly persuade, induce or entice, or to attempt to persuade, induce or entice; (iii) any individual who is younger than eighteen-years old; (iv) to engage in sexual activity of a criminal nature." United States v. Brand, 467 F.3d 179, 201-202 (2d Cir. 2006). "A conviction under § 2422(b) requires a finding only of an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion." Id. at 202.

After the close of the government's case at trial, Bright's counsel moved for a judgment of acquittal on the basis of insufficient evidence as to the second element of the crime, the knowing enticement requirement:

> MS. BAHARANYI:   We would, at this time, move for a judgment of acquittal - the basis being: Even viewing the evidence in the light most favorable to the government, there's not sufficient evidence that Mr. Bright ever attempted to persuade or induce the children through the mother. There's no evidence that he ever tried to send photos to the children, or ask that photos be sent to the children, that he ever offered anything to the children, offered any promises, or money of the sort. And, in fact, the evidence shows that the mother already had some preexisting plan involving these children and other teachers.
>
> The evidence, in the light most favorable to the government, shows only that Mr. Bright would have been joining some preexisting plan other than inducing children to do something that they weren't already being encouraged to do.
>
> For that reason, we would ask that the Court grant this Rule 29 motion.

(Trial Tr. at 299.)  The government responded:

> MR. LI:   [T]he law permits the government to prove its case by showing that the defendant attempted to persuade the children through a third party, in this case, the mother. The defendant engaged in extensive discussions with the mother about specific sexual acts he wanted to undertake with the children, including putting a finger in the girl or a toy in the girl, and, through the mother, he attempted to persuade the children to engage in those sexual activities.
>
> MR. MAIMIN:   And I think that it bears addition that, in the conversations that he had, he made clear that he was going to do things to help make them comfortable with it. He said he wanted to meet with them in advance so he could figure out what their comfort level was, how far they wanted to go, and he discussed how he would teach them so that they could learn, which would be,

>presumably, an incentive, at least from his mind, to them to learn to engage in adult sexual acts.

(Id. at 299-300.)  The Court denied the motion.  (Id. at 300.)  Bright's renewed Rule 29 motion does not raise any additional basis for a judgment of acquittal, but instead "rest[s] on the existing record."  (Doc 87.)

Bright has not met his "heavy burden" of establishing that no reasonable trier of fact could have found him guilty based on the evidence adduced at trial.  The government's evidence was sufficient to sustain a conviction.[2]  Testimony and documentary evidence introduced at trial—namely, the text messages between Bright and "Liz"—show that Bright (1) told "Liz" of specific "lesson" plans to engage in sexual activity with a purported 9-year-old boy and 7-year-old girl (Jensen Dir., Trial Tr. at 49-52; Gov't Ex. 3A at 9-12, 46-50, 130-31); (2) continued to exchange sexually explicit images and messages with "Liz" even after he formed the belief that "Kayla" and "Brayden" were actual children, and not adults regressing to the ages of minors in the context of an age-playing scenario (Bright Cross, Trial Tr. at 514-24; Gov't Ex. 3A at 75-83); (3) continued to set up a meeting with "Liz" after having formed this belief (Jensen Cross, Trial Tr. at 170-76; Bright Cross, Trial Tr. at 525-27); (4) went to Duane Park to meet "Liz" (Jensen Dir., Trial Tr. at 74-78; Bright Dir., Trial Tr. at 458, 473-79; Gov't Ex. 6, 6-T); and (5) proceeded to walk toward "Liz's" apartment where the "children" would be (Jensen Dir., Trial Tr. at 76-78; Bright Cross, Trial Tr. at 532-33; Gov't Ex. 6, 6-T).  A reasonable juror could conclude, based on this and other evidence, that Bright attempted to entice a minor to engage in illegal sexual activity.  The jury was free to credit the testimony of the government's witnesses, and disbelieve Bright.  The Court will not supplant "the jury's evaluation of the credibility of the

---

[2] The citation to particular evidence or testimony is illustrative and is not intended to imply that it is the only evidence to support the statement.

witnesses, its choices between permissible inferences, and its assessment of the weight of the evidence." Jones, 482 F.3d at 68.

That Bright did not communicate directly with a minor is immaterial to the sufficiency of the evidence against him at trial. The Second Circuit has held that a person "may commit criminal enticement pursuant to [section] 2422(b) by communicating with an adult guardian of a minor." United States v. Douglas, 626 F.3d 161, 164-65 (2d Cir. 2010) (per curiam); see also United States v. Cade, 452 F. App'x 47, 49 n.1 (2d Cir. 2011) (summary order) (citing Douglas: "There is no question that one can entice a minor to engage in unlawful sexual activity within the meaning of [section] 2422(b) through a third-party intermediary."). Bright's communications with "Liz," therefore, were sufficient.

Bright's argument that he did not induce the purported children to engage in sexual activity because they were already being encouraged to engage in such activity by their "mother" is also unavailing. First, a reasonable juror could have concluded, based on the government's evidence at trial, that it was Bright who developed a plan for "teaching" the purported children. (See, e.g., Gov't Ex. 3A at 46-50, 68-70.) Second, even if "Liz" had been engaging in such illegal sexual activity with the "children," as she messaged Bright about having done (see id. at 9-11; Bright Dir., Trial Tr. at 410-11), this does not mean that Bright's encouragement of "Liz" to make them available for "teaching" was not also persuasion or inducement of the "children" through the "mother." Bright does not cite authority, nor is the Court aware of any, for the proposition that a third-party's (i.e., "Liz's") participation in a preexisting plan to entice minors in violation of 18 U.S.C. § 2422(b) forecloses the possibility that the charged defendant could be guilty of the substantive crime by offering further persuasion, inducement, or enticement to the third party to obtain the participation of the minors.

Indeed, in Douglas, the Second Circuit affirmed the district court's determination that the defendant could commit criminal enticement of a minor pursuant to 18 U.S.C. § 2422(b) by communicating with an undercover agent posing as a mother to a minor daughter. 626 F.3d at 162-64. There, the "mother" told the defendant that she felt guilty about deciding to "train" her 13-year-old daughter as a sex slave; exchanged messages with the defendant about how he would "train" the "daughter," including about the defendant's prior experience with "training" other minors; and the defendant offered to help with the "mother's" expenses in bringing the "daughter" to meet the defendant. Id. at 162-63. Here, Bright sought to persuade "Liz" that he would be an experienced and able "teacher" of sexual activity to the minor "children," and that she should arrange for him to be the one to "teach" them. (Gov't Ex. 3A at 2-6, 8-16, 19-24, 26-30, 46-50.) A reasonable jury could conclude that such conduct, in the context of Bright's other activities, amounted to the charged criminal conduct.

CONCLUSION

For these reasons, the Court finds that there was sufficient evidence for a reasonable jury to conclude that Bright attempted to entice a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). The defendant's motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P. is DENIED. The Clerk is respectfully directed to terminate the motion (Doc 87).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 16, 2020