# Inner City Press

November 2, 2020

By E-mail to castelnysdchambers@nysd.uscourts.gov

Hon. P. Kevin Castel, United States District Judge
Southern District of New York, 500 Pearl Street New York, NY 10007

Re: Press Access to documents in US v. Bright, 19-cr-521 (PKC)

Dear Judge Castel:

   On behalf of Inner City Press and in my personal capacity, I have been covering the above-captioned case since before the first trial, and since. This is a timely request to intervene / to unseal the sentencing submission, including but not limited to Exhibit A withheld in full (arguing that the defendant is not a pedophile and not a danger to the community).

   Even in the sentencing submission, the entirety of page 2 (other than the header, "Mr. Bright Is Not A Pedophile") is redacted. It should be unredacted, at least in part.

   This type of information, clearly judicial documents, should not be withheld, must less in full.

   Inner City Press has covered this case throughout, see InnerCityPress.com and, e.g., https://www.dailydot.com/debug/peter-bright-guilty/

   As the Court is aware, the public and the press have a presumptive First Amendment and common law right of access to criminal proceedings and records. See Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986)

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008).

   If deemed necessary, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

P. Kevin Castel, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to the heard on/and the unsealing of documents filed and/or submitted in 19-cr-521 (PKC) and the Court's inherent power, and such other and further relief as the Court deem just and proper.

Inner City Press is a proper intervenor, which has covered the underlying case, see, e.g., https://www.dailydot.com/debug/peter-bright-guilty/ Inner City Press has no parent company or equity stock, and no financial interesting in the outcome of this case.

Here, the requested sealing(s) and withholdings go entirely beyond those requested even in the CIA trial before Judge Crotty, US v. Schulte, 17 Cr. 548.

In that case, Inner City Press vindicated the public's right to know, in the docket, see https://twitter.com/big_cases/status/1232758559408087041 and https://www.usatoday.com/documents/6786787-Docket-Annotation

See also Inner City Press' May 9, 2020, filing for openness in US v. Randall, 19-cr-131,  No. 343, and, before your Honor, in US v. Griffith, 20-cr-15 (PKC),

And see Judge Furman's Order in US v. Avenatti, 19-cr-374, docket no. 85, granting application, https://beta.documentcloud.org/documents/20385957-mrl1furmanavenattisdny082820

The U.S. Supreme Court has recognized that reporting by the news media allows members of the public to monitor the criminal justice system without attending proceedings in person. Richmond Newspapers, Inc. v Virginia, 448 U.S. at 572-73 (1980). By attending and reporting on court proceedings, members of the press "function[] as surrogates for the public." Id. at 573.

A motion to intervene is the appropriate device to assert the right of access, the Second Circuit has recognized for example in US v. King, 140 F.3d 76, 78 (2d Cir. 1998).

The documents including electronic documents at issue here should not be sealed and should be made available, forthwith. ("Each passing day [that access is denied] may constitute a separate and cognizable infringement of the 1st Amendment," Nebraska Press Association v. Stuart, 427 U.S. 539, 580 (1976)). Here, the sentencing is set for November 4 and, Inner City Press, the information should be unsealed / unredacted before then if at all possible.

Please confirm receipt & docket this timely responsive filing. Thank you.
Respectfully submitted,

/s/

Matthew Russell Lee, Esq., Inner City Press

cc: Amy_Gallicchio@fd.org, Michael.Maimin@usdoj.gov