**MANDATE**

20-3792
*United States v. Bright*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-two.

PRESENT: GERARD E. LYNCH,
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
*Circuit Judges*.

_____

United States of America,

        *Appellee*,

v.                    No. 20-3792

Peter Bright,

        *Defendant-Appellant*.

_____

FOR APPELLANT: DANIEL HABIB, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

FOR APPELLEES: ALEXANDER LI, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Damian

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 17 2022

**MANDATE ISSUED ON 03/17/2022**

Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Peter Bright appeals from a judgment of conviction entered in November 2020 in the Southern District of New York following a trial in which the jury found Bright guilty of one count of attempted enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2422(b) and 2. On appeal, Bright challenges several of the district court's pretrial rulings, which we address in turn. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Bright first argues that the district court deprived him of an impartial jury when it, by his account, refused to ask prospective jurors about their possible prejudices against people who pursue nonconventional sexual practices and fetishes, including age-based role play – sometimes referred to as "age play" – with

sufficient specificity. District courts have broad discretion as to the form and number of questions to be asked during voir dire, *see Ham v. South Carolina*, 409 U.S. 524, 527 (1973); *United States v. Taylor*, 92 F.3d 1313, 1324 (2d Cir. 1996), and this Court "will not interfere with the manner in which" voir dire was conducted unless the trial court committed a "clear abuse of discretion," *United States v. Barton*, 647 F.2d 224, 230 (2d Cir. 1981). As we recently noted in *United States v. Diaz*, we have never reversed a conviction for the failure to ask a particular question of prospective jurors. 854 F. App'x 386, 389 (2d Cir. 2021).

But even assuming arguendo that the district court was required to question jurors about the potential biases that Bright identifies, the record reflects that the court did, in fact, do so. During voir dire, the court described the non-conventional sexual practice that Bright was concerned about – "age-based role play" – nearly verbatim from his definition of the term, and it asked potential jurors whether evidence involving age play would "prevent [them] from being . . . fair and impartial juror[s] in deciding this case." App'x at 136–37. Although Bright argues that the court should have asked more specific questions about Bright's own interest in age play and any perceived connections between age play and pedophilia, no greater specificity was needed to "cover the subject" of prejudice

3

against age play, which is all the Supreme Court requires. *See Aldridge v. United States*, 283 U.S. 308, 311 (1931) (finding reversible error when trial court "failed to ask any question which could be deemed to cover the subject" of racial prejudice); *see also Rosales-Lopez v. United States*, 451 U.S. 182, 185–86 (1981) (finding no error where court asked potential jurors about general bias against "aliens" rather than about the Mexican heritage of that defendant); *Taylor*, 92 F.3d at 1324. Bright has not shown that the district court's failure to elicit the exact information he desired "render[ed] [his] trial fundamentally unfair," and his challenge therefore fails. *Mu'Min v. Virginia*, 500 U.S. 415, 425–26 (1991); *United States v. Barnes*, 604 F.2d 121, 137–38 (2d Cir. 1979) ("The standard set by the [Supreme] Court, which remains the standard today, is that the trial court's discretion must be exercised consistent with the 'essential demands of fairness.'" (quoting *Aldridge*, 283 U.S. at 310)).

Next, Bright challenges the district court's decision to exclude the testimony of Bright's expert regarding the lack of connection between age play and pedophilia. "[W]e review a district court's decision to admit or exclude expert testimony for an abuse of discretion," *United States v. Lee*, 723 F.3d 134, 143 (2d Cir. 2013), and will find such abuse only where "the decision to admit or exclude expert scientific testimony was manifestly erroneous," *United States v. Jones*, 965 F.3d 149,

4

162 (2d Cir. 2020).

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony and requires, among other things, that such testimony be "the product of reliable principles and methods." "While the proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied, the district court is the ultimate gatekeeper" and must ensure that expert testimony is both reliable and relevant. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (internal quotation marks and citations omitted).

As the district court noted, although Bright established Dr. Cantor's extensive experience in researching and treating pedophiles, he failed to disclose a reliable methodology supporting Dr. Cantor's proposed testimony about the lack of connection between age play and pedophilia. Indeed, Bright did not provide any details about Dr. Cantor's professional experience counseling patients who engaged in age play, or how he determined whether those individuals were sexually attracted to children. And as Dr. Cantor later admitted at trial, he had never conducted or reviewed any research on age play and had never examined Bright personally. We thus find no abuse of discretion in the district court's

5

decision to exclude this testimony.

