22-cv-8847 (PKC) (SN)  Peter Bright vs United States          2022-12-17
19-cr-0521 (PKC)        United States vs Peter Bright

Dear Judge Castel:

The government has asked for a 45-day extension to the December 19, 2022 deadline for its response to my § 2255 petition. Naturally, I am eager to have this petition adjudicated as soon as possible. As such, I am disappointed that the government chose to wait 40 days into its 60-day reply window to make this request; Mr Li's death penalty trial surely did not come as a surprise, and so the need for a new prosecutor, with the additional time that might require, should have been apparent much earlier.

However, given the apparent need for a delay, I wish to renew my request for the appointment of counsel, so that this delay can at least serve a dual purpose, viz. that it provide an opportunity for my counsel to get up to speed with the trial record in parallel to the government's so-doing.

I do not believe that appointing counsel at this stage would be premature; in making its assignment to Magistrate Judge Netburn, the Court has already stated that this is a petition that must be judged on its merits (rather than facing summary dismissal due to an appeal waiver or out-of-time petition), and hence it seems more likely than not that an evidentiary hearing of some kind will be necessary. Such a hearing necessitates the appointment of counsel, and I am no more able to pay for private counsel now than I was when I was arrested. Appointing counsel now would streamline proceedings and reduce the likelihood of any further delays.

Respectfully,

Peter Bright

*[Handwritten annotation:]* For appointed of counsel

*[Handwritten ruling:]* Taking account of the factors in Cooper and Hodge, the petitioner has not demonstrated a need for the appointment of counsel. His motion is straightforward and well presented without prejudice. Motion DENIED. SO ORDERED. 1-3-23