UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PETER BRIGHT,

                Petitioner,                19-cr-521 (PKC)
                                                        22-cv-8847 (PKC)

           -against-                                           <u>ORDER</u>

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Peter Bright, proceeding <u>pro se</u>, moves for reconsideration of the Opinion and Order of December 12, 2024, which denied his motion for relief brought pursuant to 28 U.S.C. § 2255. (22 Civ. 8847, ECF 14.) The motion for reconsideration will be denied.

        "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." <u>Van Buskirk v. United Grp. of Companies, Inc.</u>, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

        The motion for reconsideration reargues matters that the Court addressed in its sixteen-page Opinion and Order. (<u>See</u> 22 Civ. 8847, ECF 13; 19 Cr. 521, ECF 123.) To the extent that Bright points to any issue not directly addressed in the Opinion and Order, including Bright's specific views on how the jury may have evaluated an entrapment defense, his views on

how the jury was misled about "the distinction between a regular journalist and an investigative journalist," his trial counsel's failure to highlight a government argument related to the placement of condoms on bananas that Bright urges amounted to an acknowledgement of reasonable doubt, and New York State pronouncements related to the onset of the Covid-19 pandemic, such matters do not alter the conclusions previously reached by the Court in its Opinion and Order.  See Shrader, 70 F.3d at 257.

>Bright also asserts that the Court erred in its analysis of whether his trial counsel performed reasonably pursuant to Strickland v. Washington, 466 U.S. 668 (1984), because it described the strategic weaknesses of an entrapment defense without an explanation from counsel about her own thought process.  But in conducting a Strickland analysis, "a court must indulge the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment" and "to affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did."  Cullen v. Pinholster, 563 U.S. 170, 196 (2011) (quotation marks, citations and brackets omitted; emphasis added).  It is well-established that Strickland entails an objective analysis of counsel's performance and does not turn on subjective intent:

> Although courts may not indulge post hoc rationalization for counsel's decisionmaking that contradicts the available evidence of counsel's actions, neither may they insist counsel confirm every aspect of the strategic basis for his or her actions.  There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect.  After an adverse verdict at trial even the most experienced counsel may find it difficult to resist asking whether a different strategy might have been better, and, in the course of that reflection, to magnify their own responsibility for an unfavorable outcome.  Strickland, however, calls for an inquiry into the objective

> reasonableness of counsel's performance, not counsel's subjective
> state of mind.

Harrington v. Richter, 562 U.S. 86, 109-10 (2011) (quotation marks and internal citations omitted).

For the foregoing reasons, Bright's motion for reconsideration is DENIED. The Clerk is respectfully directed to terminate the motion (22 Civ. 8847, ECF 14) and to close the civil case, Bright v. United States of America, 22 Civ. 8847 (PKC).

Bright has not made a substantial showing of the denial of a constitutional right, and accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 1, 2025

COPY MAILED TO:

Peter Bright
Reg. No. 76309-054
FCI Petersburg Medium
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA  23804