Finally, Bright challenges the admission of certain evidence under Rule 404(b) of the Federal Rules of Evidence.  We review the district court's admission of evidence under Rule 404(b) "for abuse of discretion, which we will find only if the [court] acted in an arbitrary and irrational manner."  *United States v. Lombardozzi*, 491 F.3d 61, 78–79 (2d Cir. 2007).[1]

Under Rule 404(b), evidence of a prior act is inadmissible to prove a defendant's propensity to commit a charged offense, but may be admissible for other purposes, including proving his intent.  We will find evidence admissible under Rule 404(b) so long as it is (1) "introduced for a proper purpose," (2) "relevant to the charged offense," (3) not substantially more prejudicial than probative, and (4) "admitted with a limiting instruction if requested."  *United States v. Rutkoske*, 506 F.3d 170, 177 (2d Cir. 2007).  Evidence is relevant to the charged offense if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

---

[1] Some of Bright's admitted statements may not have required consideration under Rule 404(b), but we need not explore that issue further, because the district court did not abuse its discretion in admitting the statements under the more stringent requirements of Rule 404(b).

6

than it would be without the evidence," including where there is "a similarity or some connection" between the charged conduct and the prior conduct. *United States v. Brand*, 467 F.3d 179, 197 (2d Cir. 2006) (quoting Fed. R. Evid. 401) (internal quotation marks omitted), *abrogated on other grounds by United States v. Cabrera*, 13 F.4th 140, 147 (2d Cir. 2021).

Bright argues that most of the challenged statements – including prior statements that Bright made in private online chats, public Twitter posts, and in his post-arrest statement about private messages with a 14-year-old girl – were irrelevant because they were "insignificant" and "unrepresentative" comments concerning teens rather than serious expressions of sexual interest in pre-pubescent children, Bright Br. at 66; he thus contends that these statements did not cover material "sufficiently similar to the conduct at issue," *id.* at 63 (quoting *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011)). Although Bright suggests that there is no direct connection between this evidence and the crime charged here, "[e]vidence of other acts need not be identical to the charged conduct to show knowledge or intent pursuant to Rule 404(b), so long as the evidence is relevant in that it provides a reasonable basis for inferring . . . intent." *United States v. Cadet*, 664 F.3d 27, 32–33 (2d Cir. 2011). As the district court determined, Bright's prior

7

statements about his attraction to minors and distaste for age-based rape laws, along with his admittedly "flirty" chats with a 14-year-old, App'x at 85, were "sufficiently relevant and probative evidence" of a key issue in the case: Bright's intent to engage in sexual activity with real minors and not, as he asserted at trial, an intent either to engage in such conduct with adults pretending to be minors or to investigate the abuse of minors, *id.* at 74; *see Brand*, 467 F.3d at 197 (finding that defendant's possession of child pornography "made it more probable . . . than it would be without the evidence . . . that [he intended] to . . . engage in illicit sexual activity and to attempt to entice a minor to engage in sexual activity" rather than his "conten[tion] at trial" that he merely "intended to engage" in "some more innocuous" noncriminal act (internal quotation marks and citations omitted)).

Bright further argues that it was error for the district court to admit his post-arrest statement about his discussions with a 17-year-old girl who intimated that she had engaged in prostitution. The government offered this evidence to rebut Bright's assertion that his meeting with the undercover officer was actually motivated by his desire to assist law enforcement in identifying and prosecuting a woman who he believed was exposing children to sexual abuse. Bright argues that the government's purported purpose "was attenuated and weak," and the

8

limiting instruction about that evidence was unclear. Bright Br. at 67–68. But evidence concerning Bright's prior decision not to report a sex crime to police was directly relevant to his asserted defense that he intended to gather evidence to assist law enforcement in prosecuting sex offenses. And this evidence was not substantially more prejudicial than probative, particularly in light of the court's instruction that jurors could consider this evidence only for "the limited question of [Bright's] intent at the time of the crime charged." App'x at 518.[2]

Bright argues that the passage of time should also weigh against the probity of his statements, as they occurred between six and ten years before the charged conduct. But we recognize no "bright-line rule as to how old is too old" – rather, we evaluate admission on a case-by-case basis, weighing all evidence "for relevance and reliability." *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997). Here, all of the statements were reliable, admitted for a proper purpose, relevant to Bright's intent to commit the charged offense, and more probative than

---

[2] Bright now argues that this instruction should have been more specific, but he did not object to it at trial or request a clarifying instruction, so we review for plain error. *See United States v. Paulino*, 445 F.3d 211, 216 n.1 (2d Cir. 2006). Bright fails to show how the asserted lack of specificity "affected his substantial rights or seriously affected the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.* (internal quotation marks, citation, and alterations omitted). We therefore find no plain error.

9

prejudicial – particularly in light of the district court's limiting instructions. *See Rutkoske*, 506 F.3d at 176–77. We therefore conclude that the district court did not err in admitting this evidence.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10